UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 MAY -9 PM 4: 42

CLERK

BY_____

DEPUTY CLERK

| | |
|---|---|
| CAROLYN B. DUFFY and SARAH E. CUMMINGS, on behalf of themselves and all others similarly situated,<br>Plaintiffs<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Docket No. 1:12-CV-93

COMPLAINT

Nature of Action

1.     This is a class action for equitable relief and damages based on Defendants'

wrongful use of customer funds after they asked that such funds be returned or transferred.

Defendants compounded their wrongful conduct by compensating some customers but not others

for such use and by doing so on different bases.  Defendants' actions violate their fiduciary

duties and constitute prohibited transactions under the Employee Retirement Income Security

Act of 1974 (ERISA).  They also violate Defendants' fiduciary duties and constitute conversion

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

under common law, as well as unfair practices under the Vermont Consumer Fraud Act and similar "mini-FTC" acts in other states. On behalf of themselves and all others similarly situated, Plaintiffs seek equitable and legal relief under sections 502(a)(2) and 502(a)(3) of ERISA, together with statutory attorney's fees. Plaintiffs also seek compensatory and exemplary damages, as well as statutory attorney's fees, based on their common law and state statutory claims.

<u>Jurisdiction and Venue</u>

2.      Federal jurisdiction over Plaintiffs' ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States. Jurisdiction over Plaintiffs' state law claims is available under 28 U.S.C. § 1332(d)(2)(A), since Plaintiffs are citizens of a state different from at least one Defendant and, on information and belief, the amount in controversy for the class exceeds $5 million. Jurisdiction is also available under 28 U.S.C. § 1367, since such claims are so related to Plaintiffs' ERISA claims that they form part of the same case and controversy.

3.      Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise to Plaintiffs' claims occurred here.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 2 -

Parties

4.      Plaintiff Carolyn B. Duffy is a Professor of English in the Applied Linguistics Department at St. Michael's College. She is a resident of Hinesburg, Vermont. Professor Duffy was the account owner of a TIAA-CREF retirement account prior to May 2007. Amounts in Prof. Duffy's account were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

5.      Plaintiff Sarah Cummings is an Associate Professor of English in the Applied Linguistics Department at St. Michael's College. She is a resident of South Burlington, Vermont. Prof. Cummings was also the account owner of a TIAA-CREF retirement account at St. Michael's College prior to May 2007. Amounts in Prof. Cummings account were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

6.      Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and "nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

7.      The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 3 -

8.      Defendant College Retirement and Equities Fund ("CREF") is a New York non-profit membership corporation.  Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund.  Both Intervenor Duffy and Intervenor Cummings had retirement funds invested in CREF accounts.

9.      Defendant Teachers' Insurance and Annuity Association of America ("TIAA") is a stock life insurance company domiciled in New York.  Defendant TIAA offers a real estate fund to investors.  Both Intervenor Duffy and Intervenor Cummings had a portion of their retirement funds invested in TIAA's real estate fund.

10.     Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.

11.     Defendant TIAA-CREF Individual & Institutional Services, LLC, a Delaware limited liability company and a wholly-owned subsidiary of TIAA, holds the "gain" and "loss" accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

## Facts

12.     The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit-sharing plan under Section 401(k) of the Internal Revenue Code).



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

13.     Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

14.     In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily.  It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (i.e., a company offering investments in various mutual funds).

15.     TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts.  According to Defendant, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.

16.     Based on Defendant's position, the Plan was forced to obtain individual signatures to the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.

17.     Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

18.     Plaintiffs' written transfer requests, and those of almost all other St. Michael's College employees, were received by TIAA-CREF on April 27, 2007.  TIAA-CREF's prospectuses state that the funds will be transferred within seven days of the date such requests are received.

19.     The College and TIAA-CREF agreed that the accounts, including the Plaintiffs' accounts, would be valued as of May 1, 2007.  Neither Plaintiffs nor St. Michael's College ever



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 5 -

agreed that May 1, 2007, would be treated as the "Effective Date" or "Good Order Date" for purposes of a TIAA or CREF prospectus, such that TIAA-CREF would have seven days from May 1, 2007 to transfer the accounts.  Nor did Plaintiffs or St. Michael's College ever agree or understand that TIAA-CREF could retain investment gains earned on the accounts after May 1, 2007.

20.     Although TIAA-CREF received almost all of the written transfer requests from St. Michael's College on April 27, 2011, it did not cut or send out any checks until May 2, 2007. TIAA-CREF cut and sent out the checks for St. Michael's College plan participants over the course of the following four weeks.

21.     For example, TIAA-CREF did not cut a check for Prof. Duffy's account until May 9, 2007.  It did not cut a check for Prof. Cummings' account until May 7, 2007.  However, the checks which TIAA-CREF cut for Prof. Duffy and for Prof. Cummings both represented the value of their accounts as of May 1, 2007.

22.     Between May 1 and May 9, 2007, the funds in Prof. Duffy's account remained invested and the value of her account increased by more than one thousand dollars.  The TIAA-CREF check cut on May 9, 2007, represented only the value of Prof. Duffy's account as of May 1, 2007, however.

23.     During the period between May 1 and May 7, 2007, the funds in Prof. Cummings' account also remained invested and its value increased by several thousand dollars.  The TIAA-CREF check cut on May 7, 2007, represented only the value of her account as of May 1, 2007, however.

24.     TIAA-CREF never disclosed to Plaintiffs or the College that it had any policy, practice, or intention of using customer funds for its own benefit.

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 6 -

25.     Plaintiffs' rights with respect to their retirement funds are governed by the St.
Michael's College Plan Documents, ERISA and common law.  The St. Michael's College Plan
Documents neither state nor suggest that TIAA-CREF may use or retain investment earnings on
funds from a retirement account after a transfer or withdrawal request is received or that it may
invest or keep such funds invested for any purpose other than the account holder's benefit.  On
information and belief, there is no ERISA plan holding TIAA-CREF investments whose plan
documents so provide.  Even if there were such a plan, moreover, such use is prohibited by
ERISA and common law.

26.     At least from 2004 to 2008, TIAA-CREF had a widespread practice of investing
or keeping invested funds in customer accounts for periods up to four weeks or more after
transfer or withdrawal requests were received.  Investment earnings on such funds were not paid
to the account holder but were used by TIAA-CREF to satisfy its legal obligations to other
customers.  Amounts not used to satisfy such obligations were used to pay TIAA-CREF's
administrative expenses, including salaries and investment advisory fees.

27.     Recognizing that its use of customer funds raised serious legal concerns, TIAA-
CREF instituted a compensation program known as "Delayed Payment Interest" or "DPI" in
2005 or earlier.  TIAA-CREF did not disclose its DPI program to customers, either in its
prospectus or in connection with the payment itself.  Those customers who asked about such
payments were given scripted answers which were false or misleading.

28.     The DPI program was not administered in a uniform manner.  Although many
TIAA-CREF customers who suffered delays of more than three days received some interest
payment, certain customers (including the plaintiff in the related case of *Rink v. CREF,* No.
07-CI-10761 (Ky. Cir. Filed Oct. 29, 2007)) were instead offered their "lost investment



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 7 -

experience," on an *ad hoc* basis.  However, many other customers, including Plaintiffs

Cummings and Duffy, were not paid any compensation whatsoever.

Class Action Allegations

29.     Plaintiffs bring this action on behalf of themselves and as a class action under

F.R.Civ.P. 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9),
> whose mutual fund or money market accounts TIAA-CREF invested, kept
> invested, benefitted from, or otherwise used for purposes other than the
> benefit of the account holder after it received a written transfer or
> withdrawal request.

30.     The Class described in paragraph 28 above includes two subclasses.  Subclass A

consists of those whose accounts were subject to ERISA and which TIAA-CREF invested, kept

invested, benefitted from, or otherwise used for purposes other than the benefit of the account

holder for more than seven days after receiving a written transfer or withdrawal request.

Subclass B consists of those whose accounts were subject to ERISA and which TIAA-CREF

invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of

the account holder for more than three days after receiving a written transfer or withdrawal

request, and who were not paid their lost investment experience as a result of the delay.

Plaintiffs are members of the Class and of both Subclass A and Subclass B.

31.     Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period with

respect to Subclass A and Subclass B begins on the date TIAA-CREF initiated the practices

complained of in this action, since TIAA-CREF concealed such practices from class members.

In the event no fraud or concealment is found, the Class Period begins on August 17, 2003,

which is six years before the action in *Walker v. Teachers Insurance and Annuity Association of*



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

*America – College Retirement and Equities Fund (TIAA-CREF),* No. 1:09-CV-190 (D.Vt.), was filed.

32.    With respect to the class as a whole, the Class Period also begins on the date TIAA-CREF initiated the practices complained of in this action, since TIAA-CREF concealed such practices from class members. *See* 12 V.S.A. § 511. In the event no fraud or concealment is found, the Class Period begins on August 17, 2003, six years before the *Walker* action was filed.

33.    Plaintiffs do not know the exact number of Class Members, Subclass A Members, or Subclass B Members because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiffs believe there are at least 1.4 million members of the Class as a whole, at least 560,000 members of whom owned accounts covered by ERISA. The exact number of class members and their identities is known or may be ascertained by Defendants.

34.    The Class and Subclasses A and B are so numerous that joinder of all Members is impracticable.

35.    There are questions of law and fact common to the Class and to Subclasses A and B, including:

       a)    Whether TIAA-CREF has or had a practice of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;

       b)    When TIAA-CREF's practice began and what its exact nature was;

       c)    As to Subclasses A and B, whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 9 -

d) Whether TIAA-CREF's actions violated its fiduciary duties under common law;

e) Whether TIAA-CREF's actions constitute conversion or a similar common law tort;

f) Whether TIAA-CREF's actions violate the Vermont Consumer Fraud Act and similar "mini-FTC" statutes in other states, forbidding unfair practices in commerce;

g) Whether TIAA-CREF concealed its practices from Plaintiffs and other Class Members, thereby extending the statute of limitations under ERISA, common law, or any other relevant statute;

h) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for compensatory damages and, if so, in what amount;

i) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for disgorgement or other equitable remedies and, if so, in what amount;

j) Whether TIAA-CREF is liable to the St. Michael's College Plan in which Plaintiffs are participants, and to other ERISA plans in which Class Members are participants or beneficiaries and, if so, in what amount;

k) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for exemplary damages in addition to compensatory damages; and

l) Whether TIAA-CREF is liable to Plaintiffs and other Class Members for reasonable attorney's fees.

36. Plaintiffs are members of the Class. Their claims are typical of the claims of the Class Members, and Plaintiffs will fairly and adequately protect the interests of the Class.



gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 10 -

Plaintiffs closed their TIAA-CREF accounts, and the value of their accounts on the date of transfer was greater than the amount TIAA-CREF transferred on their behalf. Their interests are coincident with, and not antagonistic to, those of the other members of the Class.

37.     Plaintiffs are represented by counsel who is competent and experienced in handling ERISA, common law, consumer fraud, and class action litigation.

38.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

39.     The prosecution of separate actions by individual members of the Class would create a risk that adjudications with respect to individual members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

40.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

41.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class and each Subclass is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 11 -

## COUNT I

### ERISA Breach of Fiduciary Duty of Loyalty
(Claim by Subclass A)

42.      By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than their benefit after receiving their written transfer requests, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

43.      An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

44.      By investing or keeping invested retirement funds belonging to Plaintiffs and others similarly situated for purposes other than their benefit after receiving their written transfer requests, TIAA-CREF was not acting solely in the interest of Plaintiffs or for the exclusive purpose of providing benefits to Plaintiffs or their retirement plan, as ERISA requires.

45.      TIAA-CREF is liable to the ERISA Plans in which Plaintiffs and other members of Subclass A and Subclass B were participants or beneficiaries for the value of the use of the plan assets in their retirement accounts, and for the disgorgement of any investment profits made through the use of such funds, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

46.      TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.



gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 12 -

COUNT II

ERISA Breach of Fiduciary Duty of Impartiality<br>(Claim By Subclasses A and B)

47.    By investing or keeping invested funds in Plaintiffs' retirement accounts for purposes other than their benefit after receiving their written transfer requests, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

48.    Under section 404(a) of ERISA, 29 U.S.C. § 1104(a), a fiduciary is required to act impartially with respect to plan participants and their beneficiaries.

49.    By compensating certain customers for their lost investment experience but not others whose funds remained invested after TIAA-CREF received their written transfer requests, TIAA-CREF violated its fiduciary duty of impartial treatment under section 404 of ERISA.

50.    TIAA-CREF is liable to the ERISA plans in which Plaintiffs and other members of Subclass B were participants or beneficiaries for the difference between the compensation which it paid (if any) and the lost investment experience such participants and beneficiaries actually suffered.

51.    TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

gravel &<br>shea  ATTORNEYS AT LAW<br>76 St. Paul Street<br>Post Office Box 369<br>Burlington, Vermont  05402-0369<br>A PROFESSIONAL CORPORATION

- 13 -

COUNT III

ERISA Prohibited Transactions
(Claim by Subclass A)

52.     TIAA-CREF, and each of the Defendant entities of which it is comprised, are "parties in interest" under section 3(14)(a) of ERISA, 29 U.S.C. § 1002(14)(A).

53.     Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits the "use by or for the benefit of a party in interest of any assets of the plan." Such use is barred categorically and is a *per se* violation of ERISA.

54.     All amounts in the retirement account of Plaintiffs and other members of Subclass A were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets following the receipt of their written transfer or withdrawal requests for any purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

55.     TIAA-CREF is liable to Plaintiffs and other members of Subclass A under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on their accounts following a request for withdrawal or transfer, as well as other appropriate equitable relief.

56.     TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.


gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 14 -

COUNT IV

Common Law Violations

57.     TIAA-CREF owed a fiduciary and contractual duty to act in the best interest of Plaintiffs and other Class Members in handling their retirement accounts, including a duty not to use funds in such accounts for any purpose other than their benefit.

58.     Although there was no practical impediment to transferring or distributing account funds promptly, TIAA-CREF routinely retained them for up to four weeks or more after receiving their written transfer or withdrawal requests.  During such period, TIAA-CREF invested the account funds or kept them invested.

59.     In violation of its fiduciary and contractual duties, TIAA-CREF did not pay Plaintiffs and other Class Members investment gains generated by their accounts after receipt of their written transfer or withdrawal requests.

60.     TIAA-CREF owed a fiduciary duty to treat Plaintiffs and other Class Members impartially.

61.     By compensating certain customers for their lost investment experience but not others whose funds remained invested after the receipt of their written transfer or withdrawal requests, TIAA-CREF violated its fiduciary duty of impartial treatment.

62.     By compensating certain customers whose redemption or transfer payments were delayed seven days or less but not others, TIAA-CREF violated its fiduciary duty of impartial treatment.

63.     TIAA-CREF is liable to Plaintiffs and other Class Members at common law for the value of the use of their funds or the actual amount of investment earnings generated during the unauthorized investment period, whichever is greater.



gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

## COUNT V

### Consumer Fraud

64.     TIAA-CREF engaged in an unfair practice in commerce by investing or keeping invested the retirement account funds of Plaintiffs and other Class Members for purposes other than the customer's benefit, after receipt of their written transfer or withdrawal requests. Such practices are prohibited by the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451 *et. seq.*, and by similar "mini-FTC" statutes in other states.

65.     Under 9 Vt. Stat. Ann. §§ 2451 *et. seq.* and similar "mini-FTC" statutes, Plaintiffs and other Class Members are entitled to compensatory damages based on the unauthorized investment of their retirement account funds for purposes other than their benefit, as well as exemplary damages not to exceed three times the amount of consideration. In addition, Plaintiffs and other Class Members are entitled to the reasonable attorney's fees incurred in prosecuting this action.

### Relief

On behalf of themselves and all others similarly situated, Plaintiffs request the following relief:

> (a)     Compensatory damages and appropriate equitable relief, including
> disgorgement, for TIAA-CREF's breach of its fiduciary duties under
> sections 502(a)(2) and 502(a)(3) of ERISA and common law;
>
> (b)     Equitable relief, including disgorgement of investment profits, under
> section 502(a)(3) of ERISA, for engaging in prohibited transactions
> involving plan assets under section 406(a) of ERISA;



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 16 -

(c)     Compensatory and exemplary damages under common law and the

Vermont Consumer Fraud Act and similar "mini-FTC" acts of other states;

(d)     Reasonable attorney's fees and the costs of this action, as authorized by

ERISA and the Vermont Consumer Fraud Act and similar "mini-FTC"

acts of other states.

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

Dated:     Burlington, Vermont
          May 9, 2012

*Norman Williams*

Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea
P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com

and

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com

*Attorneys for Plaintiffs*

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 17 -