UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all other similarly situated,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>　　　　　Defendants | Docket No. 1:12-cv-93 |

AMENDED COMPLAINT

Nature of Action

1. This is a class action for equitable relief and damages based on Defendants' wrongful use of customer funds after they asked that such funds be returned or transferred. Defendants compounded their wrongful conduct by compensating some customers but not others for such use and by doing so on different bases. Defendants' actions violate their fiduciary duties and constitute prohibited transactions under the Employee Retirement Income Security Act of 1974 (ERISA). They also violate Defendants' fiduciary duties and constitute conversion under common law, as well as unfair practices under the Vermont Consumer Fraud Act and

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

similar "mini-FTC" acts in other states. On behalf of herself and all others similarly situated, Plaintiff seeks equitable and legal relief under sections 502(a)(2) and 502(a)(3) of ERISA, together with statutory attorney's fees. Plaintiff also seeks compensatory and exemplary damages, as well as statutory attorney's fees, based on their common law and state statutory claims.

### Jurisdiction and Venue

2. Federal jurisdiction over Plaintiff's ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States. Jurisdiction over Plaintiff's state law claims is available under 28 U.S.C. § 1332(d)(2)(A), since Plaintiff is a citizen of a state different from at least one Defendant and, on information and belief, the amount in controversy for the class exceeds $5 million. Jurisdiction is also available under 28 U.S.C. § 1367, since such claims are so related to Plaintiff's ERISA claims that they form part of the same case and controversy.

3. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise to Plaintiff's claims occurred here.

### Parties

4. Plaintiff Sarah Cummings is an Associate Professor of English in the Applied Linguistics Department at St. Michael's College. She is a resident of South Burlington, Vermont. Prof. Cummings was the account owner of a TIAA-CREF retirement account at St.



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

Michael's College prior to May 2007. Amounts in Prof. Cummings account were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

5. Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and "nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

6. The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.

7. Defendant College Retirement and Equities Fund ("CREF") is a New York membership corporation. Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund. Although CREF originated as a non-profit organization, the Internal Revenue Service revoked its tax-exempt status under section 501(c)(3) in 1998. Prof. Cummings had retirement funds invested in CREF accounts.

8. Defendant Teachers' Insurance and Annuity Association of America ("TIAA") is a stock life insurance company domiciled in New York. Defendant TIAA offers a real estate fund to investors. Although TIAA originated as a non-profit organization, the Internal Revenue

gravel & shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 3 -

Service revoked its tax-exempt status under section 501(c)(3) in 1998. Prof. Cummings had a portion of her retirement funds invested in TIAA's real estate fund.

9. Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.

10. Defendant TIAA-CREF Individual & Institutional Services, LLC, a Delaware limited liability company and a wholly-owned subsidiary of TIAA, holds the "gain" and "loss" accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

Facts

11. The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit-sharing plan under Section 401(k) of the Internal Revenue Code).

12. Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

13. In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily. It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (i.e., a company offering investments in various mutual funds).



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 4 -

14. TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts. According to Defendants, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.

15. Based on Defendant's position, the Plan was forced to obtain individual signatures to the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.

16. Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

17. Plaintiff's written transfer request, and those of almost all other St. Michael's College employees, was received by TIAA-CREF on Friday, April 27, 2007. The date a customer's written request for a transfer or distribution is received by TIAA-CREF is referred to by TIAA-CREF as the "Good Order Date" or "Effective Date." Under TIAA-CREF's prospectuses, a customer may also specify a future "Effective Date," but Prof. Cummings did not do so.

18. TIAA-CREF's mutual fund prospectuses state that customer funds will be transferred within seven days of the Effective Date or Good Order Date.

19. It is standard practice in the industry for a mutual fund to forward sell orders received before 4:00 p.m. on a given business day to its designated transfer agent for processing before the markets open the following day.

20. Contrary to industry practice, Prof. Cummings' sell order, as well as those of many other TIAA-CREF customers, was not forwarded to TIAA-CREF's designated transfer

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 5 -

agent on the date it was received, nor was it processed before the market opened on Monday, April 30, 2007. Rather, Prof. Cummings' retirement money remained invested in TIAA-CREF's mutual funds until at least May 4, 2007.

21. While Prof. Cummings' retirement money remained invested in TIAA-CREF's mutual funds after the Good Order Date, the value of such mutual funds increased by several thousand dollars.

22. TIAA-CREF did not cut a check for Prof. Cummings' account until May 7, 2007. However, the check which TIAA-CREF cut for Prof. Cummings represented the value of her account only as of May 1, 2007. The check did not reflect any of the gains which Prof. Cummings' mutual funds earned between April 27 and May 7, 2007.

23. TIAA-CREF refers to the change in value of customer accounts between the Good Order Date and the date it cuts a check as "Transactional Fund Earnings" or "TFE."

24. Consistent with its policy and practice, TIAA-CREF deposited the TFE on Plaintiff's retirement account in its own "TFE Gain Account." The "TFE Gain Account" is held by Defendant TIAA-CREF Individual & Institutional Services, LLC.

25. Since 2003 or before, TIAA-CREF has had a widespread practice of keeping funds in customer accounts invested after transfer or withdrawal requests are received. Between 2003 and 2010, TIAA-CREF deposited more than $567 million in its "TFE Gain Account." The TFE Gains were not paid to the customers whose funds had earned them, but were used to meet TIAA-CREF's legal obligations to other customers under Securities and Exchange Commission Rule 22c-1. TIAA-CREF has also used TFE Gains to pay administrative expenses, which include salaries and bonuses.


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

26. Prior to 2011, TIAA-CREF's mutual fund prospectuses did not state that TIAA-CREF could use gains on customer mutual fund accounts earned after the Good Order Date for purposes other than the benefit of the account holder. TIAA-CREF never disclosed that it had a practice or policy of doing so, and neither Plaintiff nor St. Michael's College ever agreed that it could do so.

27. In 2011, TIAA-CREF added a provision to its mutual fund prospectuses stating that redemption and transfer requests could be processed after the Effective Date and that TFE gains would be paid to TIAA and TIAA-CREF Individual & Institutional Services, LLC.

28. The College and TIAA-CREF agreed that the accounts being transferred, including the Plaintiff's accounts, would be valued as of May 1, 2007. However, neither Plaintiff nor St. Michael's College ever agreed that May 1, 2007, would be treated as the "Effective Date" or "Good Order Date" for purposes of a TIAA or CREF prospectus, such that TIAA-CREF would have seven days from May 1, 2007 to cut checks for the accounts.

29. Although TIAA-CREF received almost all of the written transfer requests from St. Michael's College on April 27, 2011, it did not cut or send out any checks until May 2, 2007. TIAA-CREF cut and sent out the checks for St. Michael's College plan participants over the course of the following four weeks.

30. Plaintiff's rights with respect to her retirement funds are governed by the St. Michael's College Plan Documents, ERISA and common law. The St. Michael's College Plan Documents neither state nor suggest that TIAA-CREF may use or retain investment earnings on funds from a retirement account after a transfer or withdrawal request is received or that it may invest or keep such funds invested for any purpose other than the account holder's benefit. On information and belief, there is no ERISA plan holding TIAA-CREF investments whose plan

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 7 -

documents so provide. Even if there were such a plan, moreover, such use is prohibited by ERISA and common law.

31. Recognizing that its use of customer funds raised serious legal concerns, TIAA-CREF instituted a compensation program known as "Delayed Payment Interest" or "DPI" in 2005 or earlier. TIAA-CREF did not disclose its DPI program to customers, either in its prospectus or in connection with the payment itself. Those customers who asked about such payments were given scripted answers which were false or misleading.

32. The DPI program was not administered in a uniform manner. Although many TIAA-CREF customers who suffered delays of more than three days received some interest payment, certain customers (including the plaintiff in the related case of *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir. Filed Oct. 29, 2007)) were instead offered what TIAA-CREF refers to as "lost investment experience" or "lost earnings," on an *ad hoc* basis. However, many other customers, including Plaintiff, were not paid any compensation whatsoever.

## Class Action Allegations

33. Plaintiff brings this action on behalf of herself and as a class action under F.R.Civ.P. 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), whose mutual fund or money market accounts TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder after the date it received a written transfer or withdrawal request, but excluding members of the class in *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir.) and members of the putative class in *Bauer-Ramazani v. TIAA-CREF,* No. 1:09-CV-190 (D. Vt.).

34. Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period begins on the date TIAA-CREF initiated the practices complained of in this action, since TIAA-CREF


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

concealed such practices from class members. In the event no fraud or concealment is found, the Class Period begins six years before this action was filed.

35. Plaintiff does not know the exact number of Class Members, because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiff believes there are at more than 20,000 members of the Class. The exact number of class members and their identities is known or may be ascertained by Defendants.

36. The Class is so numerous that joinder of all Members is impracticable.

37. There are questions of law and fact common to the Class, including:

    a) Whether TIAA-CREF has or had a practice of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;

    b) When TIAA-CREF's practice began and what its exact nature was;

    c) Whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;

    d) Whether TIAA-CREF's actions violated its fiduciary duties under common law;

    e) Whether TIAA-CREF's actions constitute conversion or a similar common law tort;

    f) Whether TIAA-CREF's actions violate the Vermont Consumer Fraud Act and similar "mini-FTC" statutes in other states, forbidding unfair practices in commerce;


gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 9 -

g) Whether TIAA-CREF concealed its practices from Plaintiff and other Class Members, thereby extending the statute of limitations under ERISA, common law, or any other relevant statute;

h) Whether TIAA-CREF is liable to Plaintiff and other Class Members for compensatory damages and, if so, in what amount;

i) Whether TIAA-CREF is liable to Plaintiff and other Class Members for disgorgement or other equitable remedies and, if so, in what amount;

j) Whether TIAA-CREF is liable to the St. Michael's College Plan in which Plaintiff is a participant, and to other ERISA plans in which Class Members are participants or beneficiaries and, if so, in what amount;

k) Whether TIAA-CREF is liable to Plaintiff and other Class Members for exemplary damages in addition to compensatory damages; and

l) Whether TIAA-CREF is liable to Plaintiff and other Class Members for reasonable attorney's fees.

38. Plaintiff is a member of the Class. Her claims are typical of the claims of the Class Members, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff closed her TIAA-CREF accounts, and the value of her accounts on the date of transfer was greater than the amount TIAA-CREF transferred on her behalf. Her interests are coincident with, and not antagonistic to, those of the other members of the Class.

39. Plaintiff is represented by counsel who is competent and experienced in handling ERISA, common law, consumer fraud, and class action litigation.

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 10 -

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

41. The prosecution of separate actions by individual members of the Class would create a risk that adjudications with respect to individual members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

42. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

43. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class and each Subclass is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.

## COUNT I
### ERISA Breach of Fiduciary Duty of Loyalty

44. By investing or keeping invested funds in Plaintiff's retirement accounts for purposes other than her benefit after receiving her written transfer requests, TIAA-CREF

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 11 -

exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

45.     An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

46.     By investing or keeping invested retirement funds belonging to Plaintiff and others similarly situated for purposes other than their benefit after receiving their written transfer requests, TIAA-CREF was not acting solely in the interest of Plaintiff or for the exclusive purpose of providing benefits to Plaintiff or her retirement plan, as ERISA requires.

47.     TIAA-CREF is liable to the ERISA Plans in which Plaintiff and other members of the Class were participants or beneficiaries for the value of the use of the plan assets in her retirement accounts, and for the disgorgement of any investment profits made through the use of such funds, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

48.     TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

COUNT II
ERISA Breach of Fiduciary Duty of Impartiality

49.     By investing or keeping invested funds in Plaintiff's retirement accounts for purposes other than her benefit after receiving her written transfer request, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 12 -

50. Under section 404(a) of ERISA, 29 U.S.C. § 1104(a), a fiduciary is required to act impartially with respect to plan participants and their beneficiaries.

51. By compensating certain customers for their lost earnings or lost investment experience but not others whose funds remained invested after TIAA-CREF received their written transfer requests, TIAA-CREF violated its fiduciary duty of impartial treatment under section 404 of ERISA.

52. TIAA-CREF is liable to the ERISA plans in which Plaintiff and other members of the Class were participants or beneficiaries for the difference between the compensation which it paid (if any) and the lost investment experience such participants and beneficiaries actually suffered.

53. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

COUNT III
<u>ERISA Prohibited Transactions</u>

54. TIAA-CREF, and each of the Defendant entities of which it is comprised, are "parties in interest" under section 3(14)(a) of ERISA, 29 U.S.C. § 1002(14)(A).

55. Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), prohibits the "use by or for the benefit of a party in interest of any assets of the plan." Such use is barred categorically and is a *per se* violation of ERISA.

56. All amounts in the retirement account of Plaintiff and other members of the Class were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets following the receipt of their written transfer or withdrawal requests for any

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 13 -

purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

57. TIAA-CREF is liable to Plaintiff and other members of the Class under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on their accounts following a request for withdrawal or transfer, as well as other appropriate equitable relief.

58. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

## COUNT IV
## Common Law Violations

59. TIAA-CREF owed a fiduciary and contractual duty to act in the best interest of Plaintiff and other Class Members in handling their retirement accounts, including a duty not to use funds in such accounts for any purpose other than their benefit.

60. TIAA-CREF routinely retained customer funds for up to four weeks or more after receiving their written transfer or withdrawal requests. During such period, TIAA-CREF invested the account funds or kept them invested.

61. In violation of its fiduciary and contractual duties, TIAA-CREF did not pay Plaintiff or other Class Members investment gains generated by their accounts after receipt of their written transfer or withdrawal requests.

62. TIAA-CREF owed a fiduciary duty to treat Plaintiff and other Class Members impartially.

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 14 -

63. By compensating certain customers for their lost earnings or lost investment experience but not others whose funds remained invested after the receipt of their written transfer or withdrawal requests, TIAA-CREF violated its fiduciary duty of impartial treatment.

64. TIAA-CREF is liable to Plaintiff and other Class Members at common law for the value of the use of her funds or the actual amount of investment earnings generated during the unauthorized investment period, whichever is greater.

### COUNT V
### Consumer Fraud

65. TIAA-CREF engaged in an unfair practice in commerce by investing or keeping invested the retirement account funds of Plaintiff and other Class Members for purposes other than the customer's benefit after receipt of their written transfer or withdrawal requests without disclosing such practice. Such practices are prohibited by the Vermont Consumer Fraud Act, 9 Vt. Stat. Ann. §§ 2451 *et. seq.*, and by similar "mini-FTC" statutes in other states.

66. Under 9 Vt. Stat. Ann. §§ 2451 *et. seq.* and similar "mini-FTC" statutes, Plaintiff and other Class Members are entitled to compensatory damages based on the unauthorized investment of their retirement account funds for purposes other than their benefit, as well as exemplary damages not to exceed three times the amount of consideration. In addition, Plaintiff and other Class Members are entitled to the reasonable attorney's fees incurred in prosecuting this action.

### Relief

On behalf of themselves and all others similarly situated, Plaintiff requests the following relief:

gravel & shea
ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 15 -

(a) Compensatory damages and appropriate equitable relief, including disgorgement, for TIAA-CREF's breach of its fiduciary duties under sections 502(a)(2) and 502(a)(3) of ERISA and common law;

(b) Equitable relief, including disgorgement of investment profits, under section 502(a)(3) of ERISA, for engaging in prohibited transactions involving plan assets under section 406(a) of ERISA;

(c) Compensatory and exemplary damages under common law and the Vermont Consumer Fraud Act and similar "mini-FTC" acts of other states;

(d) Reasonable attorney's fees and the costs of this action, as authorized by ERISA and the Vermont Consumer Fraud Act and similar "mini-FTC" acts of other states.

## JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable.**

Dated:     Burlington, Vermont
           November 6, 2012

*[signature]*
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com

and

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com
For Plaintiffs

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 16 -