


UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated,<br>                Plaintiff | )<br>)<br>)<br>) | |
| v. | ) | Docket No. 1:12-cv-93 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>                Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## SECOND AMENDED COMPLAINT

### Nature of Action

1.      This is a class action for equitable and legal relief, based on Defendants' breach of the fiduciary duty of care and loyalty. Defendants failed to honor customer requests to pay out funds in a timely fashion, then kept the investment gains the funds earned during the delay. Plaintiffs seek return of the investment gains under both ERISA and common law, together with prejudgment interest and attorney's fees.

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

Jurisdiction and Venue

2. Federal jurisdiction over Plaintiff's ERISA claims is available under 28 U.S.C. § 1331, because the claims arise under the laws of the United States. Jurisdiction over Plaintiff's state law claims is available under 28 U.S.C. § 1332(d)(2)(A), since Plaintiff is a citizen of a state different from at least one Defendant and, on information and belief, the amount in controversy for the class exceeds $5 million. Jurisdiction is also available under 28 U.S.C. § 1367, since such claims are so related to Plaintiff's ERISA claims that they form part of the same case and controversy.

3. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(a)(1), since one or more Defendants are corporations subject to personal jurisdiction in this state and therefore residents for purposes of venue. Venue is also proper under 28 U.S.C. § 1391(a)(2), since a substantial part of the events giving rise to Plaintiff's claims occurred here.

Parties

4. Plaintiff Sarah Cummings is an Associate Professor of English in the Applied Linguistics Department at St. Michael's College. She is a resident of South Burlington, Vermont. Prof. Cummings was the account owner of a TIAA-CREF retirement account at St. Michael's College prior to May 2007. Amounts in Prof. Cummings account were plan assets of the St. Michael's College Retirement Plan, a defined contribution plan under ERISA.

5. Defendant TIAA-CREF is a group of closely-related and affiliated companies and subsidiaries, including each of the Defendants in this action. TIAA-CREF's main offices and "nerve center" are located in New York, New York. According to its website, TIAA-CREF has more than $400 billion under management and holds more than 3.2 million individual accounts. As used in this Complaint, the terms "TIAA-CREF," "Defendant," and "Defendant TIAA-


gravel & shea
ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

CREF" refer to each of the companies which comprise the TIAA-CREF group, including the companies specifically named as Defendants.

6. The entities which comprise TIAA-CREF share corporate governance. In many cases, they provide services to one another at cost and share employees. Moreover, TIAA-CREF markets itself to the investing public as a single entity. For all of these reasons, TIAA-CREF should be considered a single entity to the extent necessary to achieve the ends of justice.

7. Defendant College Retirement and Equities Fund ("CREF") is a New York membership corporation. Defendant CREF offers at least eight fund choices to investors, including a stock fund, global equities fund, growth fund, equity index fund, social choice fund, bond market fund, inflation-linked bond fund, and money market fund ("CREF Funds"). Although CREF originated as a non-profit organization, the Internal Revenue Service revoked its tax-exempt status under section 501(c)(3) in 1998. Prof. Cummings had retirement funds invested in CREF accounts.

8. Defendant Teachers' Insurance and Annuity Association of America ("TIAA") is a stock life insurance company domiciled in New York. Defendant TIAA offers a real estate fund to investors. Although TIAA originated as a non-profit organization, the Internal Revenue Service revoked its tax-exempt status under section 501(c)(3) in 1998. Prof. Cummings had a portion of her retirement funds invested in TIAA's real estate fund.

9. Defendant TIAA-CREF Investment Management, LLC ("TCIM"), a Delaware limited liability company, and Defendant Teachers Advisors, Inc. ("TAI"), a Delaware business corporation, provide investment advice and management services to CREF funds.

10. Defendant TIAA-CREF Individual & Institutional Services, LLC ("Services"), a Delaware limited liability company and a wholly-owned subsidiary of TIAA, functioned as the


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

broker-dealer for the TIAA Real Estate and CREF funds at all relevant times. Services also held the "gain" and "loss" accounts to which investment earnings or losses on customer funds used by TIAA-CREF after a redemption or transfer request is received are credited or charged.

Facts

11. The St. Michael's College ("College") retirement plan ("Plan") is a defined contribution plan consisting of a Salary Deferral Arrangement under Section 403(b) of the Internal Revenue Code and a Money Purchase Plan under Section 401(a) of the Internal Revenue Code (since converted to a profit-sharing plan under Section 401(k) of the Internal Revenue Code).

12. Beginning in 1993, the College moved retirement assets of Plan participants which had been invested with various mutual funds, insurance companies, and banks to TIAA-CREF.

13. In 2006, the College, as administrator of the Plan, concluded that the funds offered by TIAA-CREF were not performing satisfactorily and that the fees it charged were too high. It directed Defendant TIAA-CREF to transfer retirement accounts belonging to Plan participants to Milliman USA, another mutual fund "platform" (*i.e.*, a company offering investments in various mutual funds).

14. TIAA-CREF refused to do so, claiming that the College had no authority to direct it to transfer such accounts. According to Defendants, all TIAA-CREF accounts held by participants in the Plan were based on individual contracts between TIAA-CREF and the participants themselves.

15. Based on Defendant's position, the Plan was forced to obtain individual signatures on the multiple forms required by TIAA-CREF in order to transfer or withdraw accounts.



- 4 -

16.     Eventually, the Plan gathered and submitted to TIAA-CREF the required signatures to transfer the retirement accounts of approximately 755 College employees, with assets of more than $36 million, from TIAA-CREF to Milliman USA.

17.     Plaintiff's written transfer request, and those of almost all other St. Michael's College employees, was received by TIAA-CREF on Friday, April 27, 2007.  The date a customer's written request for a transfer or distribution is received by TIAA-CREF is referred to by TIAA-CREF as the "Good Order Date" or "Effective Date."  Although TIAA-CREF received Plaintiff's transfer request on April 27, 2007, it recorded May 1, 2007 as the "Effective Date" of her request and of the other St. Michael's College employee requests which it received on April 27, 2007.

18.     As broker-dealer, Services is required to transmit customer orders for execution on the day received, if such orders are received before 4:00 p.m. Eastern Time.  Orders received after 4:00 p.m. Eastern Time must be transmitted for execution no later than the following business day.

19.     A customer order must be "settled" (*i.e.*, in the case of a sell order the account funds must be paid out) within three days of receipt of the customer's order, referred to as T+3.

20.     Prof. Cummings' sell order, as well as those of many other TIAA-CREF customers, was not transmitted in timely fashion by Services.  Prof. Cummings' order also was not settled in T+3.  The check was not cut until May 7, 2007.

21.     Prof. Cummings' retirement money remained invested at TIAA-CREF after the Good Order Date.  The value of her retirement account increased by more than $1,000 between May 1, 2007 and May 7, 2007, when the check was cut.


gravel &
  shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

22.     Although the value of Prof. Cummings' investments at TIAA-CREF increased by more than $1,000 after the Good Order Date, the check which TIAA-CREF cut for Prof. Cummings reflected the value of her account only as of May 1, 2007. The check did not reflect any of the gains which Prof. Cummings' retirement account experienced between May 1 and May 7, 2007.

23.     TIAA-CREF refers to the change in value of customer accounts between the Good Order Date and the date it cuts a check as "Transactional Fund Earnings" or "TFE."

24.     Consistent with its policy and practice, TIAA-CREF deposited the TFE on Plaintiff's retirement account in its own "TFE Gain Account." The "TFE Gain Account" is held by Defendant TIAA-CREF Individual & Institutional Services, LLC.

25.     Between 2003 and 2010, TIAA-CREF deposited more than $567 million in its "TFE Gain Account." The TFE Gains were not paid to the customers whose funds had generated them. Rather, they were used to meet TIAA-CREF's own legal obligations to other customers whose accounts had remained invested but declined in value after the Good Order Date. TIAA-CREF also used TFE Gains to pay administrative expenses, including salaries and bonuses.

26.     Neither the Plaintiff nor any members of the class in this case have received any portion of the TFE Gains their funds generated after TIAA-CREF received their distribution or transfer requests. Nor have they received the amount they could have earned in an alternative investment during the delay period.

## Class Action Allegations

27.     Plaintiff brings this action on behalf of herself and as a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(1) and (b)(3) on behalf of all members of the following Class:

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested a transfer or distribution of funds held in a TIAA or CREF variable annuity account: (i) whose request was not transmitted or settled in accordance within the time limits established by the Securities & Exchange Commission and industry practice; and (ii) whose funds generated investment gains during the period of delay; but (iii) excluding members of the class in *Rink v. CREF,* No. 07-CI-10761 (Ky. Cir.) and members of the class whose claims herein were entirely released in *Bauer-Ramazani v. TIAA-CREF,* No. 1:09-CV-190 (D. Vt.).

28. Under section 413(2) of ERISA, 29 U.S.C. § 1113(2), the Class Period begins on the date TIAA-CREF initiated the practices complained of in this action, since TIAA-CREF concealed such practices from class members. In the event no fraud or concealment is found, the Class Period begins six years before the action originally captioned *Walker v. TIAA-CREF*, 1:09-cv-190 (D. Vt. filed August 17, 2009) was filed. (*Walker* was recaptioned *Bauer-Ramazani v. TIAA-CREF* after the Court ordered the lead plaintiff, Christine Bauer-Ramazani, to file a Third Amended Complaint without Walker's claims on May 25, 2012.)

29. Plaintiff does not know the exact number of Class Members, because such information is in the exclusive control of the Defendants. Based on the information provided by Defendants to date, Plaintiff believes there are more than 20,000 members of the Class. The exact number of class members and their identities is known or may be ascertained by Defendants.

30. The Class is so numerous that joinder of all Members is impracticable.

31. There are questions of law and fact common to the Class, including:

    a. Whether TIAA-CREF has or had a practice of retaining and investing customer funds for purposes other than the customer's benefit, after receiving a request for withdrawal or transfer;


gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

  b.  When TIAA-CREF's practice began and what its exact nature was;

  c.  Whether TIAA-CREF failed to execute and settle customer sell orders in accordance with time limits established by the SEC and industry standards;

  d.  Whether TIAA-CREF's actions violated the fiduciary duty and prohibited transaction provisions of ERISA;

  e.  Whether TIAA-CREF's actions violated its fiduciary duties under common law;

  f.  Whether TIAA-CREF's actions constitute conversion or a similar common law tort;

  g.  Whether TIAA-CREF concealed its practices from Plaintiff and other Class Members, thereby extending the statute of limitations under ERISA, common law, or any other relevant statute;

  h.  Whether TIAA-CREF is liable to Plaintiff and other Class Members for compensatory damages and, if so, in what amount;

  i.  Whether TIAA-CREF is liable to Plaintiff and other Class Members for disgorgement or other equitable remedies and, if so, in what amount; and

  j.  Whether TIAA-CREF is liable to Plaintiff and other Class Members for reasonable attorney's fees.

32. Plaintiff is a member of the Class. Her claims are typical of the claims of the Class Members, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff closed her TIAA-CREF accounts, and the value of her accounts on the date of transfer


gravel &
shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

was greater than the amount TIAA-CREF transferred on her behalf. Her interests are coincident with, and not antagonistic to, those of the other members of the Class.

33.     Plaintiff is represented by counsel who is competent and experienced in handling ERISA, common law, and class action litigation.

34.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

35.     The prosecution of separate actions by individual members of the Class would create a risk that adjudications with respect to individual members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

36.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. The Class is readily definable and is one for which records should exist. Prosecution of class member claims as a class action will eliminate the possibility of repetitious litigation. Treatment of the controversy as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. This class action presents no difficulties in management that would preclude maintenance as a class action.

gravel & shea
ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 9 -

## COUNT I
### ERISA Breach of Fiduciary Duty of Care

38.     Plaintiff incorporates paragraphs 1-37 as if fully set forth here.

39.     By investing or keeping invested funds in Plaintiff's retirement account after receiving her written transfer request, TIAA-CREF exercised authority or control respecting the management or disposition of such accounts and must be deemed a fiduciary under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

40.     An ERISA fiduciary is obligated to discharge its duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims" under section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

41.     A fiduciary in the exercise of its duty of care must act in accordance with statutory and regulatory requirements and in accordance with industry standards.

42.     TIAA-CREF promoted itself as providing "same day transaction processing." If a fiduciary claims to possess special skills, it has a duty to act with the care, competence, and diligence normally exercised by a fiduciary with such skills.

43.     By failing to transmit Plaintiff's sell order on the date it was received, Defendant TIAA-CREF Individual & Institutional Services, LLC did not act in accordance with regulatory requirements or industry practice, thereby breaching its duty of care.

44.     By failing to settle Plaintiff's account within three days, TIAA-CREF did not act in accordance with regulatory requirements or industry practice, thereby breaching its duty of care.

45.     A fiduciary may not benefit from its own breach of fiduciary duty.

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 10 -

46.     TIAA-CREF and Services did benefit from their breach of the duty of care, because they did not pay out investment gains generated by Plaintiff's account after May 1, 2007. Rather, they used such gains to meet their own obligations to other customers and to cover administrative expenses.

47.     TIAA-CREF is liable for any investment gains made through the use of Plaintiff's funds and those of other class members under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).

48.     TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

## COUNT II
## ERISA Breach of Fiduciary Duty of Loyalty

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth here.

50.     An ERISA fiduciary is obligated to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries" under section 404(a) of ERISA, 29 U.S.C. § 1104(a).

51.     By investing or keeping invested funds in Plaintiff's retirement accounts for purposes other than her benefit after receiving her written transfer request, TIAA-CREF was not acting solely in the interest of Plaintiff or for the exclusive purpose of providing benefits to Plaintiff or her retirement plan, as ERISA requires.

52.     TIAA-CREF is liable for any investment gains made through the use of Plaintiff's funds and those of other class members, under sections 409, 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1109(a); 1132(a)(2); 1132(a)(3).



53.     TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

COUNT III
ERISA Prohibited Transactions

54.     Plaintiff incorporates paragraphs 1-53 as if fully set forth here.

55.     Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1), prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." Such dealing is barred categorically and is a *per se* violation of ERISA.

56.     All amounts in the retirement account of Plaintiff and other members of the Class were "assets of the plan" within the meaning of section 401(a)(1)(D). TIAA-CREF's investment of such assets following the receipt of their written transfer or withdrawal requests for any purpose other than the benefit of the account holder violates section 406 of ERISA, 29 U.S.C. § 1106.

57.     TIAA-CREF kept the funds in Plaintiff's retirement account invested after the date it received her written transfer request. TIAA-CREF dealt with the investment gains earned by Plaintiff's funds after such date in its own interest and not for the benefit of Plaintiff. Specifically, it used such investment gains to satisfy its own legal obligations to other customers, whose accounts suffered investment losses after it failed to process their orders in timely fashion. The use of Plaintiff's funds for such purposes violates section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

58.     TIAA-CREF is liable to Plaintiff and other members of the Class under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for disgorgement of all amounts which it earned on



their accounts following a request for withdrawal or transfer, as well as other appropriate equitable relief.

59. TIAA-CREF is also liable for the reasonable costs and attorney's fees of this action under Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1), as well as prejudgment interest.

## COUNT IV
### Common Law Breach of Fiduciary Duty of Care

60. Plaintiff incorporates paragraphs 1-59 as if fully set forth here.

61. TIAA-CREF is a fiduciary under common law by virtue of the fact that it held the retirement accounts of Plaintiff and other class members and exercised control and authority over such accounts after receiving a request to transfer or distribute their funds.

62. TIAA-CREF owed Plaintiff and other class members a contractual and fiduciary duty of care to transmit, execute, and settle customer sell orders in accordance with regulatory requirements and industry standards.

63. TIAA-CREF violated its contractual and fiduciary duty of care by failing to transmit, execute, or settle orders of Plaintiff and other class members in accordance with regulatory requirements and industry standards.

64. TIAA-CREF may not benefit from its own breach of the duty of care.

65. TIAA-CREF did benefit from its breach of the duty of care by retaining investment gains generated by the accounts of Plaintiff and other class members after receiving requests to transfer of distribute their funds, and using such gains to meet its legal obligations to other customers, as well as to cover administrative expenses.

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 13 -

## COUNT V
## Common Law Breach of Fiduciary Duty of Loyalty

66. Plaintiff incorporates paragraphs 1-65 as if fully set forth here.

67. TIAA-CREF owed a fiduciary and contractual duty to act in the best interest of Plaintiff and other Class Members in handling their retirement accounts, including a duty not to use funds in such accounts for any purpose other than their benefit.

68. TIAA-CREF routinely retained customer funds for up to four weeks or more after receiving their written transfer or withdrawal requests. During such period, TIAA-CREF invested the account funds or kept them invested.

69. In violation of its fiduciary and contractual duties, TIAA-CREF did not pay Plaintiff or other Class Members investment gains generated by their accounts after receipt of their written transfer or withdrawal requests. Rather, it used such gains to meet its legal obligations to other customers and to cover administrative expenses.

## Relief

On behalf of themselves and all others similarly situated, Plaintiff requests the following relief:

    a. Appropriate equitable relief, including disgorgement and trustee surcharge, for TIAA-CREF's breach of its fiduciary duties under sections 502(a)(2) and 502(a)(3) of ERISA and under common law;

    b. Equitable relief, including disgorgement of investment profits and trustee surcharge, under section 502(a)(3) of ERISA, for engaging in prohibited transactions involving plan assets under section 406(a) of ERISA;



- 14 -

Reasonable attorney's fees and the costs of this action, as authorized by ERISA and common law.

## JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable.**

Dated:   Burlington, Vermont
        October 14, 2014

                                    Norman Williams, Esq.
                                    Robert B. Hemley, Esq.
                                    Gravel & Shea PC
                                    76 St. Paul Street, 7th Floor, P. O. Box 369
                                    Burlington, VT  05402-0369
                                    (802) 658-0220
                                    nwilliams@gravelshea.com
                                    rhemley@gravelshea.com
                                        and
                                    Thomas A. Tucker Ronzetti, Esq.
                                    Kenneth Hartmann, Esq.
                                    Kozyak Tropin & Throckmorton, P.A.
                                    2525 Ponce de Leon, 9th Floor
                                    Miami, FL  33134
                                    tr@kttlaw.com
                                    krh@kttlaw.com
                                    For Plaintiff

<888180v4/NCW>

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 15 -