UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of<br>herself and all others similarly situated,<br>　　　Plaintiff<br><br>　　　v.<br><br>TEACHERS INSURANCE AND ANNUITY<br>ASSOCIATION OF AMERICA – COLLEGE<br>RETIREMENT AND EQUITIES FUND<br>(TIAA-CREF), COLLEGE RETIREMENT<br>AND EQUITIES FUND (CREF),<br>TEACHERS' INSURANCE AND ANNUITY<br>ASSOCIATION OF AMERICA (TIAA),<br>TIAA-CREF INVESTMENT<br>MANAGEMENT, LLC (TCIM), TEACHERS<br>ADVISORS, INC. (TAI), and TIAA-CREF<br>INDIVIDUAL & INSTITUTIONAL<br>SERVICES, LLC,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) 　　Docket No. 1:12-cv-93 |

PLAINTIFF'S OPPOSITION TO DISMISSAL OF COUNTS IV AND V

Preliminary Statement

Plaintiff's common law claims in this case are not preempted for the same reasons such

claims were not preempted in the controlling Second Circuit cases of *Stevenson v. Bank of N.Y.*

*Co.,* 609 F.3d 56 (2d Cir. 2010), and *Gerosa v. Savasta & Co.*, 329 F.3d 317 (2d Cir. 2003).

They do not "derive from the particular rights and obligations established by any benefit plan,"

nor do they "purport to require a plan administrator, employer, or beneficiary to follow a

standard inconsistent with those provided by ERISA." *Stevenson*, 609 F.3d at 60-61.  Plaintiff

gravel &
shea |ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

alleges that TIAA-CREF mishandled her redemption request and failed to pay her the investment gains generated during the delay. She would have exactly the same claims if her retirement plan were not covered by ERISA, or if she had purchased mutual funds directly from TIAA-CREF. While TIAA-CREF's conduct violates both ERISA and common law, that does not mean Plaintiff's common law claims are preempted. *See Stevenson*, 609 F.3d at 61; *Gerosa*, 329 F.3d at 325.

Dismissal is also inappropriate under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), because Plaintiff's common law claims satisfy neither prong of the Supreme Court's two-part test. *See id.* at 210. First, her claims could not have been brought under section 502(a)(1)(B) of ERISA, because she is not seeking to recover benefits due under the terms of her plan, to enforce rights under the terms of her plan, or to clarify rights under the terms of her plan.[1] Indeed, TIAA-CREF has argued that ERISA does not apply in the first place. *See Bauer-Ramazani v. TIAA-CREF*, No. 09-cv-10 (D. Vt.), Doc. 341 at 17-23; Doc. 376 at 5-8. According to TIAA-CREF, the investment gains Plaintiff seeks to recover are not "plan assets," nor is it an ERISA fiduciary. *See id.* If ERISA does not apply, ERISA cannot preempt. *See Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 241-42 (2014).[2]

---

[1] Plaintiff's ERISA claims are brought under sections 502(a)(2) and 503(a)(3) of ERISA, not section 502(a)(1)(B). *See* Doc. 39, ¶¶ 47, 52, 58. The Supreme Court made clear in *Davila* that it was addressing only section 502(a)(1)(B). *See id.* at 206, n. 1.

[2] Apart from its impact on Plaintiff herself, TIAA-CREF's motion to dismiss her common law claims has significant implications for potential class members. According to data produced by TIAA-CREF in *Bauer-Ramazani*, about 60% of the customer accounts redeemed from 2003-2010 (when most of the processing delays occurred) were not covered by ERISA. *See id.*, Doc. 224, Ex. 1, ¶ 19. Of the total $567 million in "transaction fund earnings" ("TFE") gains generated during that period, about $113 million was attributable to ERISA-covered accounts. *See id.*, ¶¶ 18-19. If Plaintiff's common law claims are dismissed, non-ERISA account holders will not be able to recover investment gains generated by their funds as a result of delayed processing.

Preemption is also not available under the second prong of the *Davila* test, because Counts IV and V are based on an independent state law ground. *See Wurtz*, 761 F.3d at 243. As another court in this Circuit recently observed in denying preemption, "State actions for breach of fiduciary duties merely place[ ] the plaintiff . . . in the same position as any other state economic actor" and are "traditionally regulated under state law." *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2014 U.S. Dist. LEXIS 44987, *22 (S.D.N.Y. March 31, 2014) (quoting *Gerosa*, 329 F.3d at 324). The presumption against preemption "is particularly strong for state action in fields of traditional state law regulation." *Gerosa*, 329 F.3d at 323-24.

TIAA-CREF's arguments in favor or preemption fail to meet its "considerable burden of overcoming the starting presumption that Congress does *not* intend to supplant state law." *DeBuono v. NYSA-ILA Med. and Clinical Servs. Fund*, 520 U.S. 806, 814 (1997) (internal quotation omitted) (denying preemption under ERISA). It stumbles at the first step by asserting that ERISA preemption is "deliberately expansive" and construed "very broadly." *See* Doc. 50 at 9-10. The cases it cites for that proposition all preceded *N.Y. State Conf. of BC/BS Plans v. Traveler's Ins. Co.*, 514 U.S. 645 (1995), which "greatly narrowed the scope" of ERISA preemption. *Hattem v. Schwarzenegger*, 449 F.3d 423, 428 (2d Cir. 2006). Now, parties seeking preemption bear a "heavy burden." *Id.*

TIAA-CREF argues next that Plaintiff's common law claims "seek to control or supersede central ERISA functions by mandating a particular manner of processing transfer requests and calculating amounts due under an ERISA-governed plan." Doc. 50 at 10 (internal quotation omitted). Plaintiff is mandating nothing, however. She is simply alleging that TIAA-CREF failed to meet industry and regulatory standards for processing her redemption request, and that it should not be able to keep investment gains earned on her money as a result. TIAA-



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

CREF also declares that "resolution of the claims would involve interpreting the plan, its design, and ERISA," *id.* at 12, but declaring a thing does not make it so. As TIAA-CREF itself has explained, neither a retirement plan nor the ERISA statute can supersede regulatory requirements governing mutual fund redemptions. *See Bauer-Ramazani*, Doc. 376 at 8-9. There is thus no need to interpret the plan or ERISA to address Plaintiff's common law claims.

Citing *Davila*, TIAA-CREF next argues that Plaintiff's common law claims are preempted because they "'duplicate, supplement, or supplant' her ERISA cause of action.'" Doc. 50 at 13 (quoting *Davila*, 542 U.S. at 208). This is not a full or accurate statement of the *Davila* test, however. What *Davila* says is that a state law claim may not duplicate, supplement or supplant an ERISA remedy if the claim could have been brought under section 502(a)(1)(B) *and* "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210. Where, as here, there is no such claim and there is an independent legal duty, the state law cause of action is not preempted simply because it overlaps with an ERISA claim. *See Gerosa*, 329 F.3d at 325.

Finally, TIAA-CREF relies on this Court's decision in *Bauer-Ramazani,* which granted its motion to dismiss Prof. Walker's common law claims as preempted. *See* Doc. 50 at 13-14. Notably, however, Prof. Walker did not claim a breach of the fiduciary duty of care. That claim, based solely on TIAA-CREF's failure to pay out Plaintiff's funds in accordance with industry and regulatory standards, makes clear that neither the particulars of the St. Michael's College Plan nor the benefit determinations of the plan administrator or employer are at issue. Prof. Walker also did not point out (and the Court did not consider) that section 502(a)(1)(B) of ERISA did not apply to his common law claims, as the first prong of the *Davila* test requires.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 4 -

Based on Prof. Cummings' factual allegations and legal claims, TIAA-CREF's motion to dismiss Counts IV and V should be denied.

<u>Discussion</u>

I.   COUNTS IV AND V OF THE COMPLAINT ARISE UNDER COMMON LAW AND ARE NOT BASED ON THE PARTICULARS OF PLAINTIFF'S RETIREMENT PLAN OR ERISA.

Before turning to the specific preemption tests which apply, it is important to understand precisely what Plaintiff's common law claims are. Like Plaintiff's ERISA claims, they stem from the mishandling of her redemption request. However, they are based on TIAA-CREF's breach of its fiduciary duty under common law, rather than under ERISA. In seeking to dismiss, TIAA-CREF does not dispute that it is a common law fiduciary, and it would be difficult to do so. *See, e.g., Rink v. CREF*, No. 07-CI-10761, Order Denying Summary Judgment (Ky. Cir. March 3, 2011) ("There is little question that CREF had a fiduciary duty to Rink") (copy attached as Ex. 1); *see also Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 510 (2d Cir. 1994) ("The relationship between a stockbroker and its customer is that of principal and agent and is fiduciary in nature"); *O'Malley v. Boris*, 742 A.2d 845, 849 (Del. 1999) (same).

Count IV of the Second Amended Complaint alleges that TIAA-CREF violated its common law fiduciary duty of care "to transmit, execute, and settle customer sell order in accordance with regulatory requirements and industry standards." Doc. 39, ¶ 63. Notably, Norman Walker did not make that claim in his lawsuit against TIAA-CREF, a point TIAA-CREF emphasized in seeking to prevent Profs. Bauer-Ramazani and Duffy from raising it later. *See Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190 (D. Vt.), Docs. 388 and 393. The claim is well-recognized as a matter of common law. *See* Mary F. Radford, George G. Bogert & George T. Bogert, THE LAW OF TRUSTS AND TRUSTEES, § 1010 at 481-83 (3d ed. rev. 2010) ("Bogert")

gravel &
shea   |ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

("duty of trustee to make payments or distributions . . . at the prescribed time . . . is absolute");
Restatement (Third) of Agency ("Agency Restatement") § 8.09 cmt. 6, illus. 2 (2006) (broker
who fails to execute an order promptly breaches the duty of care); *Goodrich v. E.F. Hutton
Group, Inc.*, 542 A.2d 1200 (Del. Ch. 1988) (plaintiff alleging that broker delayed receipt of
distribution checks and kept float stated cause of action for breach of fiduciary duty).

Count V of the Second Amended Complaint alleges that TIAA-CREF violated its
common law fiduciary duty of loyalty by retaining investment gains generated by Plaintiff's
funds during its own processing delay. *See* Doc. 39 at 14, ¶¶ 66-69.  The Complaint alleges that
"TIAA-CREF used such gains to meet its legal obligations to other customers and to cover
administrative expenses." *Id.* at ¶ 69.  The common law duty of loyalty requires investment
gains to be paid to the customer whose funds generated them. *See* Agency Restatement § 8.01
cmt. d; § 8.02 cmt. e; § 8.05(1) cmt. b; *see also* Bogert, § 1010.

Plaintiff's claims arise independently of Plaintiff's retirement plan or ERISA.  She would
have exactly the same common law claims if she had invested with TIAA-CREF directly, rather
than through her retirement plan.  She would also have exactly the same claims if her retirement
plan (like the University of Vermont's, for example) did not happen to be covered by ERISA.[3]

---

[3] TIAA-CREF argues at length that Plaintiff's claims are governed by its prospectus,
*see* Doc. 50 at 2-4, though this issue is not pertinent to preemption.  To respond briefly, TIAA-
CREF's prospectuses cannot excuse it from adhering to industry standards and regulatory
requirements governing redemptions.  An institutional fiduciary may not give itself permission to
violate its fiduciary duties or federal regulations. *See* Bogert, § 542 & Supp. (discussing
exculpatory clauses).



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

II.    THE SUPREME COURT AND SECOND CIRCUIT HAVE BOTH EMPHASIZED THAT DEFENDANTS BEAR "A CONSIDERABLE BURDEN" IN OVERCOMING THE PRESUMPTION THAT STATE LAW CLAIMS ARE NOT PREEMPTED BY ERISA.

   A.    The "Expansive" Approach To Preemption Advocated By TIAA-CREF Is No Longer Good Law.

In addition to understanding Plaintiff's common law claims, it is also critical to understand the starting presumption that they are *not* preempted and the "heavy burden" TIAA-CREF bears in seeking to overcome it. *Hattem v. Schwarzenegger*, 449 F.3d 423, 428 (2d Cir. 2006). TIAA-CREF incorrectly insists that express preemption under section 514 of ERISA is "very broad" and "deliberately expansive," citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). *See* Doc. 50 at 9-10.[4]

The Supreme Court has changed course since *Pilot Life*, however, and the Second Circuit has followed suit. As the Second Circuit said in *Gerosa*, since *Pilot Life* "there has been a significant change in [ERISA] preemption analysis that necessitates revamping our once-broad view of its scope." *Id.*, 329 F.3d at 327. That scope has been "greatly narrowed." *Hattem,* 449 F.3d at 428. A party seeking preemption now must overcome the "considerable burden" of a presumption that Congress did *not* intend to preempt traditional state law causes of action under ERISA. *See DeBuono v. NYSA-ILA Med. and Clinical Servs. Fund*, 520 U.S. 806, 814 (1997).

The Supreme Court announced its course correction eight years after *Pilot Life*, in *N.Y. State Conf. of BC/BS Plans v. Traveler's Ins. Co.*, 514 U.S. 645 (1995). It considered there whether a New York state surcharge on hospital and HMO patients not covered by Blue Cross/Blue Shield was preempted by ERISA. The Second Circuit had found preemption. *See*

---

[4] It also relies on *Towne v. Nat'l Life of Vt., Inc.*, 130 F. Supp. 2d 604, 608 (D. Vt. 2000), for the proposition that section 514(a) "is construed very broadly." *Id.*



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

*Travelers Ins. Co. v. Cuomo*, 14 F.3d 708, 718 (1994). As TIAA-CREF does here, it said that

the term "related to" is to be accorded its "broad common sense meaning" to give "effect to the

'deliberately expansive' language chosen by Congress." *Id.* (quoting *Pilot Life*, 481 U.S. at 46).

The Supreme Court reversed. It observed that, if the term "relate to" "were taken literally

to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption

would never run its course, for 'really, universally, relations stop nowhere.'" *Travelers*, 514

U.S. at 655 (quoting Henry James, *Roderick Hudson* xli (New York ed., World's Classics 1980)

(1875)). Rather, the Court said, "in cases like this one, where federal law is said to bar state

action in fields of traditional state regulation, we have worked on the 'assumption that the

historic police powers of the States were *not* to be superseded by the Federal Act unless that was

the clear and manifest purpose of Congress." *Id.* at 655 (quoting *Rice v. Sante Fe Elevator

Corp.*, 331 U.S. 218, 230 (1947)) (emphasis added).

Rather than applying the term "relate to" literally, *Travelers* concluded that "[w]e simply

must go beyond the unhelpful text and frustrating difficulty of defining its key term and look

instead to the objectives of the ERISA statute as a guide to the scope of the state law that

Congress understood would survive." 514 U.S. at 656. "The basic thrust of the [ERISA] pre-

emption clause," it concluded, "was to avoid a multiplicity of regulation in order to permit the

nationally uniform administration of employee benefit plans." *Id.* at 657.

Applying that policy, *Travelers* found that New York's surcharge was *not* preempted. It

reached that conclusion even though such surcharges "do make the Blues more attractive (or less

unattractive) as insurance alternatives and thus have an indirect economic effect on choices made

by insurance buyers, including ERISA buyers." 514 U.S. at 659. The Court held, however, that

Congress did not intend to preempt state laws that only affect ERISA plans indirectly, as long as

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

such laws do not "force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers." *Id.* at 668.

*Travelers* also rejected the "connection with" analysis which the Supreme Court had adopted earlier in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). *Travelers* pointed out that trying to construe "connection with" "is no more help than trying to construe 'relate to.' For the same reasons that infinite relations cannot be the measure of preemption, neither can infinite connections." *Id.*, 514 U.S. at 656.

The Supreme Court confirmed its change of course in even stronger terms two years later in *DeBuono*. *DeBuono* again involved a New York state tax, which the Second Circuit had again held was preempted. The Second Circuit found that the tax "depletes the fund directly, and thus has an immediate impact on the operations of an ERISA plan." *NYSA-ILA Medical and Clinical Servs. Fund v. Axelrod*, 74 F.3d 28, 30 (2d Cir. 1996).

Reversing, the Supreme Court criticized the Second Circuit for relying "on an expansive and literal interpretation of the words 'relate to' in §514(a) of ERISA." *DeBuono*, 520 U.S. at 812. The Second Circuit "fail[ed] to give proper weight to *Travelers*' rejection of a strictly literal reading of §514(a)." *Id.* at 812-13. *DeBuono* again emphasized that parties claiming ERISA preemption "bear the considerable burden of overcoming 'the starting presumption that Congress does not intend to supplant state law.'" *Id.*, 520 U.S. at 814 (quoting *Travelers*, 514 U.S. at 654).[5]

---

[5] On the merits, *DeBuono* concluded that the New York state tax was not preempted. "The [tax]," it said "is one of 'myriad state laws' of general applicability that impose some burdens on the administration of ERISA plans but nevertheless do not 'relate to' them within the meaning of the governing statute." 520 U.S. at 815 (citations omitted). It explained that any state law "that increases the cost of providing benefits to covered employees will have some effect on the administration of ERISA plans, but that simply cannot mean that every state law with such an effect is preempted by the federal statute." *Id.*

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

B.       Following *Travelers* And *DeBuono*, The Second Circuit Has Recognized That The Scope Of ERISA Preemption Has Been "Greatly Narrowed."

Based on *Travelers*, the Second Circuit in *Gerosa* renounced its earlier broad approach to ERISA redemption. *See id.*, 329 F.3d at 326-27.  As it said, "*Travelers* occasioned a significant change in preemption analysis." *Id.*  Noting that several sister circuits had also reconsidered their precedents, the Second Circuit explained that its earlier broad preemption analysis "is no longer consistent with prevailing Supreme Court precedent." *Id.* at 327.  Specifically, it said that its earlier decision setting forth that approach, *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir. 1992), "has been . . . superseded." *Id.* at 328.  Now, the Court said, "we begin with the presumption that Congress does *not* intend to displace state law, especially in traditional areas of state control." *Id.* (emphasis added).

The Second Circuit confirmed the stricter approach in *Hattem v. Schwarzenegger*, 449 F.3d 423 (2d Cir. 2006).  *Hattem* stressed that, "[a]lthough a plain reading of this [ERISA preemption] statute lends itself to an extremely broad interpretation, the Supreme Court has *greatly narrowed* the scope of this section" and "declined to interpret 'relate to' literally." *Id.*, 449 F.3d at 428 (emphasis added).  Like *Gerosa*, it also emphasized the Supreme Court's "starting presumption that Congress does *not* intend to supplant state law." *Id.*  (Emphasis added.)  *Hattem* characterized that presumption as a "heavy burden" for parties seeking pre-emption. *Id.*[6]

The Second Circuit has adhered to its narrower preemption analysis ever since. *See, e.g.*, *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 238 (2d Cir. 2014) ("must start with presumption that Congress does not intend to supplant state law"); *Stevenson v. Bank of N.Y. Co.*, 609 F.3d 56, 61-

---

[6] *Hattem* held that a challenge by AT&T to California's "unrelated business taxable income" law was not preempted. *See id.*, 449 F.3d at 429-33.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

62 (2d Cir. 2010) ("broad view of ERISA preemption was misguided").  Under the current

analysis, claims based on state statutes or common law claims have been found not to be

preempted in numerous cases.[7]


III.    PLAINTIFF'S COMMON LAW CLAIMS ARE NOT PREEMPTED BECAUSE THEY
        ARE NOT BASED ON THE PARTICULARS OF THE ST. MICHAEL'S PLAN AND
        DO NOT REQUIRE A PLAN ADMINISTRATOR, EMPLOYER OR BENEFICIARY
        TO FOLLOW A STANDARD INCONSISTENT WITH ERISA.

        A.    The Second Circuit Established Its Current Test For Preemption Of Common Law
              Claims In *Stevenson v. Bank of N.Y.*

        The Second Circuit set forth its current preemption analysis in *Stevenson v. Bank of N.Y.*

*Co.*, 609 F.3d 56 (2d Cir. 2010).  In ruling there that the plaintiff's common law claims there

were not preempted, it stressed three points:  (1) the strong presumption against ERISA

preemption; (2) the fact the defendant's liability did not derive from "'the particular rights and

obligations of any benefit plan'"; and (3) the fact that none of the claims would "require a plan

administrator, employer, or beneficiary to follow a standard inconsistent with those provided by

ERISA."  *Id.* at 60-61 (quoting *Davila*, 542 U.S. at 213 (2004)).

        The plaintiff in *Stevenson* brought breach of contract, fraud and defamation claims in

state court against his former employer, the Bank of New York.  He alleged that the bank had

broken its promise to maintain his ERISA benefit plans while he took a leave of absence.  *See*

*id.*, 609 F.3d at 58.  The bank first removed the case to federal court based on "complete

---

[7] In addition to *Wurtz, Stevenson,* and *Gerosa, see Levy v. Young Adult Inst., Inc.*, No. 13
Cir. 2861, 2014 U.S. Dist. LEXIS 44987 (S.D.N.Y. 2014); *Conn. Gen. Life Ins. Co. v. Advanced
Chiro. Healthcare,* No. CV 13-2784, 2014 U.S. Dist. LEXIS 14891 (E.D.N.Y. 2014); *Chernick
v. Solow Realty & Dev. Co., LLC*, No. 12 Cir. 5564, 2013 U.S. Dist. LEXIS 99937 (S.D.N.Y.
2013); *Collins v. So. New Engl. Tel. Co.*, 617 F. Supp. 2d 67 (D. Conn.2009); *Cantor v. Am.
Banknote Corp.*, No. 06 Civ. 1392 (PAC), 2007 U.S. Dist. LEXIS 78058 (S.D.N.Y. 2007).



gravel &
shea  |  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION                    - 11 -

preemption" under section 502 of ERISA, 29 U.S.C. § 1132, then moved to dismiss based on "express preemption" under section 514(a), 29 U.S.C. § 1144(a). *See id.*[8]

The district court ruled that removal was appropriate based on "complete preemption," and that each of the plaintiff's claims (except defamation) was "related to" a benefit plan and therefore expressly preempted under section 514 of ERISA. *See Stevenson,* 609 F.3d at 59. Rather than dismissing, however, it allowed the plaintiff to re-plead his state law claims as ERISA claims. *Id.* The plaintiff did so, but he also reasserted his state law breach of contract and unjust enrichment claims. *See id.* at 68. The trial court then dismissed the amended complaint. It concluded that the plaintiff had failed to exhaust his administrative remedies with respect to his ERISA claims, and that his breach of contract and unjust enrichment claims were preempted under section 514 of ERISA. *See id.*

The Second Circuit reversed. *See Stevenson,* 609 F.3d at 60. "First," it explained, "the defendant's asserted liability under the original complaint does not 'derive' from 'the particular rights and obligations established by any benefit plan.'" *Id.* (quoting *Davila,* 542 U.S. at 213 (2004)). Accordingly, "their resolution does not require a court to review the propriety of an administrator's or employer's determination of benefits under such a plan." *Id.*

Second, *Stevenson* concluded, "none of Stevenson's state law causes of action purport to require a plan administrator, employer or beneficiary to follow a standard inconsistent with those provided by ERISA." *Id.*, 609 F.3d at 61. While the operation of the bank's benefit plans "would need to be referenced in order to establish the extent of [plaintiff's] damages," it said, "the actual administration and funding of those plans would be unaffected." *Id.*

---

[8] Under the doctrine of "complete pre-emption" a claim brought in state court under state law may be recast as an ERISA claim and removed to federal court based on federal question jurisdiction. *See, e.g., Wurtz,* 761 F.3d at 238-39 (2d Cir. 2014).

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

The Second Circuit also rejected the lower court's argument that the plaintiff's claims were preempted because they "make specific reference to and, indeed, are premised on, the existence of a pension plan." 609 F.3d at 61. It explained that the claims referred to the plans "solely as a means of describing the consideration underlying an alleged contract that itself is separate from the terms of any plan." *Id.* The state law claims were not preempted, *Stevenson* ruled, because "they will not affect the referenced plans, particularly not in a way that threatens ERISA's goal of uniformity." *Id.*[9]

B.    Plaintiff's Common Law Claims Are Not Preempted Under The *Stevenson* Test.

The *Stevenson* test precludes preemption here. Prof. Cummings' claims also do not "derive[ ] from the particular rights and obligations established by" the St. Michael's College

---

[9] TIAA-CREF cites two cases decided before *Stevenson* for the proposition that state law claims are preempted if they "'make explicit reference to the Plan'" or would require "the trier of fact necessarily . . . to consult the ERISA plan to resolve the plaintiff's claims." Doc. 50 at 12 (quoting *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008), and *Harris v. Harvard Pilgrim Health Care, Inc.*, 208 F.3d 274, 281 (1st Cir. 2000).

Apart from the fact that *Stevenson* supercedes them on this point, both cases are distinguishable. The plaintiff in *Paneccasio* brought claims against the trustees of his retirement plan and his employer for "a wrongful denial of benefits promised under an ERISA-regulated plan." *See id.*, 532 at 114. He did not claim "any violation of a legal duty independent of ERISA." *Id.*

In contrast to *Paneccasio*, Prof. Cummings does not claim the "wrongful denial of benefits promised under an ERISA-regulated plan." She claims that TIAA-CREF (not her employer or plan administrator) did not timely process her distribution request, then retained investment gains which her funds generated during the delay. Unlike *Paneccasio,* Prof. Cummings *is* asserting a legal duty which is independent of ERISA; *viz.*, common law fiduciary duty. For all of these reasons, *Paneccasio* does not support preemption in this case.

*Harris*, which is not from this Circuit, must also be distinguished. The case involved a claim that the plaintiff's *ERISA plan itself* violated the Massachusetts consumer fraud statute because it required full reimbursement of medical benefits from any tort recovery, with no deduction for the attorney's fees incurred to obtain the recovery. *See id.*, 208 F.3d at 281. Such a claim would fail the *Stevenson* test, because it "derive[s] from the particular . . . obligations established by [the] benefit plan." *Stevenson*, 609 F.3d at 60. Here, Prof. Cummings' state law claims derive from common law, not the particulars of the St. Michael's plan.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 13 -

retirement plan. *Stevenson*, 609 F.3d at 60. The issue here is not whether a particular medical procedure should be covered, as in *Davila*, nor whether an employer may terminate a retirement annuity. *Cf. Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101 (2d Cir. 2008). As in *Stevenson*, the Court is not required "to review the propriety of an administrator's or employer's determination of benefits." Rather, the question is whether TIAA-CREF, a third-party service provider, breached its common law fiduciary duty by failing to process Plaintiff's order in a timely fashion, then retaining the investment gains generated by her funds during the delay.

Prof. Cummings' state law claims also do not require TIAA-CREF "to follow a standard inconsistent with those provided by ERISA." *Stevenson*, 609 F.3d at 61. She simply asks that TIAA-CREF return the investment gains it made. Nothing in ERISA gives TIAA-CREF a right to keep them. On the contrary, imposing liability for such conduct is consistent with "insuring the honest administration of financially sound plans [which] is critical to the accomplishment of ERISA's mission." *Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 23 (2d Cir. 1996). As *Geller* emphasizes, "[t]he unauthorized diminution of pension benefits . . . is squarely at odds with the congressional purpose of protecting pension benefits." *Id.* In short, ERISA's goals and those of Prof. Cummings are aligned.

IV.  **PREEMPTION IS ALSO NOT APPROPRIATE UNDER *DAVILA*, BECAUSE PLAINTIFF'S COMMON LAW CLAIMS MEET NEITHER OF ITS TWO TESTS.**

A.  <u>Plaintiff's Claims Are Not Brought Under Section 502(a)(1)(B) Of ERISA.</u>

TIAA-CREF cites the Supreme Court's decision in *Aetna Health v. Davila*, 542 U.S. 200 (2004) repeatedly in seeking dismissal, *see* Doc. 50 at 9, 10, 12, 13, but Plaintiff's claims satisfy neither prong of its two-part test. *Davila* is a "complete preemption" case under section 502 of

gravel & shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 14 -

ERISA, meaning it presents the issue of whether a cause of action brought under state law may be recast as a federal claim so as to support removal jurisdiction. *See id.*, 542 U.S. at 207-08.[10]

As the Second Circuit has explained,

> under *Davila,* claims are completely preempted by ERISA if they are brought (i) by an individual [who] at some point in time, could have brought his claim under ERISA § 501(a)(1)(B), and (ii) under circumstances in which there is no other independent legal duty that is implicated by a defendant's action.

*Wurtz*, 761 F.3d at 241.   State law claims are preempted only if they satisfy both parts of this test. *Id.*

Plaintiff's common law claims here satisfy neither part.  Her claims are not cognizable under section 502(a)(1)(B) of ERISA, because they do not seek "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." *See Davila*, 542 U.S. at 210.  Rather, they are based on TIAA-CREF's mishandling of her redemption request and seek to recover investment gains earned on her funds during the delay.  Indeed, TIAA-CREF's position is that Plaintiff has no valid ERISA claim at all, as it made clear in *Bauer-Ramazani.*  TIAA-CREF asserted there that it is not an ERISA fiduciary, and that the investment gains Prof. Cummings seeks to recover are not "plan assets." *See id.*, Doc. 341 at 18-23; Doc. 376 at 5-8. Rather, it asserted that class members had only common law claims.  *See id.*  TIAA-CREF also believes

---

[10] Because it provides a basis for removal, "complete jurisdiction" is "'really a jurisdictional rather than a preemption doctrine.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund,* 538 F.3d 594, 596 (7th Cir. 2008)).  As such, it is not clear whether "complete preemption" may serve as a basis for dismissing state law claims brought in federal court. *See Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2014 U.S. Dist. LEXIS 44987, *15 & note 6 (March 31, 2014) (declining to reach issue).

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 15 -

that Prof. Cummings has no prohibited transaction claim under ERISA.  *See id.*, Doc. 376 at 14-15.[11]

> B.    Plaintiff's Common Law Claims Are Based On A Legal Duty Independent Of ERISA.

TIAA-CREF also cannot meet its burden under the second prong of the *Davila* test.  As discussed in Part I above, Counts IV and V of the Second Amended Complaint are based on independent state law grounds, namely common law fiduciary duty.  That duty arose because Plaintiff entrusted her funds to TIAA-CREF to invest.  *See Conway v. Icahn & Co.,* 16 F.3d 504, 510 (2d Cir. 1994) (relationship between broker and customer is fiduciary in nature); *O'Malley v. Boris*, 742 A.2d 845, 849 (Del. 1999) (same).  The court in *Rink v. CREF*, No. 07-CI-10761 (Ky. Cir. May 3, 2011), also held that TIAA-CREF owed a fiduciary duty to its customers, a determination which is also binding in this case.  *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979).  In any event, in seeking to dismiss TIAA-CREF does not dispute that it did owe a common law fiduciary duty to Prof. Cummings in handling her redemption request.

As one district court in this Circuit recently noted in rejecting complete preemption of plaintiffs' claim for breach of fiduciary duty, "'state law has traditionally prescribed the standards of professional liability, and state actions for breach of fiduciary duties 'merely

---

[11] This Court has not ruled on whether Prof. Cummings has a colorable claim under ERISA.  In *Bauer-Ramazani*, it held that Prof. Bauer-Ramazani's and Duffy's claims for breach of fiduciary duty survived summary judgment because "[a] finder of fact could conclude defendants' transfer of plaintiffs' participant account values to Milliman outside the seven-day window provided in the prospectus was an exercise of actual control over disposition of plan assets such that defendants acted as ERISA fiduciaries." *Id.*, Doc. 404 at 12.  However, it had earlier denied Prof. Cummings' motion to intervene in the *Bauer-Ramazani* case, because less than seven days had elapsed between the date deemed by TIAA-CREF to be the "Effective Date" (May 1, 2007) and the date TIAA-CREF cut a check for Prof. Cummings' funds (May 7, 2007). *See* Doc. 202 (Minute Entry).



gravel &
shea   | ATTORNEYS AT LAW

76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 16 -

place[ ] the plaintiff . . . in the same position as any other state economic actor.'" *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2014 U.S. Dist. LEXIS 44987, *22 (S.D.N.Y. March 31, 2014) (quoting *Gerosa*, 329 F.3d at 324). As it said, fiduciary "duties are traditionally regulated under state law." *Id.; see also Scripps Health v. Schaller Anderson LLC,* No. 12cv252 AJB (DMB), 2012 U.S. Dist. LEXIS 87631, *16-*18 (June 22, 2012) (breach of fiduciary duty and other common law claims not "completely preempted" under second prong of *Davila* because they implicate legal duties other than ERISA).[12]

## V.  THE FACT THAT PLAINTIFF'S COMMON LAW AND ERISA CLAIMS ARE BASED ON THE SAME FACTUAL ALLEGATIONS IS NOT A GROUND FOR PREEMPTION.

Contrary to TIAA-CREF's memorandum, the fact that Plaintiff's ERISA and common law claims stem from the same conduct also does not require preemption. As the Second Circuit said in *Gerosa*, "[t]he Supreme Court has . . . thrown 'cold water' on the idea that state regulation of health and safety is necessarily preempted even when it overlaps with rights protected by ERISA." *Id.*, 329 F.3d at 327 (internal quotation omitted). Because Plaintiff would have exactly the same common law claims if she had purchased her shares directly from TIAA-CREF or through a plan not governed by ERISA, such claims are not preempted.

The Second Circuit established in *Gerosa* that state law claims are not preempted under ERISA just because ERISA claims have been or could be brought on the same facts. The plaintiffs there, trustees of a union pension fund, asserted *both state law and ERISA claims* against the plan's actuary after it mistakenly reported that the pension fund was overfunded. *See id.*, 329 F.3d at 319-20. Although the Court assumed (without deciding) that plaintiffs stated a valid ERISA claim against the actuary, *see id.* at 324-25, it nevertheless held that their common

---

[12] *Levy* and *Scripps Health* are discussed further in Part VI.



gravel &
shea  |ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 17 -

law claims were not preempted and should not have been dismissed. *See id.* at 325-26.

According to *Gerosa*, there is no "categorical rule barring state causes of action that might

overlap with ERISA." *Id.* at 325. Rather, it explained, "preemption depends on whether state

remedies are consistent with ERISA's core purposes." *Id.* It held that the money damages

sought by the plaintiff-trustees were fully consistent with ERISA. *See id.* at 328-30.[13]

     Following the Supreme Court's decision in *Davila* in 2004, the Second Circuit confirmed

its *Gerosa* analysis in *Stevenson*. Citing *Gerosa*, it rejected the Bank's argument "that

Stevenson's claims necessarily relate to ERISA benefits because his original [with state law

claims only] and amended complaints [with such claims recast as ERISA claims] allege the same

underlying facts." *Id.* at 61. *Stevenson* vacated the district court's decision and remanded with

instructions to the district court to remand the case to state court. *See id.* at 62.

VI.     THE SECOND CIRCUIT AND DISTRICT COURTS HAVE RECENTLY DENIED
          BOTH COMPLETE AND EXPRESS PREEMPTION OF STATE LAW CLAIMS.

    A.    <u>The Second Circuit Recently Found That A State Law Challenge To An Insurer's
        Subrogation Rights Was Not Preempted, Even Though The ERISA Plan Itself
        Provided A Right To Subrogation.</u>

     The Second Circuit very recently confirmed its *Stevenson* preemption analysis in *Wurtz v.*

*Rawlings Co., LLC*, 761 F.3d 232 (2d Cir. 2014). The defendant there, the Rawlings Co., was

engaged in prosecuting subrogation claims on behalf of a health insurance company against tort

plaintiffs who received medical benefits before settling personal injury lawsuits. *See id.* at 237

---

     [13] The Second Circuit noted that it had earlier allowed a plaintiff's state law fraud claim
to stand despite the availability of ERISA remedies in *Geller v. County Line Auto Sales, Inc.*, 86
F.3d 18, 21-23 (2d Cir. 1996). *See Gerosa*, 329 F.3d at 326. It also pointed to decisions by the
Fourth and Seventh Circuits holding that state law claims were not preempted despite ERISA
claims based on the same facts. *See id.*, citing *LeBlanc v. Cahill*, 153 F.3d 134, 147-48 (4th Cir.
1998); *Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 777-79 (7th Cir. 2002).


gravel &
shea  |  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

& n. 4.[14]  Plaintiffs Meghan Wurtz and Mindy Burnovski filed a class action in New York state

court alleging that *Rawlings* was prohibited from bringing such claims under a New York statute.

*Id.*[15]  Rawlings removed the case to federal court on the basis of "complete preemption" under

section 502 of ERISA, then sought to dismiss under section 514.  *Id.*

  The district court held that complete preemption applied, because the benefits had been

paid out under ERISA plans which provided for subrogation.  *Wurtz*, 761 F.3d at 237.  It then

dismissed the plaintiffs' claims as preempted under both section 502 and section 514 of ERISA,

concluding that they "effectively seek to cut off defendants' reimbursement rights under the

[ERISA] plans" and "are inextricably intertwined with the interpretation of Plan coverage and

benefits."  *Id.* at 242-43 (internal quotations omitted).

  The Second Circuit reversed, holding that the plaintiffs' claims were subject to neither

complete nor express preemption.  *Wurtz*, 761 F.3d at 245.  Relying on *Stevenson*, it explained

that the plaintiffs' claim "did not require a court to review the propriety of an administrator's or

employer's determination of benefits."  *Id.* at 243.  "Moreover," it said, "ERISA neither requires

a welfare plan to contain a subrogation clause nor does it bar such clauses or otherwise regulate

their content."  *Id.*

  The same is true of Prof. Cummings' state law claims.  This Court need not review any

benefit determination by St. Michael's College.  Rather, the actions of a third party service

provider are at issue.  Moreover, the merits of Counts IV and V do not turn on any provision of

the ERISA statute, since TIAA-CREF is a fiduciary under common law.

---

[14] The insurer, Oxford Health Plans (NY), Inc., and its parent, United Health Group, were
also named defendants.  *See id.* at 237.

[15] The New York statute reflects the fact that plaintiffs bringing personal injury suits in
that state may not be awarded medical benefits paid out by an insurer.  *See id.*, n. 3



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

B.     Since *Stevenson,* District Courts In This Circuit And Elsewhere Have Held That Common Law Breach Of Fiduciary Claims Are Not Preempted.

Based on *Stevenson*, the district court in *Levy v. Young Adult Institute, Inc.*, No. 13 Civ. 2861, 2014 U.S. Dist. LEXIS 44987 (S.D.N.Y. March 31, 2014), recently denied the defendant's motion to dismiss a claim for breach of fiduciary duty against an ERISA plan's lawyer based on preemption.  Plaintiffs alleged that the lawyer owed them a fiduciary duty "based on a long-standing working relationship . . . and special bond of trust," and that the lawyer should have advised them to obtain independent counsel before they agreed to release certain plan benefits. *See id.* at 24.

In addressing the defendant's preemption argument, the *Levy* court focused on the following statement from *Stevenson:*

> Should Stevenson ultimately succeed in his state court action . . . the actual administration and funding of [ERISA-regulated] plans would be unaffected . . . Stevenson's suit neither interferes with the relationships among core ERISA entities nor tends to control or supersede their functions . . .

2014 U.S. Dist. LEXIS 44987, *20 (quoting *Stevenson*, 609 F.3d at 61).

*Levy* found that the same was true of the plaintiff's breach of fiduciary duty claim.  The "alleged breach of [fiduciary] duty was independent of the benefits conferred under the pension plan," 2014 U.S. Dist. LEXIS 44987, *25, and "it did not involve any rights arising from an ERISA plan or affect the relationship among the plan and other core ERISA entities." *Id.*, *22. Relying on *Gerosa*, *Levy* also pointed out that "state actions for breach of fiduciary duties 'merely place[ ] the [plan attorney] . . . in the same position as any other state economic actor, and [there is] 'no reason to believe that Congress would have wanted to preempt the claim.'" *Id.* (quoting *Gerosa*, 329 F.3d at 324).  *Levy* also noted that damages "can be awarded without reference to the terms of any ERISA-regulated plan." *Id.* at 25-26.  For all of these reasons, it


gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

concluded that "this claim cannot be deemed preempted at the pleadings stage and will not be dismissed." *Id.*

Based on *Levy's* reasoning, Prof. Cummings' common law claims also would not be preempted. Her claim is that TIAA-CREF breached its duties under common law, not under the terms of the plan. The claims do not involve or affect the plan administrator, and the relief sought does not depend on the terms of the plan. Rather, it depends on the amount of investment gains generated by Prof. Cummings' funds after they should have been redeemed but were not.

A second federal case decided this past summer is instructive, because it involved both ERISA and common law breach of fiduciary duty claims against a third-party claims administrator for "failing to pay claims properly." *See Scripps Health v. Schaller Anderson, LLC*, No. 12-cv-252 (AJB), 2012 U.S. Dist. LEXIS 87631, *10 (S.D. Calif. June 22, 2012) (internal quotations and brackets omitted). Denying defendant's motion to dismiss, *Scripps Health* held that plaintiff's common law breach of fiduciary duty claim was not preempted under either section 514 or section 502(a) of ERISA.

The plaintiff in *Scripps Health*, a company with an ERISA-regulated health care plan, alleged that the plan's claims administrator had failed to apply promised discounts, resulting in a $4.4 million overpayment. *See id.* at *2-*3. It alleged violations of fiduciary duty under both ERISA and common law, as well as other common law claims. *See id.* at *4. Like TIAA-CREF here, the defendant moved to dismiss on preemption grounds. *Id.* at *4-*5.

Rejecting the defendants' express preemption argument under section 514, the court noted first that "[t]his lawsuit is not about the denial of benefits or breach of an employee health benefit plan." *Scripps Health*, 2012 U.S. Dist. LEXIS at *10. Rather, it involved "failing to pay claims properly." *Id.* The plaintiff's common law claims, it said, "are only tangentially related

to the administration of the employee benefit plan." *Id.* "More importantly," it said, they

"cannot be considered the types of claims that Congress intended to preempt." *Id.* Echoing

*Stevenson*, the court explained that "[t]he state law claims do not address the employee benefit

structure or the administration of benefits; they are not aimed at binding employers or plan

administrators to particular practices, nor do they preclude uniform administrative practices; and

they are not an alternative enforcement mechanism for employees to obtain benefits." *Id.* at *11-

*12. The same is true of Prof. Cummings' common law claims in the instant case.

     *Scripps Health* also ruled that the plaintiff's common law claims were not barred by

"complete preemption" under section 502(a) of ERISA. *See id.*, 2012 U.S. Dist. LEXIS at *14-

*18. Applying the two-part *Davila* test, it explained that the plaintiff was not suing under section

501(a)(1)(B) "'to recover benefits due him under the terms of his plan, to enforce his rights

under the terms of the plan, or to clarify his rights under the terms of the plan,' which is precisely

all §502(a)(1)(B) provides." *Id.* at *15. Failing to pay claims properly, it said, is not a wrong

within the scope of § 502(a)(1)(B). *See id.* at *16.

     *Scripps Health* also concluded that preemption was improper under the second prong of

the *Davila* test, because the plaintiff's breach of fiduciary duty claim, and its other state law

claims, were based on legal duties independent of ERISA. *See* 2012 U.S. Dist. LEXIS, *16. As

it said, "Plaintiff's claims are based on contractual obligations resulting from the administrative

services agreement, not the terms of the ERISA plan. As such, plaintiff has alleged defendants'

actions implicate a legal duty independent of the Plan." *Id.* at *17. Prof. Cummings common

law claims against TIAA-CREF for mishandling her redemption request also are not based on

the terms of the St. Michael's College plan but on its independent legal duty as a fiduciary.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

<u>Conclusion</u>

TIAA-CREF's motion to dismiss fails to overcome the strong presumption that Plaintiff's common law claims are not preempted. Such claims do not meet the test for preemption under *Stevenson*, because they do not derive from rights or obligations established by any benefit plan, nor do they require a plan administrator, employer, or beneficiary to follow a standard inconsistent with ERISA. Preemption is also inappropriate under *Davila*, both because Plaintiff's claims do not arise under section 502(a)(1)(B) of ERISA and because they are based on legal duties independent of ERISA. TIAA-CREF's motion to dismiss Counts IV and V should be denied.

Dated:      Burlington, Vermont
             December 17, 2014

*/s/ Norman Williams*
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com
     and
Thomas A. Tucker Ronzetti, Esq.
Kenneth Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com
krh@kttlaw.com
For Plaintiff

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 23 -