**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Docket No. 1:12-cv-93<br>TEACHERS INSURANCE AND ANNUITY )<br>ASSOCIATION OF AMERICA - COLLEGE )<br>RETIREMENT AND EQUITIES FUND )<br>(TIAA-CREF), COLLEGE RETIREMENT )<br>AND EQUITIES FUND (CREF), TEACHERS )<br>INSURANCE AND ANNUITY )<br>ASSOCIATION OF AMERICA (TIAA), )<br>TIAA-CREF INVESTMENT )<br>MANAGEMENT, LLC (TCIM), TEACHERS )<br>ADVISORS, INC. (TAI), AND TIAA-CREF )<br>INDIVIDUAL AND INSTITUTIONAL )<br>SERVICES, LLC, )<br>)<br>Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**COUNTS IV AND V OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Cummings's Opposition to Defendants' Motion to Dismiss Counts IV and V (ECF No. 51) ("Opp.") largely recycles the same arguments made by plaintiff Norman Walker in the parallel *Walker* action.  This Court, of course, rejected those arguments in *Walker*.  *Walker* ECF Nos. 21, 34.  The Court found that Walker's state-law claims—including a claim of "common law violations" of Defendants' alleged "fiduciary and contractual duties," *Walker* ECF No. 1 ¶¶ 35-38—"'duplicate[d], supplement[ed], or supplant[ed]' the ERISA civil enforcement remedy which Walker . . . also invoked in his complaint" and were thus preempted by ERISA.  *Walker* ECF No. 21 at 5.  The Court reaffirmed that holding on Walker's motion for reconsideration, *Walker* ECF No. 34 at 8, despite Walker's insistence that his "state law claims [we]re based on independent state law duties" and "d[id] not depend on . . . any interpretation of the . . . Plan or the ERISA statute," *id.* at 1-2 (quotations omitted).  Walker's arguments are no more persuasive when advanced by Cummings, and Cummings offers no new argument that directs a different result.  Cummings's state-law claims should be dismissed as preempted by ERISA.

## ARGUMENT

I.   **This Court Already Rejected Most Of Cummings's Arguments In *Walker***

   A.   **The Scope Of ERISA Preemption After *Travelers* And *De Buono* Is Still Broad Enough To Reach Cummings's State-Law Claims**

At the outset, Cummings argues that the Supreme Court's decisions in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645 (1995), and *De Buono v. NYSA-ILA Medical & Clinical Services Fund*, 520 U.S. 806 (1997), "greatly narrowed" the scope of ERISA preemption, Opp. at 7, and that "[u]nder the current analysis, claims based on state statutes or common law claims have been found not to be preempted in numerous cases," *id.* at 11.  But Walker relied on those same cases to make exactly the same argument against preemption of *his* state-law claims.  *Walker* ECF No. 13 at 3-12.  And, while

1

this Court recognized that ERISA preemption was no longer as broad as it once had been, *see Walker* ECF No. 34 at 5, it nonetheless found Walker's state-law claims preempted, *id.* at 7. Because this Court considered its *Walker* decision in light of both *Travelers* and *De Buono*, those precedents provide no reason for the Court to abandon its earlier analysis.

In any event, Cummings exaggerates the magnitude of the change expressed in *Travelers* and *De Buono*. In both cases, the Supreme Court recognized that the language of ERISA § 514(a) is "clearly expansive." *Travelers*, 514 U.S. at 655; *De Buono*, 520 U.S. at 813. As the Court stated in *De Buono*, it simply "had not been necessary to rely on the expansive character of ERISA's literal language in order to find pre-emption" in its "earlier ERISA pre-emption cases" "because the state laws at issue in those cases had a clear connection with or reference to ERISA benefit plans." 520 U.S. at 813 (quotation omitted). *Travelers* and *De Buono* thus did not disturb the Court's prior preemption holdings but merely recognized the outer limits of ERISA preemption, explaining that § 514(a)'s text "could not be read to 'extend to the furthest stretch of its indeterminacy.'" *Id.* (quoting *Travelers*, 514 U.S. at 655).

The Court therefore "look[ed] . . . to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Travelers*, 514 U.S. at 656; *see De Buono*, 520 U.S. at 813-14. Under that standard, the Court found that § 514(a) did not reach so far as to preempt a New York statute requiring hospitals to collect surcharges from patients covered by a commercial insurer, *Travelers*, 514 U.S. at 649-51, or a New York tax on hospitals, *De Buono*, 520 U.S. at 816—"generally applicable laws regulating areas where ERISA has nothing to say," which have only an "incidental effect on ERISA plans," *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-48 (2001). By contrast, Cummings's state-law claims, like Walker's, are nowhere near § 514(a)'s outer bounds. They assert breaches of fiduciary duty, a

2

subject to which ERISA speaks directly.[1]  29 U.S.C. § 1104.  And they would have far more than an "incidental" effect on an ERISA plan.  This Court's observation regarding Walker's state-law claims is equally true of Cummings's—if successful, they would require Defendants to process transfers and withdrawals in a manner "contrary to the prospectuses (the guidelines for the ERISA-covered plan in question here)," *Walker* ECF No. 34 at 7.

### B.  Cummings's State-Law Claims Are Preempted Under *Gerosa* And *Stevenson*

Cummings next repeats Walker's contention that preemption of her state-law claims is precluded by *Stevenson v. Bank of New York Co.*, 609 F.3d 56 (2d Cir. 2010) and *Gerosa v. Savasta & Co.*, 329 F.3d 317 (2d Cir. 2003).  *Compare* Opp. at 1 *with Walker* ECF Nos. 26, 29.  The Court rejected that contention in *Walker*, *Walker* ECF No. 34, and should do the same here.  As Cummings admits, under *Gerosa*, "preemption depends on whether state remedies are consistent with ERISA's core purposes."  Opp. at 18 (quoting *Gerosa*, 329 F.3d at 325).  "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans."  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004).  "To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern."  *Id.* (citation and quotation omitted).  A key component of that "uniform regulatory regime" is a detailed set of fiduciary rules.  *See* 29 U.S.C. § 1104.  Holding that Defendants could comply with those rules yet be liable under state-law fiduciary standards would undermine Congress's intended fiduciary regime and produce the type of state-by-state variation in plan obligations that § 514(a) prohibits.  *See* ECF No. 50 ("Mot.") at 11-12.

*Stevenson* does not help Cummings either.  In *Stevenson*, the Second Circuit held that

---

[1] "ERISA preempts 'state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like.'"  *Liberty Mut. Ins. Co. v. Donegan*, 746 F.3d 497, 508 (2d Cir. 2014) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983)).

3

ERISA did not preempt state-law claims where the asserted liability derived "from a separate promise that references various benefit plans, none of which directly applies to Stevenson by its terms." 609 F.3d at 60-61. This Court found that holding "inapplicable" in *Walker*. *Walker* ECF No. 34 at 7. As the Court explained, "unlike in cases where preemption has not been found to apply, such as *Stevenson*, Walker's state law claims [we]re dependent on ERISA liability" because they were premised on the alleged violation of "a *fiduciary* and *contractual* duty" that "stems from the ERISA covered plan." *Id.* at 6 (quotation omitted). And unlike in *Stevenson*, where "the plaintiff's state law claims did not have a direct effect on the 'actual administration and funding' of the ERISA-covered plan," *id.* at 6-7 (quoting *Stevenson*, 609 F.3d at 61), Walker's claims "ask[ed] that TIAA value ERISA retirement plan accounts based on the greater of the value the investments had on the effective date of the withdrawal or transfer" and the value they would have had on the processing date, which is "contrary to the prospectuses (the guidelines for the ERISA-covered plan in question here)," *id.* at 7 (quotation omitted).

The same is true here. Cummings's state-law claims are directly based on the manner in which Defendants allegedly handled her ERISA plan retirement account, *see* Opp. at 5 (state-law claims "stem from mishandling of [Cummings's] redemption request"); *see also id.* at 15, and Cummings's relationship with Defendants existed solely by virtue of her participation in an ERISA plan.[2] Further, Cummings's state-law claims *would* have a direct effect on the "actual administration and funding" of an ERISA plan: If Cummings were to prevail on her state-law claims, Defendants would, as a practical matter, be forced to alter the way they administer participant withdrawal and transfer requests for ERISA plans. *See* Mot. at 11.

---

[2] A state common-law claim that "is nothing more than an alternative theory of recovery for conduct actionable under ERISA . . . is preempted by ERISA." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (quotation omitted); *see also Guerra–Delgado v. Popular, Inc.*, __F.3d __, 2014 WL 7229222, at *4 (1st Cir. Dec. 18, 2014).

4

### C. Cummings's State-Law Claims, Like Walker's, Duplicate, Supplement, Or Supplant Her ERISA Claims

This Court found Walker's state-law claims preempted because they "'duplicate[ ], supplement[ ] or supplant[ ]' the ERISA civil enforcement remedy which Walker . . . also invoked in his complaint." *Walker* ECF No. 21 at 5 (quoting *Davila*, 542 U.S. at 209); *see id.* at 6. Cummings's state-law claims are preempted for the same reason. Mot. at 13-14.

Like Walker, Cummings contends that her state-law claims cannot be subject to complete preemption because Defendants have contested the validity of her ERISA claims, including their ERISA fiduciary status.[3] *See* Opp. at 2; *Walker* ECF No. 26 at 5. But, as Cummings admits, Opp. at 16 n.11, this Court declined to adopt Defendants' argument that they were not acting as ERISA fiduciaries, *see Walker* ECF No. 404 at 12, and there has been no holding that "ERISA does not apply," *see* Opp. at 2. Moreover, a plaintiff need not have a *winning* ERISA claim for ERISA to completely preempt state-law claims. *See, e.g.*, *Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 69 (2d Cir. 1997); *Romney v. Lin*, 105 F.3d 806, 813 (2d Cir. 1997). The focus of the preemption analysis is the nature of the plaintiff's claim—i.e., what the plaintiff *alleges*. Cummings alleges, like Walker, that Defendants acted as ERISA fiduciaries and violated their fiduciary duties under ERISA. ECF No. 39 ¶¶ 39, 40-46, 51; *see Walker* ECF No. 1 ¶¶ 27-34.

Cummings—again parroting arguments rejected in *Walker*—also maintains that ERISA § 502 does not preempt her state-law claims because they "are based on independent state law grounds." Opp. at 16; *see Walker* ECF No. 22-1 at 1-2. But as this Court explained in *Walker*,

---

[3] Cummings also warns that, if her "common law claims are dismissed, non-ERISA account holders will not be able to recover investment gains generated by their funds as a result of delayed processing." Opp. at 2 n.2. But preemption of Cummings's state-law claims would do nothing to prevent non-ERISA investors from asserting their own state-law claims. As Cummings herself says, "[i]f ERISA does not apply, ERISA cannot preempt," *id.* at 2, and preemption would not apply to investors who invested outside an ERISA plan.

"the bright-line requirement for preemption is whether the existence of a pension plan [is] a critical element of [the] state cause of action." *Walker* ECF No. 34 at 6 (alterations in original) (quotations omitted). And in *Walker*, the Court found that "the ERISA benefit plan [wa]s a 'critical element' of the state cause of action," because the alleged fiduciary and contractual duties underlying Walker's state-law claims "stem[med] from the ERISA covered plan." *Id*. Here, as in *Walker*, "it is the very fiduciary relationship created by the ERISA plan in question which creates liability," *id.*, under the asserted state-law claims.[4]

In a variation on the same theme, Cummings recycles yet another of Walker's arguments by insisting "[s]he would have exactly the same claims if her retirement plan were not covered by ERISA, or if she had purchased mutual funds directly from TIAA-CREF." Opp. at 2; *see id.* at 6, 17; *Walker* ECF No. 22-1 at 1-2. The fact that Cummings *could have* advanced the same state-law claims if she had not invested through an ERISA plan, however, is irrelevant. She *actually* invested in TIAA-CREF variable annuities through her ERISA-covered plan, and ERISA supplies the fiduciary standards that govern the administration of that plan.

## II.     Cummings Cannot Meaningfully Distinguish Her Claims From Walker's

Cummings offers little to distinguish her state-law claims from those found preempted in *Walker*, and what she does offer is insufficient to save her claims from preemption.

### A.     Cummings's Duty Of Care Claim Does Not Alter The Analysis

Cummings first tries to distinguish her state-law claims from Walker's by noting that

---

[4] Cummings repeatedly observes that Defendants did not argue in their Motion that they are not common-law fiduciaries. *See* Opp. at 5, 16. But whether Defendants would be fiduciaries under a particular state's law if state law were not preempted is utterly irrelevant to Defendants' Motion. The very point of preemption is to avoid that sort of state-by-state analysis, which could lead to varying results depending on which state's law applies to a particular plaintiff's claims. Defendants do not, by declining to argue an irrelevant point, concede that they are fiduciaries under the common law of any state.

"Walker did not claim a breach of the fiduciary duty of care." Opp. at 4; *see id.* at 5. This claim, Cummings says, "makes clear that neither the particulars of the St. Michael's College Plan nor the benefit determinations of the plan administrator or employer are at issue." *Id.* at 4. But Cummings's duty of care claim, like Walker's claims and her loyalty claim, is premised on the alleged fiduciary relationship created through her investments in her ERISA-governed plan. And ERISA is no less concerned with the duty of care than it is with the duty of loyalty; indeed, it expressly articulates the standard of care applicable to fiduciaries. 29 U.S.C. § 1104(a)(1)(B).

Cummings's contention that her duty of care claim is "well-recognized as a matter of common law," Opp. at 5, is beside the point. Many "well-recognized" common-law claims are preempted by ERISA. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (state-law claims, including breach of contract claim, preempted by ERISA). If the mere recognition of a state-law claim was enough to save it from preemption, ERISA preemption would be meaningless. The relevant question for preemption purposes is not whether Cummings's state-law claims are "recognized as a matter of common law," but whether they have an impermissible connection with an ERISA plan. As already explained, they do.

Cummings further suggests that the terms of the Plan's governing instruments, including the prospectus, are irrelevant to the preemption inquiry, because "neither a retirement plan nor the ERISA statute can supersede regulatory requirements governing mutual fund redemptions" and "[t]here is thus no need to interpret the plan or ERISA to address Plaintiff's common law claims." Opp. at 4; *see id.* at 6 n.3. Cummings is wrong. She has not brought a claim that TIAA-CREF violated securities law. She has brought claims alleging breaches of fiduciary duty by an alleged ERISA plan fiduciary, and those claims fall within ERISA's purview. Under ERISA, the terms of the plan instruments are paramount. *E.g.*, *US Airways, Inc. v. McCutchen*,

7

133 S. Ct. 1537, 1548 (2013) ("The plan . . . is at the center of ERISA."); *see* 29 U.S.C. § 1104(a)(1)(D) ("a fiduciary shall discharge his duties with respect to a plan . . . in accordance with the documents and instruments governing the plan . . ."). Indeed, this Court rejected Walker's ERISA fiduciary breach claim because the Court found that Walker had received everything he was entitled to *under the terms of the plan*. *Walker* ECF No. 143 at 23-24; *Walker* ECF No. 186 at 3. Cummings's state-law claims, no less than Walker's, cannot be resolved without "interpreting the plan, its design, and ERISA," *Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 101 (2d Cir. 1999), and are therefore preempted. *See* Mot. at 9-10, 12.

### B. Recent Case Law Does Not Alter The Preemption Analysis Here

Cummings also cites a trio of recent cases that she says establish that her state-law claims are not preempted. None does any such thing. In *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232 (2d Cir. 2014), the Second Circuit held that because the state statute at issue was "specifically directed toward insurers and substantially affects risk pooling between insurers and insureds, . . . it [wa]s saved from express preemption under ERISA § 514 as a law that regulates insurance." *Id.* at 241. The court also held that the claims were not completely preempted under ERISA § 502(a), noting again that § 514(b) explicitly saves claims that "relate to" ERISA plans if they "regulate[ ] insurance." *Id.* at 242. The Supreme Court, the court reasoned, "has held that state statutes regulating insurance that nonetheless affect ERISA benefits are not expressly preempted, with no hint that claims under these statutes might still be completely preempted." *Id.* at 242-43.

The court's decision in *Wurtz* thus rests on its conclusion that the relevant statute was one that "regulates insurance" and falls within ERISA's "insurance saving clause." *Id.* at 242. While ERISA specifically carves out some areas of traditional state regulation—like insurance—from its broad preemption provisions, *see* 29 U.S.C. § 1144(b)(2)(A), it by no means carves out state-law claims alleging a breach of fiduciary duty. Indeed, courts routinely find such claims against

8

purported ERISA fiduciaries preempted.[5]  Cummings does not even attempt to argue that her state-law claims fit within any express exemption to ERISA preemption like that applicable to laws that "regulate[ ] insurance," and her reliance on *Wurtz* is therefore misplaced.

*Levy v. Young Adult Institute, Inc.*, No. 13-2861, 2014 U.S. Dist. LEXIS 44987 (S.D.N.Y. Mar. 31, 2014), is also inapposite.  In *Levy*, the court found that a state-law breach of fiduciary duty claim brought against a lawyer for causing the plaintiffs to sign a release without advice from independent counsel was not preempted.  The court explained that, by providing legal counsel to the plaintiffs, the lawyer appeared to have "developed a fiduciary duty to [plaintiffs] in his individual capacity that is separate from the fiduciary duty that he owed to them as a plan administrator."  *Id.* at *24.[6]  "If a personal fiduciary duty existed," the court reasoned, "then . . . *Gerosa* can be extended to find that [the lawyer's] alleged breach of that duty was independent of the benefits conferred under the pension plan."  *Id.* at *25.  By contrast, Cummings's ERISA and state-law claims are based on the same allegedly fiduciary role—a role that arose from Cummings's investment in TIAA-CREF variable annuities through her ERISA-covered plan.

Similarly, in *Scripps Health v. Schaller Anderson, LLC*, No. 12-252, 2012 U.S. Dist. LEXIS 87631 (S.D. Cal. June 22, 2012), the court found that "Plaintiff's claims are based on contractual obligations resulting from the administrative services agreements, not the terms of the ERISA plan" and therefore "implicate a legal duty independent of the Plan."  *Id.* at *17.  By

---

[5] *See Dudley Supermarket Inc. v. Transamerica Life Ins. & Annuity Co.*, 302 F.3d 1, 3 (1st Cir. 2002) ("There can be no doubt that if appellants' purported state law claims in fact charged Transamerica with breach of fiduciary duty while acting as an ERISA fiduciary, ERISA would preempt completely their claims . . . ."); *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) ("Common law breach of fiduciary duty claims are clearly preempted by ERISA.").

[6]  As the *Levy* court noted, "courts routinely find that garden-variety state-law malpractice or negligence claims" against attorneys are not preempted "because 'state law has traditionally prescribed the standards of professional liability.'"  *Levy*, 2014 U.S. Dist. LEXIS 44987, at *22 (quoting *Gerosa*, 329 F.3d at 324).  Cummings has pointed to no comparable tradition here.

9

contrast, again, Cummings's relationship with Defendants existed only through the St. Michael's College Plan. She has never identified any other independent agreement or arrangement that allegedly imposed on Defendants an obligation to her, and there is none.

### C. Complete Preemption Is Not Limited To Claims That Could Have Been Brought Under ERISA § 502(a)(1)(B)

Finally, Cummings insists that the doctrine of complete preemption outlined in *Davila* only applies to claims that could be brought under ERISA § 502(a)(1)(B). *See* Opp. at 2, 4, 15. The argument, however, is flatly wrong. The *Davila* Court's complete preemption analysis focused on § 502(a)(1)(B) because "the petitioners d[id] not . . . argue that respondents' causes of action f[e]ll under ERISA § 502(a)(2)." 542 U.S. at 209 n.1. But courts in this Circuit and others have held *Davila*'s complete preemption analysis to extend to any claim that could have been brought under ERISA § 502(a).[7] Further, as the Court broadly stated in *Davila* itself, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. Cummings's state-law claims, like Walker's, impermissibly "duplicate[ ], supplement[ ], or supplant[ ]" her claims under ERISA § 502(a)(2) and (a)(3). *See Walker* ECF No. 21 at 5. They are therefore preempted by ERISA.

### CONCLUSION

For the foregoing reasons and those in Defendants' Motion, Counts IV and V of Cummings's Second Amended Complaint should be dismissed.

---

[7] *See Romney v. Lin*, 94 F.3d 74, 81 (2d Cir. 1996) (finding claim that could have been brought under ERISA § 502(a)(3) preempted); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 402 n.14 (S.D.N.Y. 1998) (rejecting notion that complete preemption is limited to claims that could be brought under § 502(a)(1)(B)); *see also Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287-88 (11th Cir. 2011) (holding state-law claims alleging, *inter alia*, breach of fiduciary duty preempted because they could have been brought under ERISA § 502(a)(2)).

10

Dated:  January 5, 2015                    O'MELVENY & MYERS LLP

By: /s/ Shannon M. Barrett
Shannon M. Barrett (*pro hac vice*)
Theresa S. Gee (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
Fax:     (202) 383-5414
E-mail:  sbarrett@omm.com

By: /s/ Richard C. Carroll
Richard C. Carroll
POTTER STEWART, JR. LAW OFFICES P.C.
The Merchants Bank Building
205 Main Street, Suite 8
Brattleboro, VT 05301
Phone: (802) 257-7244
E-mail:  rcarroll@potterstewartlaw.com

*Counsel for Defendants*

11

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2015, I electronically filed the foregoing Reply in Support of Defendants' Motion to Dismiss Counts IV and V of Plaintiff's Second Amended complaint using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/   Shannon M. Barrett