UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 1:12-CV-93 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA-COLLEGE RETIREMENT AND EQUITIES FUND, COLLEGE RETIREMENT AND EQUITIES FUND, TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, TIAA-CREF INVESTMENT MANAGEMENT, LLC, TEACHERS ADVISORS, INC., and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, | : : : : : : : : : : | |
| Defendants. | : : | |

MEMORANDUM AND ORDER
(Doc. 50)

I.   Introduction

Defendants Teachers Insurance and Annuity Association of America-College Retirement and Equities Fund, College Retirement and Equities Fund, Teachers' Insurance and Annuity Association of America, Teachers Advisors, Inc., TIAA-CREF Investment Management, LLC, and TIAA-CREF Individual & Institutional Services, LLC (collectively, "Defendants" or "TIAA-CREF") move to dismiss Counts IV and V of Plaintiff's Second Amended Complaint (Doc. 39 ("Am. Compl.")) under Federal Rule of Civil Procedure 12(b)(6), on the ground that these claims are preempted by the Employee Retirement Income Security Act ("ERISA").  (Doc. 50.)  Plaintiff Sarah

E. Cummings ("Cummings" or "Plaintiff") opposes the motion. (Doc. 51.) For the following reasons, Defendants' motion to dismiss is granted.

II.     Background

The following facts alleged in the complaint are assumed to be true for purposes of the pending motion. Cummings purports to bring a class action for legal and equitable relief based on Defendants' breach of the fiduciary duties of care and loyalty, and engaging in prohibited transactions. She alleges Defendants "failed to honor customer requests to pay out funds in a timely fashion, then kept the investment gains the funds earned during the delay." (Am. Compl. ¶ 1.) Cummings, an Associate Professor of English at St. Michael's College ("St. Michael's"), was an account owner of a TIAA-CREF retirement account prior to May 2007, during the time the St. Michael's College Retirement Plan -- a defined contribution plan under ERISA -- placed retirement assets of plan participants with TIAA-CREF. Id. ¶¶ 4, 12.

In 2006, St. Michael's, as administrator of the plan, directed TIAA-CREF to transfer plan participants' retirement accounts to another mutual fund platform. (Am. Compl. ¶ 13.) TIAA-CREF refused, claiming St. Michael's had no authority to direct transfer of the accounts because they were subject to individual contracts between TIAA-CREF and the participants. Id. ¶ 14. The plan obtained individual signatures of over seven hundred St. Michael's employees to authorize the transfer. Id. ¶ 15.

Cummings alleges her transfer request -- and most other St. Michael's employees' requests -- was received April 27, 2007 but TIAA-CREF recorded May 1, 2007 as the "effective date" of her request. (Am. Compl. ¶ 17.) TIAA-CREF, as an ERISA and common law fiduciary, was required to act in accordance with statutory and regulatory requirements and industry standards, id. ¶¶ 39, 41, 61-62, including paying account funds within three days of receipt of a customer's sell order, id.

¶¶ 19, 44.  TIAA-CREF did not "cut" a check for Cummings' account until May 7, 2007, and the check represented the value of her account as of May 1 though she alleges the account value had increased by over one thousand dollars by May 7.  Id. ¶¶ 17, 20-22.  TIAA-CREF deposited the change in value of Cummings' account -- and other customers' accounts -- into its own account and used those funds to meet its own legal obligations to other customers and to pay administrative expenses. Id. ¶¶ 23-25.

Counts IV and V of Cummings' Amended Complaint -- the counts Defendants have moved to dismiss -- allege common law breach of the fiduciary duties of care and loyalty.  (Am. Compl. ¶¶ 60-69.)  Counts I and II allege breach of the fiduciary duties of care and loyalty under ERISA sections 404(a)(1)(B), 409(a), and 502(a)(2)-(3), codified at 29 U.S.C. §§ 1104(a)(1)(B), 1109(a), 1132(a)(2)-(3), id. ¶¶ 38-53, and Count III alleges prohibited transactions under ERISA section 406(b)(1), codified at 29 U.S.C. § 1106(b)(1), id. ¶¶ 54-59.  Cummings seeks equitable relief for the alleged prohibited transactions, including disgorgement and trustee surcharge, for the alleged breach of fiduciary duties of care and loyalty under ERISA and common law and equitable relief, including disgorgement of investment profits and trustee surcharge.  Id. at 14.  She also seeks attorneys' fees and costs.  Id. at 15.

III.   Discussion

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000).  The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court accepts the facts alleged in the pleading as true, draws all reasonable inferences in favor of the pleader, and dismisses only "if the facts as alleged are insufficient to raise a right to relief above the speculative level."  Price v. N.Y. State Bd. of Elections,

540 F.3d 101, 107 (2d Cir. 2008) (citation and internal quotation marks omitted).  A complaint must state a plausible -- not just possible -- claim for relief to survive a motion to dismiss.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009).  Determining whether a complaint survives a motion to dismiss requires the court to make a "context-specific" analysis and "draw on its judicial experience and common sense."  <u>Id.</u> at 679 (citation omitted).

The analysis of a preemption issue begins from the presumption that Congress does not intend to supplant state law.  <u>N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.</u>, 514 U.S. 645, 654-55 (1995) (citing <u>Maryland v. Louisiana</u>, 451 U.S. 725, 746 (1981)); <u>see also</u> <u>Wurtz v. Rawlings Co.</u>, 761 F.3d 232, 238 (2d Cir. 2014).  The presumption, however, will be overcome if a state law "upset[s] the deliberate balance central to ERISA," even if the law "implement[s] policies and values lying within the traditional domain of the States."  <u>Boggs v. Boggs</u>, 520 U.S. 833, 840, 854 (1997).  ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  As the Supreme Court has recognized, this "unhelpful text" offers no meaningful guidelines for reviewing judges to determine the limits of preemption.  <u>Travelers</u>, 514 U.S. 656.  Therefore, courts must look to congressional intent to decipher the statutory language and determine what state laws or claims survive.  <u>See</u> <u>id.</u>

Legislative history reflects the broad preemption wording was purposeful.  S. Rep. No. 93-127, at 35 (1973) ("Because of the interstate character of employee benefit plans, the Committee believes it essential to provide for a uniform source of law . . . for evaluating fiduciary conduct . . . ."); H.R. Rep. No. 97-984, at 18 (1982) (noting the 1983 amendment to ERISA "continues Federal preemption of State law with respect to matters governed by the reporting and disclosure and the fiduciary responsibility provisions of ERISA"); <u>see also</u> <u>Travelers</u>, 514 U.S. at 661 ("Congress's

extension of pre-emption to all state laws relating to benefit plans was meant to sweep more broadly than state laws dealing with the subject matters covered by ERISA, reporting, disclosure, fiduciary responsibility" (internal quotation marks and citation omitted)). Accordingly, courts have long "treated as obvious that ERISA preempted 'state laws dealing with the subject matters covered by ERISA–reporting, disclosure, fiduciary responsibility, and the like.'" Liberty Mut. Ins. Co. v. Donegan, 746 F.3d 497, 504 (2d Cir. 2014) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983) (emphases omitted)); see also Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., 519 U.S. 316, 330 (1997) ("ERISA is expressly concerned" with "reporting, disclosure, [and] fiduciary responsibility").

ERISA's principal goal is to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). The purpose of ERISA preemption, however, is "to ensure that all covered benefit plans will be governed by unified federal law, thus simplifying life for employers administering plans in several states, because a patchwork scheme of regulation would introduce considerable inefficiencies in benefit program operation." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008) (internal quotation marks and citation omitted). Therefore, a "state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive" and would be pre-empted. Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

The Second Circuit Court of Appeals has noted its most recent cases have cautioned against preemption of generally applicable state laws. Donegan, 746 F.3d at 507 (citing Stevenson v. Bank of N.Y. Co., 609 F.3d 56, 61 (2d Cir. 2010), Hattem v. Schwarzenegger, 449 F.3d 423, 429-31 (2d Cir. 2006), and Gerosa v. Savasta & Co., 329 F.3d 317, 324 (2d Cir. 2003)). It is this line of cases that Cummings relies on most heavily in opposing Defendants' motion. See Doc. 51 at 10-14. As the

Court of Appeals explained, however, "these cases involve either a state income tax with only indirect effects [], see Hattem, 449 F.3d at 425, or state law causes of action that have little to do with the conduct of the plan, Gerosa, 329 F.3d at 328; see also Stevenson, 609 F.3d at 61 . . . . They do not purport to save state laws that . . . tend to control or supersede central ERISA functions." Id. (internal quotation marks omitted). Indeed, Gerosa specifically counsels "state laws that would tend to control or supersede central ERISA functions . . . have typically been found to be preempted." 329 F.3d at 324.

Here, Cummings' allegations of breaches of fiduciary duty implicate a central ERISA function of evaluating fiduciary conduct. Count I of her complaint alleges a claim under ERISA for breach of the fiduciary duty of care (Am. Compl. ¶¶ 38-48) and Count II alleges a claim under ERISA for breach of the fiduciary duty of loyalty (Am. Compl. ¶¶ 49-59). Counts IV and V allege claims under common law for breach of the fiduciary duties of care and loyalty based on the same factual allegations as her ERISA claims. (Am. Compl. ¶¶ 60-69.) This Court determined in a similar case, Walker v. TIAA-CREF, No. 1:09-CV-190, 2010 WL 1472799 (D. Vt. Apr. 9, 2010), aff'd, 2010 WL 3069829 (D. Vt. Aug. 2, 2010) (granting Walker's motion for reconsideration and affirming dismissal of state law claims; decided after Stevenson), that state-law causes of action for breach of fiduciary duty under common law "'duplicate[ed], supplement[ed] or supplant[ed]' the ERISA civil enforcement remedy," where claims for violation of fiduciary duty under ERISA were also alleged. 2010 WL 1472799, at *2. Because evaluating fiduciary conduct is a central ERISA function, it is shielded from potentially inconsistent state regulation, 29 U.S.C. § 1144(a), Donegan, 746 F.3d at 504, Gerosa, 329 F.3d at 324; therefore, Cummings' claims for common law breach of fiduciary duties are preempted by ERISA.

IV.	Conclusion

Defendants' motion to dismiss Counts IV and V of Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), on the ground that these claims are preempted by ERISA (Doc. 50) is GRANTED.  Accordingly, Counts IV and V are dismissed.

Counsel shall confer and jointly file a proposed discovery schedule within thirty days.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of March, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge