## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) Docket No. 1:12-cv-93 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA - COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

Defendants Teachers Insurance and Annuity Association of America ("TIAA"), College Retirement Equities Fund ("CREF"), TIAA-CREF Investment Management, LLC, Teachers Advisors, Inc., and TIAA-CREF Individual and Institutional Services, LLC (collectively, "Defendants") submit their answer and affirmative defenses to the Second Amended Complaint (ECF No. 39) ("SAC"). The SAC refers to "Teachers Insurance and Annuity Association of America - College Retirement and Equities Fund (TIAA-CREF)" as a defendant, but TIAA-CREF is not a distinct legal entity. Rather, TIAA-CREF is a trade name under which various TIAA- and CREF-affiliated entities do business. To the extent that any allegations in the SAC

are directed to "TIAA-CREF," Defendants deny that "TIAA-CREF" is an entity against which suit may properly be brought, and deny all such allegations.

Unless specifically admitted, Defendants deny each and every averment in the SAC.  To the extent that Plaintiff has included headings or impertinent material that is inappropriate under Rules 8 or 12(f) of the Federal Rules of Civil Procedure, no response is necessary and such material should be struck.  To the extent any headings or impertinent material are deemed to require a response, Defendants deny them.  Any headings from the SAC that are reproduced here are reproduced for convenience of reading only.

## ANSWER TO SECOND AMENDED COMPLAINT

### Nature of Action

1.     The allegations in Paragraph 1 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

### Jurisdiction and Venue

2.     Defendants admit that the Court has subject matter jurisdiction over Plaintiff's ERISA claims.  The remaining allegations in Paragraph 2 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 2.

3.     Defendants admit that venue is proper in this District.  The remaining allegations in Paragraph 3 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 3.

Parties

4.      Defendants admit that Plaintiff Sarah E. Cummings ("Cummings") was a TIAA
and CREF accountholder through the St. Michael's College Retirement Plan, which was
structured as a defined contribution plan.  Defendants lack knowledge or information sufficient
to form a belief about the truth of the remaining allegations in the first two sentences in
Paragraph 4, and on that basis deny them.  The remaining allegations in Paragraph 4 contain
legal conclusions and characterizations to which no response is required.  To the extent a
response is required, Defendants deny the remaining allegations in Paragraph 4.

5.      The allegations in the first two sentences of Paragraph 5 set forth legal
conclusions that do not require a response.  To the extent a response is required, Defendants deny
the allegations in the first two sentences of Paragraph 5.  In response to the allegations in the
third sentence of Paragraph 5, Defendants refer to the *http://www.tiaa-cref.org* website for its
contents.  The allegations in the fourth sentence of Paragraph 5 contain legal conclusions and
characterizations to which no response is required.  To the extent a response is required,
Defendants deny the allegations in the fourth sentence of Paragraph 5.  Defendants deny the
remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 set forth legal conclusions that do not require a
response.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that CREF is a nonprofit membership corporation established in
New York State.  Defendants admit that CREF offers eight variable annuity Accounts, as
described in its prospectuses.  Since 1998, CREF has been subject to federal income taxation
following a decision by Congress to end the organization's tax-exempt status under Section
501(c)(3) of the Internal Revenue Code.  CREF has operated since its inception as a not-for-

profit corporation.  Defendants admit that Cummings held  units in CREF accounts.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that TIAA is a stock life insurance company domiciled in New York that offers the TIAA Real Estate Account.  TIAA is a wholly owned subsidiary of the TIAA Board of Overseers, a New York not-for-profit corporation.  Under its charter, TIAA exists to help meet the financial needs of the individuals and institutions it serves without profit to itself or its stockholder (the TIAA Board of Overseers).  Since 1998, TIAA has been subject to federal income taxation following a decision by Congress to end the organization's tax-exempt status under Section 501(c)(3) the Internal Revenue Code.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that Defendant TIAA-CREF Investment Management, LLC is a Delaware limited liability company that serves as investment advisor to certain CREF variable annuity accounts.  Defendants admit that Defendant Teachers Advisors, Inc. is a Delaware corporation that advises investment companies other than CREF.  Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit that Defendant TIAA-CREF Individual & Institutional Services, LLC ("Services") is a Delaware limited liability company that holds gain and loss accounts reflecting the difference between the market value of a CREF annuity between the effective date of a customer's transfer or withdrawal request and the date on which the transferred amounts are credited or debited to a customer's account.  Defendants admit that Services is registered with the Securities Exchange Commission as a broker-dealer.  Defendants deny that they or "TIAA-CREF" "use[]" customer funds, or any gains or losses on those funds, "after a redemption or transfer request is received."  The remaining allegations in Paragraph 10 contain legal

conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 10.

<u>Facts</u>

11.     Defendants admit that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by ERISA.  The remaining allegations in Paragraph 11 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11, and on that basis deny them.

12.     Defendants admit that St. Michael's Plan participant accounts held plan investments in TIAA or CREF products as early as 1995.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and on that basis deny them.

13.     Defendants admit that St. Michael's College instructed TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc. in 2006.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and on that basis deny them.

14.     Defendants admit that TIAA informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and on that basis deny them.

15.     Defendants admit that they received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and on that basis deny them.

16.     Defendants admit that they received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their participant accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and on that basis deny them.

17.     Defendants admit that on April 27, 2007, TIAA received transfer forms for some St. Michael's Plan participants, including Cummings.  Defendants admit that the date on which a written request for a transfer or distribution is received in good order by TIAA is sometimes referred to by individuals within TIAA as the "Good Order Date" or "Effective Date," unless a different effective date is determined.  Defendants admit that May 1, 2007 was determined to be the "Effective Date" for the transfer request of Cummings and a number of other St. Michael's Plan participants, whose transfer forms were received on April 27, 2007.  Defendants deny the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that the check cut in connection with Cummings' transfer request was dated May 7, 2007.  The remaining allegations in Paragraph 20 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that the check cut in connection with Cummings' transfer request was dated May 7, 2007.  Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that the check cut in connection with Cummings' transfer request reflected the value of her account on the "Effective Date," *i.e.*, May 1, 2007.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit that fluctuations in the per-unit values of the TIAA and CREF variable annuity accounts between the Effective Date of a transfer request and the date on which the transferred amounts are credited or debited to a customer's account ("Processing Date") are referred to internally at TIAA as both "Transaction Fund Expenses" and "Transactional Fund Earnings" (referred to herein as "TFE").  Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants admit that Services maintains a TFE loss and TFE gain account, in which TFE losses and gains are recorded, respectively.  Defendants deny the remaining allegations in Paragraph 24.

25.     As to the second sentence of Paragraph 25, Defendants admit that as a result of withdrawals or transfers from CREF variable annuities from 2003 through the first quarter of 2010, there was a total of approximately $567 million in the gain account maintained by Services, and a total of $565 million in the loss account maintained by Services.  Defendants further admit that TFE gains were used to pay expenses otherwise chargeable to the CREF and TIAA Real

Estate annuity accounts, including TFE losses.  Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that Plaintiff and other participants requesting distributions or transfers received the Effective Date value of their units in CREF or TIAA Real Estate variable annuities and, in certain circumstances, also received interest.  Defendants further state that TFE gains were used to offset expenses otherwise chargeable to the CREF and TIAA Real Estate variable annuity accounts to the benefit of participants investing in those accounts.  Defendants deny the remaining allegations in Paragraph 26.

Class Action Allegations

27.     Defendants admit that Plaintiff purports to bring this action as a class action on behalf of the proposed class identified in Paragraph 27.  Defendants deny that this action can be maintained as a class action.

28.     The allegations in Paragraph 28 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants admit that the action originally captioned *Walker v. TIAA-CREF*, 1:09-cv-190 (D. Vt.) was filed August 17, 2009.  Defendants admit that *Walker* was later recaptioned *Bauer-Ramazani v. TIAA-CREF* after the Court dismissed Walker's claims on May 25, 2012 on the basis that Walker, whose transfer request was processed on May 7, 2007 with a May 1, 2007 Effective Date, had "received what the prospectus governing his accounts required:  payment within seven days from the business day chosen for his transfer to take effect."  Defendants further admit that the Court ordered the remaining plaintiff, Christine Bauer-Ramazani, to file a Third Amended Complaint without Walker's claims.  Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30.     Defendants deny the allegations in Paragraph 30.  Defendants deny that this action can be maintained as a class action.

31.     Defendants deny the allegations in Paragraph 31, including its subparts. Defendants deny that this action can be maintained as a class action.

32.     The allegations in the first, second, and fourth sentences of Paragraph 32 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny those allegations.  In response to the allegations in the third sentence of Paragraph 32, Defendants admit that Cummings was paid the value of her transferred accounts as of May 1, 2007, which was the agreed-upon Effective Date for her transfer request, and otherwise deny the allegations in that sentence.  Defendants deny that this action can be maintained as a class action.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny them.  Defendants deny that this action can be maintained as a class action.

34.     Defendants deny the allegations in Paragraph 34.  Defendants deny that this action can be maintained as a class action.

35.     Defendants deny the allegations in Paragraph 35.  Defendants deny that this action can be maintained as a class action.

36.     Defendants deny the allegations in Paragraph 36.  Defendants deny that this action can be maintained as a class action.

37.     Defendants deny the allegations in Paragraph 37.  Defendants deny that this action can be maintained as a class action.

COUNT I
ERISA Breach of Fiduciary Duty of Care

38.     Defendants incorporate their responses to Paragraphs 1-37 of the SAC and otherwise deny the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 contain legal conclusions and characterizations to which no response is required.

41.     The allegations in Paragraph 41 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     Defendants state that Paragraph 42 purports to quote language from an unidentified document and refer to that document for its content.  The remaining allegations in Paragraph 42 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.    The allegations in Paragraph 45 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.    Defendants admit that TFE gains were used to pay expenses otherwise chargeable to the TIAA Real Estate and CREF variable annuity accounts, but otherwise deny the allegations in Paragraph 46.

47.    Defendants deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48.

COUNT II
ERISA Breach of Fiduciary Duty of Loyalty

49.    Defendants incorporate their responses to Paragraphs 1-48 of the SAC and otherwise deny the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 contain legal conclusions and characterizations to which no response is required.

51.    Defendants deny the allegations in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52.

53.    Defendants deny the allegations in Paragraph 53.

COUNT III
ERISA Prohibited Transactions

54.    Defendants incorporate their responses to Paragraphs 1-53 of the SAC and otherwise deny the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

COUNT IV
Common Law Breach of Fiduciary Duty of Care

60.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 60.

61.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 61.

62.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 62.

63.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 63.

64.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 64.

65.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 65.

COUNT V
Common Law Breach of Fiduciary Duty of Loyalty

66.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 66.

67.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 67.

68.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 68.

69.     In light of the Court's Memorandum Opinion of March 13, 2015, no answer is required with respect to the allegations in Paragraph 69.

<u>Relief</u>

To the extent a response is required to the allegations on pages 14-15 of the SAC following the word "Relief" on page 14, Defendants deny that Plaintiff is entitled to the relief requested in those allegations, or to any relief whatsoever under ERISA or any other state or federal law.

<u>Jury Demand</u>

In response to Plaintiff's "Jury Demand," Defendants deny that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     To the extent the SAC purports to allege claims of breach of fiduciary duty as a result of misrepresentations, Plaintiff fails to allege the circumstances constituting the alleged fraud with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

3.     Plaintiff's claims are barred by applicable statutes of limitation, including ERISA's three-year limitations period for benefit claims and six-year limitations period for certain breach of fiduciary duty claims.

4.     Plaintiff's claims are barred by laches, waiver, or estoppel.

5.     Plaintiff lacks standing under ERISA to assert her claims.

6.       Plaintiff's claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C.
§ 1104(c).

7.       To the extent that Plaintiff asserts that Defendants engaged in transactions
prohibited by ERISA § 406, 29 U.S.C. § 1106, those claims are barred in whole or in part
pursuant to ERISA § 408, 29 U.S.C. § 1108.

8.       Plaintiff's alleged damages and other requested relief should be offset, in whole
or in part, to the extent they arise out of internal transfers (*i.e.*, transfers from one TIAA-CREF
investment option to another) in which Plaintiff received a positive return on the TIAA-CREF
investment option or options into which Plaintiff's funds were transferred.

9.       Plaintiff's claims are barred, in whole or in part, by the doctrine of release, to the
extent Plaintiff has previously released Defendants from liability for her claims and abandoned
or given up her right to pursue Defendants for her claims.

10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and
satisfaction, to the extent she has previously agreed to discharge Defendants' liability for her
claims in exchange for compensation.

11.      Plaintiff seeks relief not authorized under ERISA.

12.      Plaintiff's claims are barred on the ground that Defendants were not fiduciaries
with respect to the conduct alleged in the SAC.

13.      Plaintiff's claims are barred on the ground that she has received all that she is
contractually entitled to receive under the terms of the St. Michael's College Plan and annuity
contracts.

Defendants reserve the right to amend and/or supplement the averments of their Answer and Affirmative Defenses to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.

Defendants will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendants pray that the Court determine and adjudge:

    a.   that this suit cannot be maintained as a class action;

    b.   that the SAC be dismissed on the merits;

    c.   that Plaintiff take nothing by the SAC;

    d.   that Defendants be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

    e.   that Defendants be awarded such other and further relief as the Court may deem proper.

Dated:  March 27, 2015

O'MELVENY & MYERS LLP

By: /s/ Shannon M. Barrett
Shannon M. Barrett (*pro hac vice*)
Theresa S. Gee (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Phone:  (202) 383-5300
Fax:  (202) 383-5414
Email:  sbarrett@omm.com
        tgee@omm.com

By: /s/  Richard C. Carroll
Richard C. Carroll
POTTER STEWART, JR. LAW OFFICES P.C.
The Merchants Bank Building
205 Main Street, Suite 8
Brattleboro, VT 05301
Phone:  (802) 257-7244
Email:  rcarroll@potterstewartlaw.com

*Counsel for Defendants*

15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 27, 2015, I electronically filed the foregoing Defendants'

Answer to Second Amended Complaint and Affirmative Defenses using the Court's CM/ECF

system, which will send notification of such filing to all counsel of record.


<u>/s/   Shannon M. Barrett</u>