UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated,<br>　　　　　　　Plaintiff<br><br>　　v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>　　　　　　　Defendants | Docket No. 1:12-cv-93 |

### PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

Plaintiff Sarah E. Cummings, by her attorneys, Gravel & Shea PC and Kozyak Tropin & Throckmorton, P.A., moves under F.R.Civ.P. 15(a)(2) to file the Third Amended Complaint, attached as Ex. 1. A red-lined version is also attached. *See* Ex. 2. The Third Amended Complaint adds no new claims or legal theories. It drops the state law claims this Court earlier dismissed and adds factual allegations further supporting Plaintiff's claim that Defendants placed their own interests ahead of hers in violation of the fiduciary duty and prohibited transaction provisions of ERISA. The Third Amended Complaint also adds factual allegations supporting Plaintiff's claim that all Defendants should be treated as a single entity.

Rule 15(a)(2) states that leave to amend should be freely granted when justice so requires. The Second Circuit "allow[s] a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Black v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). There is no possible prejudice to Defendants here, because Plaintiff is merely adding factual allegations based on evidence obtained in the prior case or publicly available. She is doing so in good faith. Defendants will not be prejudiced, in light of the fact that discovery is ongoing and no trial date has been scheduled. Delay by itself is not sufficient to warrant denial of a motion to amend. *See Rachman Bag Co. v. Liberty Mut. Ins. Co*, 46 F.3d 230, 234-35 (2d Cir. 1995).

In accordance with Local Rule 7(a)(7), Plaintiff's counsel certifies that he made a good faith attempt to obtain Defendants' agreement to this motion. Defendants oppose the motion.

Dated:   Burlington, Vermont
         August 24, 2015

/s/ Norman Williams
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com
         and
Thomas A. Tucker Ronzetti, Esq.
Kenneth Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL  33134
tr@kttlaw.com
krh@kttlaw.com
For Plaintiff

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 2 -