UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 1:12-cv-93<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT
AND REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

Lori A. Martin *(pro hac vice)*
Wilmer Cutler Pickering Hale and
Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295 6412
Facsimile: (212) 230 8888
Email: lori.martin@wilmerhale.com

Richard C. Carroll
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Avenue
Brattleboro, Vt. 05301
Telephone: (802) 257-7244, ext. 126
Email: rcarroll@pdsclaw.com

Howard Shapiro *(pro hac vice)*
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone: (504) 310 4085
Facsimile: (504) 310 2022
Email: howshapiro@proskauer.com
*Counsel for Defendants*

## TABLE OF CONTENTS

        Page

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ..............................................................................................................................3

ARGUMENT ....................................................................................................................................4

    I.    THE PTAC IS FUTILE BECAUSE THERE IS NO IMPLIED PRIVATE RIGHT OF ACTION TO ENFORCE BROKER-DEALER REGULATIONS REGARDING TRANSACTION PROCESSING ......................4

    II.    THERE CAN BE NO BREACH OF DUTY OF LOYALTY OR A PROHIBITED TRANSACTION WHERE PLAINTIFF RECEIVES PRECISELY WHAT DEFENDANTS PROMISED TO PROVIDE IN THE PROSPECTUS ..................................................................................................6

    III.    TCIM AND TAI ARE NOT ALLEGED TO HAVE ANY DUTIES WITH RESPECT TO TRANSACTION PROCESSING AND SHOULD BE DISMISSED FROM THIS ACTION ...............................................................11

CONCLUSION...............................................................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*,
   728 F. Supp. 2d 372 (S.D.N.Y. 2010) ................................................................................. 13

*Atuahene v. City of Hartford*,
   10 F. App'x (2d Cir. 2001) .................................................................................................... 12

*Buckner v. Shumlin*,
   No. 1:12-cv-90, Op. & Order (D. Vt. Dec. 13, 2013) (ECF No. 79) ....................................... 4

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ................................................................................................. 10

*Clark v. Feder Semo & Bard, P.C.*,
   39 F.3d 28 (D.C. Cir. 2014) ................................................................................................ 4, 5

*Faber v. Metropolitan Life Insurance Co.*,
   No. 08-civ-10588, 2009 WL 3415369 (S.D.N.Y. Oct. 23, 2009),
   *aff'd*, 648 F.3d 98 (2d Cir. 2011) ........................................................................................ 7, 8

*Fifth Third Bancorp v. Dudenhoeffer*,
   134 S. Ct. 2459 (2014) ............................................................................................................ 8

*Great-West Life & Annuity Insurance Co. v. Knudson*,
   534 U.S. 204 (2002) ................................................................................................................ 4

*Health-Chem Corp. v. Baker*,
   915 F.2d 805 (2d Cir. 1990) ................................................................................................... 4

*Heimeshoff v. Hartford Life & Accident Insurance Co.*,
   134 S. Ct. 604 (2013) .............................................................................................................. 7

*John Blair Communications, Inc. Profit Sharing Plan v. Telemundo Group, Inc.
   Profit Sharing Plan*,
   26 F.3d 360 (2d Cir. 1994) ..................................................................................................... 9

*Krys v. Pigott*,
   749 F.3d 117 (2d Cir. 2014) ................................................................................................... 4

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) ................................................................................................. 10

*Lowen v. Tower Asset Management, Inc.*,
    829 F.2d 1209 (2d Cir. 1987)..................................................................................................13

*McCain v. Buffalo Wild Wings*,
    No. 1:11-cv-143, Op. & Order (D. Vt. Feb. 1, 2012) (ECF No. 30) ..........................................4

*Molasky v. Principal Mutual Life Insurance Co.*,
    149 F.3d 881 (8th Cir. 1998) ..................................................................................................11

*Morse v. Stanley*,
    732 F.2d 1139 (2d Cir. 1984)....................................................................................................8

*Pegram v. Herdrich*,
    530 U.S. 211 (2000)................................................................................................................11

*Prudential Insurance Co. of America v. BMC Industries, Inc.*,
    655 F. Supp. 710 (S.D.N.Y. 1987)............................................................................................4

*Reklau v. Merchants National Corp.*,
    No. IP 84-1389-C, slip op. (S.D. Ind., Oct. 11, 1985) ..............................................................5

*Reklau v. Merchants National Corp.*,
    808 F.2d 628 (7th Cir. 1986) .................................................................................................5, 6

*Robinson v. Concentra Health Services, Inc.*,
    781 F.3d 42 (2d Cir. 2015)......................................................................................................11

*Stein v. Smith*,
    270 F. Supp. 2d 157 (D. Mass. 2003) .....................................................................................11

*United States v. Funds Held in the Name or for the Benefit of Wetterer*,
    210 F.3d 96 (2d Cir. 2000)......................................................................................................13

*US Airways v. McCutchen*,
    133 S. Ct. 1537 (2013)..............................................................................................................7

*Useden v. Acker*,
    734 F. Supp. 978 (S.D. Fla. 1989), *aff'd*, 947 F.2d 1563 (11th Cir. 1991)...........................5, 6

*Wright v. Oregon Metallurgical Corp.*,
    360 F.3d 1090 (9th Cir. 2004) ..................................................................................................8

**Docket Cases**

*Bauer-Ramazani*, No. 09-190 (D. Vt.).................................................................................. passim

**Statutes & Codes**

ERISA § 402(a)...........................................................................................................................11

Investment Advisers Act § 203(A) (1940)..................................................................................13

**Other Authorities**

SEC Release Nos. 33-7177 & 34-35815, 60 Fed. Reg. 30906 (June 6, 1995) .................................9

Defendants Teachers Insurance and Annuity Association of America – College Retirement Equities Fund (TIAA-CREF), College Retirement Equities Fund (CREF), Teachers Insurance and Annuity Association of America (TIAA), TIAA-CREF Investment Management, LLC (TCIM), Teachers Advisors, Inc. (TAI), and TIAA-CREF Individual and Institutional Services, LLC (TC Services) (together, "Defendants") respectfully submit this consolidated opposition to Plaintiff's Motion to File Third Amended Complaint ("Motion") and Reply Memorandum in Further Support of Their Motion for Judgment on the Pleadings.

## PRELIMINARY STATEMENT

Plaintiff Sarah Cummings' Motion to File Third Amended Complaint should be denied as futile and judgment should be entered in favor of Defendants. In related litigation (*Walker v. TIAA-CREF* and *Bauer-Ramazani v. TIAA CREF*), this Court ruled on the scope of the fiduciary duty of loyalty and prohibited transaction claims that are set forth in the proposed Third Amended Complaint ("PTAC"). In particular, this Court rejected ERISA claims brought by Plaintiff Norman Walker. He, like Cummings, complained that Defendants required up to seven calendar days to process his transactions. This Court entered judgment on behalf of Defendants because they processed Walker's transactions according to the procedures specified in the prospectuses governing the investments that Walker selected. Cummings offers no new allegations that change this Court's analysis of the ERISA claims for investors whose transactions were processed in a period of seven days or less.

There are two additional, independent reasons to deny this Motion. *First*, the PTAC cannot cure the principal legal deficiency in Plaintiff's claim of breach of the fiduciary duty of care; namely, that there is no private right of action for violating the broker-dealer regulations on which Plaintiff relies. Moreover, the federal courts have rejected efforts to bootstrap the federal

1

securities laws into a general fiduciary obligation under ERISA.  Plaintiff, thus, concedes, as she must, that "a fiduciary's violation of [administrative regulations and broker-dealer rules] does not in itself establish a breach" of the ERISA duty of care.  (PTAC ¶ 52.)   Now, in an effort to preserve a breach of duty claim, Cummings alleges that Defendants are liable for a failure to act in accordance with "industry practice" or with the skill of its competitors.  These allegations are unavailing.  The carefully integrated civil enforcement provisions found in ERISA do not provide for implied rights of action under the guise of a breach of fiduciary duty claim.  (Point I.)

*Second*, the PTAC includes no factual allegations, as it must, suggesting that two TIAA-CREF registered investment advisers – TCIM and TAI – had any fiduciary obligations to Plaintiff with respect to the processing of transaction requests.  In place of allegations regarding the conduct of TCIM and TAI, Plaintiff argues that the PTAC "adds factual allegations supporting Plaintiff's claim that all Defendants should be treated as a single entity."[1]  The PTAC includes no allegations sufficient at law to treat these separate advisory businesses as a single TIAA-CREF entity.  The Plaintiff's continuing failure to specify the particular conduct that gives rise to the claims against these entities demonstrates the futility of the PTAC.  (Point III.)

Cummings' request for leave to amend should be denied and final judgment should be entered on behalf of Defendants.

---

[1] Motion at 1.

**BACKGROUND**

The factual background for this Motion is set forth in Defendants' Motion for Judgment on the Pleadings (ECF No. 82-1), as well as in the previously submitted briefs and transcripts of proceedings from the *Walker* and *Bauer-Ramazani* litigations. This Court has previously addressed the adequacy of the Cummings' action. On October 3, 2014, this Court asked whether the separate Cummings action was "going to go away?"[2] Cummings' counsel stated: "[C]ertainly that, that is a possibility."[3] This Court responded: "All right. Well, do it in short order, please, because my inclination would be to dismiss that case."[4]

Cummings declined to dismiss the action. Instead, one month after the hearing on her Motion to Intervene in *Walker*, Cummings filed a First Amended Complaint.[5] Within weeks after this Court issued a final order approving the *Bauer-Ramazani* settlement, Cummings filed a Second Amended Complaint.[6] On March 13, 2015, this Court dismissed the state law claims as preempted.[7] On July 1, 2015, Defendants moved to dismiss the remaining ERISA claims in the action. Shortly after Defendants moved for judgment on the pleadings, Cummings requested leave to file the PTAC. For the reasons discussed below, the Court correctly analyzed the merits of the Cummings action and it should now be dismissed, and the Motion to File Third Amended Complaint should be denied as futile.

---

[2] *Bauer-Ramazani*, No. 09-190, Hr'g Tr. 8:18-10:14 (Oct. 3, 2012) (ECF No. 215).

[3] *Id.*

[4] *Id*.

[5] First Am. Compl. (Nov. 7, 2012) (ECF No. 17).

[6] Second Am. Compl. (Oct. 15, 2014) (ECF No. 39)

[7] Mem. & Order at 7 (Mar. 13, 2015) (ECF No. 60).

**ARGUMENT**

The Motion should be denied because amendment would be futile. The claims Cummings proposes to assert are defective as a matter of law and would not survive a motion to dismiss. *See, e.g., Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("where, as here, there is no merit in the proposed amendments, leave to amend should be denied"); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 655 F. Supp. 710, 711 (S.D.N.Y. 1987) ("[I]t is inappropriate to grant leave when the amendment would not survive a motion to dismiss."); *Buckner v. Shumlin*, No. 1:12-cv-90, Op. & Order (D. Vt. Dec. 13, 2013) (ECF. No. 79) (Murtha, J.) (denying leave to amend complaint where claims would be futile); *McCain v. Buffalo Wild Wings*, No. 1:11-cv-143, Op. & Order (D. Vt. Feb. 1, 2012) (ECF No. 30) (Murtha, J.) (same).

**I.     THE PTAC IS FUTILE BECAUSE THERE IS NO IMPLIED PRIVATE RIGHT OF ACTION TO ENFORCE BROKER-DEALER REGULATIONS REGARDING TRANSACTION PROCESSING**

Defendants' moving papers detailed that there is no private right of action for violation of Section 15(c) of the Securities Exchange Act and Rule 15c6-1. *See* Defendants' Motion for Judgment on the Pleadings, dated July 17, 2015 ("Def. Motion") at 10 (ECF No. 82). It further explained that the ERISA fiduciary duty of care is not a catch-all cause of action for violations of other federal statutes. Def. Motion at 12-14.

Plaintiff offers no legal authority in support of extending ERISA remedies not specifically authorized by the text of the statute. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (cautioning courts to avoid extending remedies). Instead, Cummings attempts to distinguish *Clark v. Feder Semo & Bard, P.C.* by erroneously arguing that the district court there actually tried on the merits the plaintiff's fiduciary duty claim premised on violations of the IRS code. *See* Plaintiff's Opposition to Motion for Judgment on

4

the Pleadings, dated August 31, 2015 ("Pl. Opp.") at 8-9 (ECF No. 90).  Cummings is incorrect.  The *Clark* plaintiff asserted two independent claims of a breach of the duty of care with respect to the administration of her retirement plan.  739 F.3d 28 (D.C. Cir. 2014).  The first claim was based on the allegation that a violation of the IRS code constituted a breach of the fiduciary duty of care under ERISA.  *Id.* at 30.  The district court dismissed that claim prior to trial.  The D.C. Circuit affirmed, stating:  "The district court properly concluded that there is no cause of action under ERISA for a breach of §401(a)(4)" of the tax code.  *Id.* at 29.  As a second cause of action, Clark alleged that the plan administrators breached their fiduciary duty of care when they computed her contribution level based on the assumption that she had contributed 10% of her salary to the retirement plan, rather than 20% of her salary.  *Id.* at 31.  The contribution-level claim was a plain vanilla challenge to the fiduciary's application of a plan's rules and it was this claim that proceeded to trial.

Cummings further urges this Court to reject *Reklau v. Merchants National Corp.*, 808 F.2d 628 (7th Cir. 1986), and *Useden v. Acker*, 734 F. Supp. 978 (S.D. Fla. 1989), *aff'd*, 947 F.2d 1563 (11th Cir. 1991).  Pl. Opp. at 9 n.12.  With respect to *Reklau*, she argues that there was no breach of fiduciary duty claim at issue in the case.  Cummings is in error.  There was, in fact, a breach of fiduciary duty claim made in *Reklau* based on the same conduct that plaintiff alleged to have violated Internal Revenue Code § 401.  *See Reklau v. Merchants Nat'l Corp.*, No. IP 84-1389-C, slip op. at 10-11 (S.D. Ind., Oct. 11, 1985) (attached as Ex. A).[8]  The district court rejected the breach of duty claim for the same reasons it rejected the claim under the Internal Revenue Code, including that the code section did not create an enforceable right for plan participants.  *Id.* at 8-11.  In affirming, the Seventh Circuit, without specifying the particular

---

[8]   The district court in *Reklau* also rejected the breach of duty claim because the defendants were not fiduciaries in establishing the lawful provisions of the plan, as opposed to its administration.  *See Reklau* (Ex. A) at 11.

5

provisions of the statute that plaintiff pled in the *Reklau* complaint, explained that violations of other federal statutes are not applicable to ERISA. 808 F.2d at 629-31. The decision is directly analogous to the bootstrapping exercise that Cummings seeks in this case.

Next, Cummings argues that *Useden* had a single holding that the defendant bank was not a fiduciary. Pl. Opp. at 9 n.12. Here again, Cummings' argument cannot be supported by the opinion. The *Useden* district court addressed multiple issues on summary judgment and ruled, with respect to one of those issues, that ERISA does not create a private right of action for violations of Regulation U of the Securities Exchange Act. 734 F. Supp. at 979.

Nothing in ERISA reveals any intention on the part of Congress to create an implied cause of action for failures to process transactions in accord with broker-dealer regulations. For this reason, the PTAC cannot cure the substantive deficiencies with the breach of duty claim.[9]

## II.     THERE CAN BE NO BREACH OF DUTY OF LOYALTY OR A PROHIBITED TRANSACTION WHERE PLAINTIFF RECEIVES PRECISELY WHAT DEFENDANTS PROMISED TO PROVIDE IN THE PROSPECTUS

The PTAC alleges in Counts Two and Three that Defendants breached their duty of loyalty to Plaintiff and engaged in prohibited transactions under ERISA. This Court previously dismissed these self-same allegations in *Walker*.[10] Cummings now seeks to reargue the Court's decision in the *Walker* litigation by trotting out the same tired arguments that this Court previously considered and rejected. *See* Pl. Opp. at 14-15 (arguing that *Faber* is "not apposite").

---

[9] Plaintiff also states that Defendants "incorrectly suggest[] that this Court previously rejected Plaintiff's duty of care claim." Pl. Opp. at 7 n.8. Plaintiff appears to misunderstand the paragraph cited in Defendants' motion, which only discusses the duty of loyalty and prohibited transaction claims. *See* Def. Motion at 2. Plaintiff also quibbles with the characterization of her claims as "stretched out, dressed up versions of claims that this Court dismissed in *Walker* and *Bauer-Ramazani*." *Id.* at 9. But that is an accurate description given that Plaintiff's counsel has previously conceded that Cummings is indistinguishable from *Walker*, and the Court has recognized as much. *See Bauer-Ramazani*, No. 09-190, Pls.' Mem. in Supp. of Mot. to Intervene at 3 n.3 (ECF No. 140-1) ("Prof. Duffy and Prof. Cummings only add a few additional factual details to Plaintiffs' allegations . . . ."); *id.* at 6 ("Prof. Cummings stands in the same position as Plaintiff Walker, except that summary judgment has not been entered against her."); *Bauer-Ramazani,* No. 09-190, Hr'g Tr. 8:18-19 (Oct. 3, 2012) (ECF No. 215) ("No, she's [Cummings is] no different than Mr. Walker.").

[10] *Bauer-Ramazani*, No. 09-190, Minute Entry (Sept. 19, 2011) (ECF No. 108); *Bauer-Ramazani*, No. 09-190, Hr'g Tr. 23:21 (Sept. 19, 2011) (ECF No. 143).

In a Memorandum and Order dated September 7, 2012, this Court ruled: "Walker's claims were dismissed because Defendants demonstrated he received what the prospectus governing his accounts required: payment within seven days from the business day chosen for his transfer to take effect."[11] Relying on *Faber v. Metropolitan Life Insurance Co.*, No. 08-civ-10588, 2009 WL 3415369, at *7 (S.D.N.Y. Oct. 23, 2009), *aff'd*, 648 F.3d 98 (2d Cir. 2011), this Court explained the reason that the fiduciary duty of loyalty claims were not actionable:

> Well, frankly, I don't see the distinction between *Faber* and the case here. Mr. or Professor Walker received his money in the seven days. The prospectus that both parties admit is part of the case anyway is clear that the payments were made within seven calendar days after they received the information we need to process the request. So as far as Mr. Walker's concerned, Professor Walker, I am going to grant the motion for summary judgment. And I'm relying primarily on *Faber*, but also, frankly, the common sense that if a payment is going to be made on the date that it's requested it's going to take some time for a payment to be made.[12]

The Court's reasoning is supported by the Supreme Court's decision in *US Airways v. McCutchen*, 133 S. Ct. 1537 (2013), which emphasized the supremacy of plan terms. In *McCutchen,* after a health-plan participant recovered damages from a third-party tortfeasor, the plan administrator sought reimbursement of the entire amount it had paid the participant for medical expenses, as provided for by the plan terms. The participant argued that unjust enrichment and other equitable principals should limit the amount of the plan's reimbursement. The Court held that the agreement, as evidenced by the plan document, "itself becomes the measure of the parties' equities" and reigns supreme over any claims for equitable relief not provided for by the plan. *Id.* at 1548 ("The plan, in short, is at the center of ERISA. And precluding McCutchen's equitable defenses from overriding plain contract terms helps it to remain there."); *see also Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612

---

[11] *Bauer-Ramazani*, No. 09-190, Mem. & Order at 3 (Sept. 7, 2012) (ECF No. 186).

[12] *Bauer-Ramazani*, No. 09-190, Hr'g Tr. 23:19-24:6 (Sept. 19, 2011) (ECF No. 143).

7

(2013) (emphasizing the importance of enforcing ERISA plan terms as written). In line with *McCutchen*, and as this Court recognized in *Walker,* the clear terms of the plan providing that transactions will be processed within seven days after a "good order" represent the agreement of the participant and the plan administrator and cannot be trumped by Cummings' vague allegations of industry standards.

Cummings attempts to overcome the supremacy of the plan terms by arguing that the transaction processing standards detailed in the operative prospectus do not meet the more exacting standards of ERISA. Pl. Opp. at 12-14. The Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), on which Cumming relies, does not support this argument. At issue in *Fifth Third Bancorp* was whether an ESOP fiduciary satisfied its duty of care by investing in company stock (among other investment options) in light of the publicly available information regarding the risks of the company stock. Although the pension plan permitted the investment in company stock, the ESOP fiduciary was required to act prudently in selecting company stock over other permissible options. On review was whether the discretionary investment decision made by the ESOP fiduciary was consistent with prudent conduct. That case is distinguishable from the long line of cases holding that a fiduciary that complies with a plan's lawful terms and "provides the beneficiaries the benefits that they were due under the plan" does not violate the "exclusive purpose" requirement of Section 1104(a). *Faber*, 2009 WL 3415369 at *7; *see also Morse v. Stanley*, 732 F.2d 1139, 1145-46 (2d Cir. 1984) (rejecting ERISA loyalty claim based on trustees' failure to accelerate benefits where the plan did not require acceleration prior to retirement); *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) (finding no violation of ERISA's exclusive purpose requirement

"[b]ecause Defendants complied with the Plan's lawful terms and were under no legal obligation to deviate from those terms, [and Defendants] provided Plaintiffs with their benefits due").[13]

On the other hand, *Dudenhoeffer* supports the principle that a plaintiff cannot use ERISA to impose liabilities on defendants for practices approved by federal securities laws.  *See Dudenhoeffer*, 134 S. Ct. at 2473 (cautioning that "courts should consider the extent to which an ERISA-based obligation . . . could conflict with the complex . . . federal securities laws or with the objectives of those laws").  As explained in Defendants' opening brief, the SEC has determined that transactions settling insurance contracts – including the variable annuities at issue here – are exempt from the broker-dealer regulation requiring settlement within three days. *See* Def. Motion at 5-6 (citing SEC Release Nos. 33-7177 & 34-35815, 60 Fed. Reg. 30906, 30907 (June 6, 1995) (finding exemption "consistent with the public interest and the protection of investors")).  As recognized in *Dudenhoeffer*, ERISA § 514(d) prohibits Plaintiff from holding defendants to a three day standard across the board, instead of the seven day standard provided by the plan in accord with regulatory guidance.

Cummings also contends that the prospectus – which discloses the seven calendar day timing of payments provision – cannot be considered on a motion for judgment on the pleadings because it is "not integral to the complaint."  Pl. Opp. at 12 n.14.  A cursory review of the initial Cummings complaint belies this claim.  In fact, the original complaint makes numerous

---

[13]   Plaintiff also cites *John Blair Communications, Inc. Profit Sharing Plan v. Telemundo Group, Inc. Profit Sharing Plan*, 26 F.3d 360 (2d Cir. 1994) for the proposition that ERISA's duty of loyalty obligates a fiduciary to turn over investment gains earned during distribution delays.  Pl. Opp. at 10-11.  But *John Blair* involved a three-month delay that violated the Asset Purchase Agreement that gave rise to the transfer, as well as ERISA spinoff provision § 208.  26 F.3d 360.  Moreover, the "windfall" in that case arose because one committee served as trustee for two plans following a corporate acquisition, and kept the investment gains entirely for one plan instead of dividing them *pro rata*.  *Id.* at 367.  These facts stand in stark contrast to the instant case, in which Defendants complied with the prospectus and processed the transactions on a neutral basis.

references to the prospectus.[14]  Defendants also refer to the prospectus in their answer,[15] and courts properly consider a document referenced in an answer on a motion for judgment on the pleadings.  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).  Citation to the prospectus is appropriate where, as here, the complaint and answer make the prospectus integral to the litigation.  *See, e.g., id.* (document "integral" to answer where part of defendant's counterclaims and part of negotiation that plaintiff "identified as the basis for its Complaint"); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (document "integral" to complaint where complaint "relie[d] heavily upon its terms and effect").

Yet, even if Cummings had not referred liberally to the prospectus in her original complaint, she should be estopped from arguing, and she does now, that the "complaint does not allege that Plaintiff ever received it."  Pl. Opp. at 12 n.14.[16]  Cummings sought to intervene in the related *Walker* action, submitted papers to this Court in support of her effort, and repeatedly referenced the prospectus in those submissions because the terms of that document were integral to her claim for relief as against Defendants.[17]  Judicial estoppel precludes Cummings from

---

[14]  *See, e.g.*, Compl. at ¶ 18 (ECF No. 1) ("TIAA-CREF's prospectuses state that the funds will be transferred within seven days of the date such requests are received."); ¶ 19 ("Neither Plaintiffs nor St. Michael's College ever agreed that May 1, 2007, would be treated as the 'Effective Date' or 'Good Order Date' for purposes of a TIAA or CREF prospectus, such that TIAA-CREF would have seven days from May 1, 2007 to transfer the accounts."); ¶ 27 ("TIAA-CREF did not disclose its DPI program to customers, either in its prospectus or in connection with the payment itself."); *see also* First Am. Compl. at ¶ 17 (ECF No. 17) ("Under TIAA-CREF's prospectuses, a customer may also specify a future 'Effective Date', but Prof. Cummings did not do so."); ¶ 18 ("TIAA-CREF's mutual fund prospectuses state that customer funds will be transferred within seven days of the Effective Date or Good Order Date."); ¶ 26 ("Prior to 2011, TIAA-CREF's mutual fund prospectuses did not state . . . ."); ¶ 27 ("In 2011, TIAA-CREF added a provision to its mutual fund prospectuses stating that redemption and transfer requests could be processed after the Effective date"); ¶ 28 ("[N]either Plaintiff nor St. Michael's College ever agreed that May 1, 2007, would be treated as the 'Effective Date' or 'Good Order Date' for purposes of a TIAA or CREF prospectus"); ¶ 31 ("TIAA-CREF did not disclose its DPI program to customers, either in its prospectus or in connection with the payment itself.").

[15]  Answer at ¶¶ 7, 28 (Mar. 27, 2015) (ECF No. 61).

[16]  In the prior *Walker* litigation, Plaintiff made a similar argument: "the material that Professor Walker received is not full of references to the prospectus . . . .  And I guess I think the bottom line there is that the issue of whether it's a plan document or not a plan document is a factual question in the final analysis." *Bauer-Ramazani*, No. 09-190, Hr'g Tr. 13:18:14:2 (May 18, 2012) (ECF No. 143).  The Court should reject those arguments for the same reasons it rejected them in *Walker*.

[17]  *Bauer-Ramazani*, No. 09-190, Pls.' & Intervenors' Mem. ISO Intervention (May 10, 2012) (ECF No. 140-1); *Bauer-Ramazani*, No. 09-190, Reply to Mot. to Intervene (July 17, 2012) (ECF No. 168).

taking the position in this case that the prospectus is "not integral to the complaint" when she argued in *Walker* that the prospectus governed the price that she was supposed to receive, but that Defendants did not give her that promised price. *See, e.g., Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42 (2d Cir. 2015) (judicial estoppel barred terminated employee's discrimination claims where employee received disability benefits on ground she was fully disabled).

Because Plaintiff received precisely what Defendants promised her, through the application of neutral transaction processing practices, the breach of loyalty and prohibited transaction claims in the PTAC would be futile and judgment should be entered in favor of Defendants on these claims.

## III. TCIM AND TAI ARE NOT ALLEGED TO HAVE ANY DUTIES WITH RESPECT TO TRANSACTION PROCESSING AND SHOULD BE DISMISSED FROM THIS ACTION

The deficiencies in the allegations regarding TCIM and TAI are detailed in Defendants' Motion for Judgment on the Pleadings. Def. Motion at 18-20. The PTAC does not overcome those deficiencies and fails, as it must, to allege that TCIM and TAI are ERISA fiduciaries for Plaintiff with respect to transaction processing. *See Stein v. Smith,* 270 F. Supp. 2d 157, 165 (D. Mass. 2003); *see also* ERISA § 402(a). To state a claim for breach of fiduciary duty under ERISA, a plaintiff must plead facts sufficient to show that each defendant was "a fiduciary *with respect to the particular activity in question.*" *Molasky v. Principal Mut. Life Ins. Co.*, 149 F.3d 881, 884 (8th Cir. 1998) (emphasis added & citation omitted).[18]

---

[18] *See also Pegram v. Herdrich,* 530 U.S. 211, 226 (2000) ("In every case charging breach of ERISA fiduciary duty … the threshold question is … whether [the entity charged] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."); *Stein,* 270 F. Supp. 2d at 166 (stating that in order to have properly pleaded a breach by any defendant of a fiduciary duty, a plaintiff "must plead first that the defendant was a fiduciary with respect to the Plans *and* that he or she breached a duty to that Plan that related to matters within his or her discretion and control") (emphasis added).

11

The PTAC offers no individualized factual allegations about the two investment advisers' roles with respect to the Cummings' account or transaction processing. (PTAC ¶¶ 9, 30, 31-32.) To the contrary, the PTAC mentions TCIM and TAI in its identification of the parties, its description of them as "provid[ing] investment advice and management services to CREF funds," and in its claim that these two entities are operated as for profit entities. (PTAC ¶ 9). The PTAC includes no allegations that TCIM or TAI had any responsibility for transaction processing.

The PTAC's group allegations repeatedly and generically referring to "Defendants" or "TIAA-CREF" (PTAC ¶¶ 1, 3, 5-6, 11-19, 21-23, 25-35, 37-38, 40-41, 48, 50, 53, 55, 57-59, 62-64, 68-70), should be rejected in this context. Under Federal Rule of Civil Procedure 8(a), courts have dismissed complaints that merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct. *See* Def. Motion at 18-20 (and authorities cited therein).

Here, the PTAC "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x at 33, 34 (2d Cir. 2001). Missing from the PTAC is any factual allegation that TCIM or TAI (a) exercised discretionary authority over transaction processing in Plaintiff's account, (b) had any role in the receipt or processing of customer orders, or (c) maintained custody of customer funds, including Plaintiff's accounts.

Unable to specify any conduct that would support claims against TAI and TCIM, Cummings now argues that all of the Defendants should be treated as a single entity. Pl. Opp. at 17-21; Motion at 1. The basis for this claim is that TIAA-CREF is a group of closely-related companies (PTAC ¶ 5); some of the unnamed Defendants' companies provide services to one

another at cost, and share employees (PTAC ¶ 6); and some of the Defendants allegedly have insufficient assets to cover a judgment.  (PTAC ¶¶ 7-8.)

These allegations, however, do not meet the Second Circuit standard for imposing liability on defendants who are not alleged to have any responsibility for transaction processing. *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220 (2d Cir. 1987), cited at pages 18-19 of Cummings' Opposition to the Motion for Judgment on the Pleadings, disregarded the corporate form in an ERISA action where the defendants "knowingly participate[d] in fiduciary breaches." *Id.* at 1220.  Here, by contrast, the PTAC includes no allegations of misconduct on behalf of the two investment advisers.  They are not alleged to have caused the ERISA violations.  They are not alleged to have "channel[ed] profits from self-dealing to a separate legal entity under their control." *Id.*  Nor are there allegations of "intermixing of assets among the corporations . . . without observing the appropriate formalities, simultaneous sharing of employees and office space by the corporate and individual defendants, and wholly inadequate capitalization of the corporations in light of the nature of the businesses in which they were engaged." *Id.* at 1221.  The two investment adviser defendants do not "*primarily* transact[ ] the business of the dominating interest rather than [their] own." *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000).  Unlike the Citco companies at issue in *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 422 (S.D.N.Y. 2010) (cited at page 20 of Plaintiff's Opposition), TAI and TCIM both are registered as investment advisers with the Securities and Exchange Commission and their services cannot be provided by any of the other TIAA-CREF defendants that are not so registered.[19]

---

[19]   *See* Investment Advisers Act § 203(A) (1940).

The unremarkable fact that some unspecified TIAA-CREF entities share employees is not sufficient, under *Lowen* and *Wetterer*, to disregard the corporate form and sweep unrelated entities into this action. The PTAC's additional allegations regarding Defendants' corporate form should not lead this Court to disregard corporate form in this case. The Motion should be denied as futile and TAI and TCIM should be dismissed from the action.

## CONCLUSION

For the reasons stated above and in Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings, Plaintiff's Motion to File Third Amended Complaint should be denied and judgment should be entered in favor of Defendants.

Dated:  September 18, 2015    PHILLIPS, DUNN, SHRIVER & CARROLL, P.C.

By:  /s/ Richard C. Carroll
Richard C. Carroll
147 Western Avenue
Brattleboro, VT 05301
(802) 257-7244
rcarroll@pdsclaw.com

Of Counsel:

Lori A. Martin
David Berman
Jacob Warren
Iya Megre
WILMER, CUTLER, PICKERING, HALE & DORR, LLP
7 World Trade Center
New York, NY 10007

Howard Shapiro
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

*Attorneys for Defendants*

15