UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated,<br>       Plaintiff<br><br>    v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC,<br>       Defendants | Docket No. 1:12-cv-93 |

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO FILE THIRD AMENDED COMPLAINT

Preliminary Statement

Plaintiff seeks to file a Third Amended Complaint to clarify and further support her claims, so that Defendants' motion for judgment may be considered on a complete and accurate record. The amendment would not prejudice TIAA-CREF, nor does TIAA-CREF suggest that it would. Nor is it obviously futile. In keeping with the Supreme Court's guidance that amendments should be freely granted in order that claims can be tested on their merits, Plaintiff respectfully submits that the proposed Third Amended Complaint should be allowed.

Argument

I. PLAINTIFF'S PROPOSED THIRD AMENDED COMPLAINT SHOULD BE ALLOWED BECAUSE TIAA-CREF WILL SUFFER NO PREJUDICE.

The Second Circuit has made clear that "'the rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). That rule reflects the Supreme Court standard that "[if] the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants (collectively "TIAA-CREF") do not claim any prejudice or bad faith.[1] Rather, TIAA-CREF argues that the proposed amendment would be futile because it would still be entitled to dismissal. *See* Defs.' Memo. of 4. But if this is so, allowing the proposed Third

---

[1] It would be difficult to do so, since Plaintiff is not advancing any new legal claims or theories. Courts regularly allow amendments to add factual allegations when no new claims or theories are asserted. *See, e.g., Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) (allowing proposed amendment which did not add new substantive claims or overhaul theory of case); *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999) (district court abused discretion in denying motion to amend to add factual allegations arising from same controversy); *Corey v. Look*, 641 F.2d 32 (1st Cir. 1981) (district court properly granted plaintiff's motion to amend which simply sought to incorporate facts that defendants had already discovered through their interrogatories); *Abbatiello v. Monsanto Co.*, 571 F.Supp. 2d 548 (S.D.N.Y. 2008) (allowing plaintiffs to amend complaint in putative class action concerning release of polychlorinated biphenyls to add factual allegation about release of additional contaminants did not unduly prejudice defendants or delay litigation).

TIAA-CREF does assert that, "in an effort to preserve a breach of duty claim," Plaintiff "now" claims that it failed to act in accordance with industry standards. Defs. Memo. at 2. However, the record shows that Plaintiff made exactly the same claim in her Second Amendment Complaint. *See* Doc. 39-3, ¶¶ 41, 43-44 ("TIAA-CREF did not act in accordance with . . . industry standards, thereby breaching its duty of care").

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

Amended Complaint would do no harm.  TIAA-CREF should have no problem giving Prof. Cummings her best "opportunity to test her claim on the merits" by presenting her factual allegations fully.

II.     THE PROPOSED THIRD AMENDED COMPLAINT IS NOT "CLEARLY FUTILE."

While a motion to amend may be denied as frivolous or futile under F.R.Civ.P. 15(a), courts have reserved denial on such grounds for clear and obvious cases.  *See* 6 Charles Wright, Arthur Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2010) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper") (collecting cases).  As one district court recently explained, "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is 'clearly insufficient or frivolous on its face.'" *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.,* No. 6:12-cv-23, 2013 U.S. Dist. LEXIS 89001 at *5 (W.D. Va. June 25, 2013) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).[2]   In closer cases, "the substantive merits of a proposed claim or defense are typically best left for . . . motions to dismiss or for summary judgment."  *Crago v. Capital Advantage Fin. & Dev., Inc.*, 242 F.R.D. 341, 344 (D.S.C. 2007).

This Court has followed this approach in considering motions to amend.  In *Steuerwald v. Cleveland*, No. 1:14-cv-88-jgm, 2015 U.S. Dist. LEXIS 44246 (D. Vt. March 31, 2015), it held that "granting leave to amend would be futile with respAect to the claims against [police officer] Cleveland because better pleading will not cure the res judicata bar," but it allowed the plaintiff

---

[2] *Oroweat* reversed the denial of a motion for leave to amend where it was not obvious on the face of the proposed amended complaint whether or not the Connecticut franchise act applied, as indicated "by the complexity of the arguments advanced by counsel on both sides." *Id.*, 785 F.2d at 511.

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 3 -

to amend his claim against the City of Montpelier because "a possibility remains that additional factual allegations could yield viable claims." *Id*, at *24. In *Buckner v. Shumlin*, No. 1:12-cv-90-jgm, 2013 U.S. Dist. 175612 (Dec. 13, 2013), this Court held that plaintiff's federal claims were futile, including "his claims of criminal violations, his Thirteenth Amendment claim, and his retaliatory investigation claim," but it allowed him to amend his claims of racial profiling and improper seizure. *Id.* at *13. In *McCain v. Buffalo Wild Wings,* No. 1:11-cv-143, 2012 U.S. Dist. LEXIS 11778 (Feb. 1, 2012), an employment discrimination case involving work hours, this Court held that plaintiff's attempt to plead violations against Burger King of the constitutional right to travel, Equal Protection Clause, and United Nations' Universal Declaration of Human Rights were futile, but said he could amend to add other claims and allegations. *See id.* at *8-*22. *See also Naylor v. Rotech Healthcare, Inc.*, 678 Supp. 2d 505 (D. VT. 2009) (granting leave to amend to add defamation but not spoliation of evidence claim).

Plaintiff's claims in this case are not "clearly insufficient or frivolous on [their] face." She alleges that TIAA-CREF consistently failed to meet industry standards or its own representations for timely processing transfer and redemption orders, then used amounts earned by customer accounts during processing delays to cover its own liabilities. This Court has already held that TIAA-CREF became an ERISA fiduciary by exercising actual control over customer funds during the delay period. *See Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190, slip op. at 9, 11-12 (D.Vt. Nov. 27, 2013). The Second Circuit has held that a fiduciary who does not deliver gains earned on ERISA funds when such funds are not timely distributed violates his fiduciary duty. *See John Blair Commc'ns Profit Sharing Plan v. Telemundo Group,* 26 F.3d 360, 369 (2$^d$ Cir. 1994).



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

TIAA-CREF argues that Plaintiff's claim for breach of the duty of care claim is barred because there is no private cause of action for violating SEC regulations. It also contends that it was merely following its prospectus. However, Plaintiff's duty of care claim is based on TIAA-CREF's failure to meet industry standards, of which SEC regulations are only one factor. As alleged in the proposed Third Amended Complaint, TIAA-CREF's own lawyers advised that it was failing to meet industry standards. *See id.* ¶ 16. With respect to the prospectus argument, the Supreme Court recently confirmed that ERISA fiduciaries (unlike common law trustees) may not establish lesser standards for themselves. *See Fifth Third Bancorp. v. Dudenhoffer,* 134 S.Ct. 2459 (2019) . Accordingly, TIAA-CREF must comply with industry standards for processing customer orders, and it must deliver gains earned during processing delays to the participants whose funds earned them. TIAA-CREF cannot contract its way out of these obligations.

## CONCLUSION

Plaintiff's motion to amend should be granted. The merits of her ERISA claims should be tested against her full factual allegations.

Dated:      Burlington, Vermont
            October 1, 2015

/s/ Norman Williams
Norman Williams, Esq.
Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
nwilliams@gravelshea.com
rhemley@gravelshea.com
            and

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 5 -

Thomas A. Tucker Ronzetti, Esq.
Kenneth Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami, FL 33134
tr@kttlaw.com
krh@kttlaw.com
For Plaintiff

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -