**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) Docket No. 1:12-cv-93 |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 26 and 33, Defendants Teachers Insurance and Annuity Association of America – College Retirement Equities Fund (TIAA-CREF), College Retirement Equities Fund (CREF), Teachers Insurance and Annuity Association of America (TIAA), TIAA-CREF Investment Management, LLC (TCIM), Teachers Advisors, Inc. (TAI), and TIAA-CREF Individual and Institutional Services, LLC (TC Services) (together, "TIAA," or "Defendants"), submit their answer and affirmative defenses to the Third Amended Complaint (ECF No. 103) ("TAC"). The TAC refers to "Teachers Insurance and Annuity Association of America - College Retirement and Equities Fund (TIAA-CREF)" as a defendant, but "TIAA-CREF" is not a distinct legal entity. Rather, TIAA-CREF is a trade name under which

various TIAA- and CREF-affiliated entities do business. To the extent that any allegations in the TAC are directed to "TIAA-CREF," Defendants deny that "TIAA-CREF" is an entity against which suit may properly be brought, and deny all such allegations. Unless specifically admitted, Defendants deny each and every averment in the TAC. To the extent that Plaintiff has included headings or impertinent material that is inappropriate under Rules 8 or 12(f) of the Federal Rules of Civil Procedure, no response is necessary and such material should be struck. To the extent any headings or impertinent material are deemed to require a response, Defendants deny them. Any headings from the TAC that are reproduced here are reproduced for convenience of reading only.

**ANSWER TO THIRD AMENDED COMPLAINT**

<u>Nature of Action</u>

1. The allegations in Paragraph 1 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

<u>Jurisdiction and Venue</u>

2. The allegations in Paragraph 2 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over Plaintiff's ERISA claims. Defendants deny the remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District and deny the allegations in Paragraph 3.

<u>Parties</u>

4. Defendants admit that Plaintiff Sarah E. Cummings ("Cummings") was a TIAA and CREF accountholder through the St. Michael's College Retirement Plan, which was

structured as a defined contribution plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first two sentences in Paragraph 4, and on that basis deny them. The remaining allegations in Paragraph 4 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 4.

5. The allegations in the first two sentences of Paragraph 5 set forth legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 5. In response to the allegations in the third sentence of Paragraph 5, Defendants refer to the *http://www.tiaa-cref.org* website for its contents. The allegations in the fourth sentence of Paragraph 5 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 5. Defendants deny the remaining allegations in Paragraph 5.

6. The allegations in Paragraph 6 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants admit that some of the TIAA-CREF entities provide services to other entities at cost and share employees, and further admit that some TIAA-CREF entities are non-profit or not-for profit companies while others are for profit. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that CREF is a nonprofit membership corporation established in New York State. Defendants admit that CREF offers eight variable annuity Accounts, as described in its prospectuses. The prospectuses for the putative class period are attached at Exhibits A-M. Defendants further admit that CREF, since 1998, has been subject to federal income taxation following a decision by Congress to end the organization's tax-exempt status

under Section 501(c)(3) of the Internal Revenue Code and further states that CREF has operated since its inception as a not-for-profit corporation, operates on an "at-cost" basis, and retains no earnings. Defendants admit that Cummings held units in CREF accounts. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that TIAA is a stock life insurance company domiciled in New York that offers the TIAA Real Estate Account. Defendants further state that TIAA is a wholly owned subsidiary of the TIAA Board of Overseers, a New York not-for-profit corporation, and that TIAA exists to help meet the financial needs of the individuals and institutions it serves operating by the terms of its charter without profit to itself or its stockholder (the TIAA Board of Overseers). Defendants further state that TIAA since 1998 has been subject to federal income taxation following a decision by Congress to end the organization's tax-exempt status under Section 501(c)(3) the Internal Revenue Code. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that Defendant TIAA-CREF Investment Management, LLC is a Delaware limited liability company that serves as investment adviser to certain CREF variable annuity accounts at cost. Defendants further admit that Defendant Teachers Advisors, Inc. is a for profit Delaware corporation that advises investment companies other than CREF. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that Defendant TIAA-CREF Individual & Institutional Services, LLC ("Services") is a Delaware limited liability company that holds gain and loss accounts reflecting the difference between the market value of a CREF annuity between the date on which a customer's transfer or withdrawal request is received in good order (the "Effective Date") and the date on which the transaction is processed (the "Processing Date"). Defendants admit that

Services is registered with the Securities Exchange Commission as a broker-dealer. Defendants admit that Services provides services to CREF and the TIAA Real Estate Account on an "at-cost" basis. Defendants deny the remaining allegations in Paragraph 10.

## Facts

### TIAA-CREF Processing Practices

11. The allegations in Paragraph 11 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 11, except admit that TIAA-CREF had delays in processing some customer orders and that the Securities and Exchange Commission conducted a books and records inspection, which included records of transaction processing.

12. The allegations in Paragraph 12 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 12, except admit that some customers experienced processing delays.

13. The allegations in Paragraph 13 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 13 and respectfully refer to the language of the "internal study" for a complete and accurate recitation of its contents.

14. The allegations in Paragraph 14 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 15 and respectfully refer to the language of the "internal analysis" for a complete and accurate recitation of its contents.

16. Defendants deny the allegations in Paragraph 16 and respectfully refer to the internal TIAA-CREF documents for a complete and accurate recitation of their contents.

17. Defendants deny the allegations in Paragraph 17 and respectfully refer to the language of the "IBM study" for a complete and accurate recitation of its contents.

18. Defendants deny the allegations in Paragraph 18 except admit that during a rising market, it will cost more to purchase the same number of units of a variable annuity on the Processing Date than it would on the Effective Date. Defendants also admit that during a falling market, the net accumulation unit value (the "NAV") of a variable annuity will be lower on the Processing Date than on the Effective Date. Defendants further state that SEC regulations require TIAA-CREF to value the order on the Effective Date and not on the Processing Date. Defendants respectfully refer to the transcript of TIAA-CREF's Rule 30(b)(6) witness in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190-jgm (D.Vt.), for a complete and accurate recitation of its contents.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20, except admit that during a rising market, the NAV of a variable annuity on the Processing Date will be higher than the NAV of the variable annuity on the Effective Date. Defendants further admit that during a falling market, the NAV of a variable annuity on the Processing Date will be lower than the NAV of the variable annuity on the Effective Date.

21. The allegations in Paragraph 21 set forth legal conclusions and characterizations that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 21, except admit that TIAA-CREF did not pay plan participants or other customers who placed outgoing orders during rising markets the value of their accounts on the Processing Date, and that TIAA-CREF paid the value of the accounts on the Effective Date.

Defendants further admit that any difference (positive or negative) between the value of a customer or participant's account on the Effective Date and the Processing Date has been referred to as "transaction fund earnings," "transaction fund expense," "TFE," "TFE Gains," "TFE Losses," and/or "breakage."

22. Defendants deny the allegations in Paragraph 22, except admit that TIAA-CREF purchased the number of shares that the customer's funds would have purchased if the order had been executed on the Effective Date. Defendants further admit that any difference (positive or negative) between the value of a customer or participant's account on the Effective Date and the Processing Date has been referred to as "transaction fund earnings," "transaction fund expense," "TFE," "TFE Gains," "TFE Losses," and/or "breakage."

23. Defendants admit that as a result of withdrawals or transfers from CREF variable annuities in both ERISA and non-ERISA plans from 2003 through the first quarter of 2010, there was a total of approximately $567 million in the gain account maintained by Services, and a total of $565 million in the loss account maintained by Services. Defendants further admit that TFE gains were used to offset expenses in the CREF and TIAA Real Estate annuity accounts, including TFE losses.

St. Michael's College Plan

24. Defendants admit that the Retirement Plan for Employees of St. Michael's College ("St. Michael's Plan") is a retirement plan governed by ERISA. The remaining allegations in Paragraph 24 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and on that basis deny them. To the extent Paragraph 24 purports to refer to the contents of a document, Defendants

respectfully refer to the language of the document for a complete and accurate recitation of its contents.

25. Defendants admit that St. Michael's Plan participant accounts held plan investments in TIAA or CREF products as early as 1995. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and on that basis deny them.

26. Defendants admit that St. Michael's College instructed TIAA to transfer the accounts of St. Michael's Plan participants to Milliman, Inc. in 2006. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and on that basis deny them.

27. Defendants admit that TIAA informed St. Michael's College that all TIAA or CREF accounts held by participants in the St. Michael's Plan were based on individual certificates and, as such, required individual authorizations to withdraw from or transfer the accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and on that basis deny them.

28. Defendants admit that they received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their TIAA or CREF accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and on that basis deny them.

29. Defendants admit that they received paperwork reflecting the authorizations by individual participants of the St. Michael's Plan for the transfer of their participant accounts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29, and on that basis deny them.

30. Defendants admit that on April 27, 2007, TIAA received transfer forms for some St. Michael's Plan participants, including Cummings. Defendants admit that the date on which a written request for a transfer or distribution is received in good order by TIAA is sometimes referred to by individuals within TIAA as the "Good Order Date" or Effective Date, unless a different effective date is determined. Defendants admit that May 1, 2007 was determined to be the Effective Date for the transfer request of Cummings and a number of other St. Michael's Plan participants, whose transfer forms were received on April 27, 2007. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that the check cut in connection with Cummings' transfer request was dated May 7, 2007. The remaining allegations in Paragraph 31 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 31.

32. Defendants admit that the check cut in connection with Cummings' transfer request was dated May 7, 2007. Defendants deny the remaining allegations in Paragraph 32.

33. Defendants admit that the check cut in connection with Cummings' transfer request reflected the value of her account on the Effective Date, *i.e.*, May 1, 2007. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that Services maintains a TFE loss and TFE gain account, in which TFE losses and gains are recorded, respectively. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that Plaintiff and other participants requesting distributions or transfers received the Effective Date value of their units in CREF or TIAA Real Estate variable annuities and, in certain circumstances, also received interest. Defendants further state that TFE

gains were used to offset expenses otherwise chargeable to the CREF and TIAA Real Estate variable annuity accounts to the benefit of participants investing in those accounts. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants admit that Plaintiff purports to bring this action as a class action on behalf of the proposed class identified in Paragraph 36. Defendants deny that this action can be maintained as a class action.

37. The allegations in Paragraph 37 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants admit that the action originally captioned *Walker v. TIAA-CREF*, 1:09-cv-190 (D. Vt.) was filed August 17, 2009. Defendants admit that *Walker* was later recaptioned *Bauer-Ramazani v. TIAA-CREF* after the Court dismissed Walker's claims on May 25, 2012 on the basis that Walker, whose transfer request was processed on May 7, 2007 with a May 1, 2007 Effective Date, had "received what the prospectus governing his accounts required: payment within seven days from the business day chosen for his transfer to take effect." Defendants further admit that the Court ordered the remaining plaintiff, Christine Bauer-Ramazani, to file a Third Amended Complaint without Walker's claims. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis deny them.

39. Defendants deny the allegations in Paragraph 39. Defendants deny that this action can be maintained as a class action.

40. Defendants deny the allegations in Paragraph 40, including its subparts. Defendants deny that this action can be maintained as a class action.

41. The allegations in the first, second, and fourth sentences of Paragraph 41 contain

legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny those allegations. In response to the allegations in the third sentence of Paragraph 41, Defendants admit that Cummings was paid the value of her transferred accounts as of May 1, 2007, which was the agreed-upon Effective Date for her transfer request, and otherwise deny the allegations in that sentence. Defendants deny that this action can be maintained as a class action.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis deny them. Defendants deny that this action can be maintained as a class action.

43. Defendants deny the allegations in Paragraph 43. Defendants deny that this action can be maintained as a class action.

44. Defendants deny the allegations in Paragraph 44. Defendants deny that this action can be maintained as a class action.

45. Defendants deny the allegations in Paragraph 45. Defendants deny that this action can be maintained as a class action.

46. Defendants deny the allegations in Paragraph 46. Defendants deny that this action can be maintained as a class action.

## COUNT I

### ERISA Breach of Fiduciary Duty of Care

47. Defendants incorporate their responses to Paragraphs 1-46 of the TAC and otherwise deny the allegations in Paragraph 47.

48. The allegations in Paragraph 48 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49. The allegations in Paragraph 49 contain legal conclusions and characterizations to which no response is required.

50. Defendant Services admits that it is a registered broker-dealer and a member of Financial Industry Regulatory Authority ("FINRA"). Defendants deny the remaining allegations in Paragraph 50.

51. The allegations in Paragraph 51 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. The allegations in Paragraph 52 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53. The allegations in Paragraph 53 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53 and respectfully refer to the language of the document for a complete and accurate recitation of its contents.

54. The allegations in Paragraph 54 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Defendants admit that TFE gains were used to pay expenses otherwise chargeable to the TIAA Real Estate and CREF variable annuity accounts, but otherwise deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

## COUNT II

### ERISA Breach of Fiduciary Duty of Loyalty

60. Defendants incorporate their responses to Paragraphs 1-59 of the TAC and otherwise deny the allegations in Paragraph 60.

61. The allegations in Paragraph 61 contain legal conclusions and characterizations to which no response is required.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

## COUNT III

### ERISA Prohibited Transactions

65. Defendants incorporate their responses to Paragraphs 1-64 of the TAC and otherwise deny the allegations in Paragraph 65.

66. The allegations in Paragraph 66 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. The allegations in Paragraph 67 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Defendants admit that TFE gains were used to pay expenses otherwise chargeable to the TIAA Real Estate and CREF variable annuity accounts, but otherwise deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

Relief

To the extent a response is required to the allegations on page 16 of the TAC following the word "Relief" on page 16, Defendants deny that Plaintiff is entitled to the relief requested in those allegations, or to any relief whatsoever under ERISA or any other state or federal law.

Jury Demand

In response to Plaintiff's "Jury Demand," Defendants deny that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. To the extent the TAC purports to allege claims of breach of fiduciary duty as a

result of misrepresentations, Plaintiff fails to allege the circumstances constituting the alleged fraud with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

3. Plaintiff's claims are barred by applicable statutes of limitation, including ERISA's three-year and six-year limitations period under ERISA § 413, 29 U.S.C. § 1113.

4. Plaintiff's claims are barred by laches, waiver, or estoppel.

5. Plaintiff lacks standing under ERISA to assert her claims.

6. Plaintiff's claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c).

7. To the extent that Plaintiff asserts that Defendants engaged in transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, those claims are barred in whole or in part pursuant to ERISA § 408, 29 U.S.C. § 1108.

8. Plaintiff's alleged damages and other requested relief should be offset, in whole or in part, to the extent they arise out of internal transfers (*i.e.*, transfers from one TIAA-CREF investment option to another) in which Plaintiff received a positive return on the TIAA-CREF investment option or options into which Plaintiff's funds were transferred.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of release, to the extent Plaintiff has previously released Defendants from liability for her claims and abandoned or given up her right to pursue Defendants for her claims.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, to the extent she has previously agreed to discharge Defendants' liability for her claims in exchange for compensation.

11. Plaintiff seeks relief not authorized under ERISA.

12. Plaintiff's claims are barred on the ground that Defendants were not fiduciaries

with respect to the conduct alleged in the TAC.

13. Plaintiff's claims are barred on the ground that she has received all that she is contractually entitled to receive under the terms of the St. Michael's College Plan, annuity contracts and the CREF prospectuses. Exhibits A-M.

Dated: November 2, 2015
New York, NY

WilmerHale LLP

/s/ Lori A. Martin\_\_\_\_
Lori A. Martin (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Phone: (212) 295 6412
Fax: (212) 230 8888
Email: lori.martin@wilmerhale.com

   and

Howard Shapiro (*pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Phone: (504) 310 4085
Fax: (504) 310 2022
Email: howshapiro@proskauer.com

   and

Richard C. Carroll
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Avenue
Brattleboro, VT 05301
(802) 257-7244 rcarroll@pdsclaw.com

*For Defendants*

# **CERTIFICATE OF SERVICE**

I, Iya Megre, certify that on November 2, 2015, I served a copy of Defendants' Answer to Third Amended Complaint and Affirmative Defenses upon the following counsel of record via ECF:

| Howard Shapiro, Esq. at howshapiro@proskauer.com | Kenneth Hartmann, Esq. at krh@kttlaw.com | Norman C. Williams, Esq. at nwilliams@gravelshea.com |
|---|---|---|
| Robert B. Hemley, Esq. at rhemley@gravelshea.com | R. Bradford Fawley, Esq. at bfawley@drm.com | Thomas A. Ronzetti, Esq. at TR@kttlaw.com |

The document has been filed electronically and is available for viewing and downloading from the ECF system.

  /s/ Iya Megre
Iya Megre (*pro hac vice*)
250 Greenwich Street
7 World Trade Center
New York, NY 10017
(212) 295-6263
iya.megre@wilmerhale.com