UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated, Plaintiff | ) ) ) ) | |
| v. | ) ) | Case No. 1:12-cv-00093-jgm |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS' INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), and TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

STIPULATION AND ORDER FOR TIME TO RESPOND TO
THIRD AMENDED COMPLAINT AND BRIEFING AND DISCOVERY SCHEDULE

In light of the Court's order dated October 8, 2015, granting Plaintiff's motion to file a Third Amended Complaint, the parties agree and request the Court to order the following schedule by which Defendants are to respond to Plaintiffs' Third Amended Complaint, complete briefing on such responsive document, and complete fact and expert witness discovery pursuant to Local Rule 26.1(b):

1. On or before November 2, 2015, being thirty-one (31) days after Plaintiff filed her Third Amended Complaint ("Complaint"), Defendants will file a motion to dismiss or other dispositive motion.

2. If the entire case is not disposed of by the Court's order deciding Defendants' motion, then within eight (8) weeks after the issuance of the Court's order on the motion to dismiss or other dispositive motion, Plaintiff will file her motion for class certification. Defendants shall have forty-five (45) days to respond to the motion and Plaintiff shall have thirty (30) days for her reply.

3. The parties agree that the deadline for any motion for joinder of parties or amendments to the pleadings was October 8, 2015.

4. Fact discovery, including fact depositions, will close sixty (60) days after the Court decides the class certification motion. The parties stipulate and agree that fact discovery taken in the action captioned Bauer-Ramazani v. TIAA-CREF et al., Case No. 1:09-cv-190 in the United States District Court for the District of Vermont ("Bauer-Ramazani Action"), and the action captioned Rink v. College Retirement Equities Fund Corp., Case No. 07-CI-10761 in the Commonwealth of Kentucky Court of Justice, County of Jefferson ("Rink Action"), may be used as if it had been taken in this action. The parties have not determined at this time whether to stipulate that expert discovery taken in the Bauer-Ramazani Action or the Rink Action may be used as if it had been taken in this action, and specifically preserve, and do not waive any position they may take with regard to the use of such discovery in this case. The parties further agree to reconsider this issue once the litigation is more advanced and they are better able to assess whether such a stipulation is appropriate and makes sense in the context of this case.

5. Plaintiff shall disclose her experts and expert reports no later than forty-five (45) days after the close of fact discovery. Defendants shall disclose their experts and expert reports forty-five (45) days after Plaintiff's expert witness disclosure. Plaintiff shall have thirty (30) days thereafter to disclose any rebuttal expert witnesses and/or rebuttal expert witness reports. Depositions of expert witnesses shall begin no sooner than 150 days after the close of fact discovery. In the event that Plaintiff elects to prepare an expert opinion in connection with class certification, deposition of such experts may be conducted during fact discovery. Expert witness discovery shall close two hundred and ten (210) days after the close of fact discovery.

6. Summary judgment and other dispositive motions shall be filed no later than thirty (30) days after the close of expert discovery.

7. This case shall be ready for trial no later than one hundred twenty (120) days after the close of expert discovery unless summary judgment or other dispositive motions are still pending, in which case the case shall be ready for trial ninety (90) days after all such motions are decided.

Dated: Burlington, Vermont
November 3, 2015

/s/ Robert B. Hemley
Robert B. Hemley, Esq.
Norman Williams, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
rhemley@gravelshea.com
nwilliams@gravelshea.com

and

        Kenneth R. Hartman, Esq.
        Kozyak Tropin && Throckmorton, LLP
        2525 Ponce de Leon, 9th Floor
        Miami, FL  33134
        (305) 372-1800
        krh@kttlaw.com

        For Plaintiff

        */s/ Lori A. Martin*
        Lori A. Martin (*pro hac vice*)
        Wilmer Cutler Pickering Hale & Dorr, LLP
        7 World Trade Center
        250 Greenwich Street
        New York, New York 10007
        (212) 230-8800
        lori.martin@wilmerhale.com

        Howard Shapiro (*pro hac vice*)
        Proskauer Rose LLP
        650 Poydras Street, Suite 1800
        New Orleans, LA 70130
        (504) 310 4085
        howshapiro@proskauer.com

        and

        Richard C. Carroll, Esq.
        Potter Stewart, Jr. Law Offices P.C.
        205 Main Street, Suite 8
        Brattleboro, VT  05301
        (802) 257-7244
        rcarroll@potterstewartlaw.com

        For Defendants

APPROVED AND SO ORDERED:

Date:   November 3, 2015.

        /s/  J. Garvan Murtha
        Honorable J. Garvan Murtha
        United States District Judge