UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| SARAH E. CUMMINGS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA – COLLEGE RETIREMENT AND EQUITIES FUND (TIAA-CREF), COLLEGE RETIREMENT AND EQUITIES FUND (CREF), TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA (TIAA), TIAA-CREF INVESTMENT MANAGEMENT, LLC (TCIM), TEACHERS ADVISORS, INC. (TAI), AND TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC,<br><br>                    Defendants. | Docket No. 1:12-cv-93 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
AND ALTERNATIVE PROPOSAL FOR THE CLASS DEFINITION**

The parties have reached agreement on financial and non-financial terms for a proposed class action settlement. The sole disagreement between the parties relates to the class definition. Defendants submit this response to Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement and For Certification of the Settlement Class ("Plaintiff's Motion for Preliminary Approval") [Dkt. 113] to support an alternative definition of the Class. Plaintiff's proposed class definition excludes members of the class certified in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190 (D. Vt.). That exclusion is erroneous at law because those investors were part of this case at inception and have received no notice that this action has been resolved; nor have they received notice of how they will be affected by resolution of this action. For this

reason, TIAA respectfully requests that this Court adopt the alternative formulation of the class proposed by Defendants.

## STATEMENT OF FACTS

Plaintiff filed her original Complaint on May 10, 2012. The action was styled as a class action, and the proposed class was defined as follows:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), whose mutual fund or money market accounts TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder after it received a written transfer or withdrawal request.

Complaint at ¶ 29 [Dkt. No. 1]. The members of the class in the related case *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-cv-190 (D. Vt.), were included in the proposed class.

On December 17, 2012, Plaintiff amended the Complaint, including the proposed class definition. The Amended Complaint proposed the following definition of the class, which now sought to exclude members of the *Bauer-Ramazani* class:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), whose mutual fund or money market accounts TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder after the date it received a written transfer or withdrawal request, but excluding members of the class in *Rink v. CREF*, No. 07-CI-10761 (Ky. Cir.) and members of the putative class in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV-190 (D. Vt.).

Amended Complaint at ¶ 33 [Dkt. No. 17].

On October 15, 2014, Plaintiff filed a Second Amended Complaint, which again amended the proposed class definition. The Second Amended Complaint defined the proposed class as:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested a transfer or distribution of funds held in a TIAA or CREF variable annuity account: (i) whose request was not transmitted or settled in accordance within the time limits established by the Securities & Exchange Commission and industry practice; and (ii) whose funds generated investment gains during the period of delay; but (iii) excluding members of the class in *Rink v. CREF*, No. 07-CI-10761 (Ky. Cir.) and members of the class whose

      claims herein were entirely released in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV- 190 (D. Vt.).

Second Amended Complaint at ¶ 27 [Dkt. No. 39].

      On October 8, 2015, Plaintiff filed a Third Amended Complaint, but did not amend the definition of the proposed class. *See* Third Amended Complaint at ¶ 36 [Dkt. No. 103].

      On or around July 11, 2016, the parties reached agreement on the financial and non-financial terms for a proposed class action settlement. There remains, however, a disagreement regarding whether members of the *Bauer-Ramazani* class are included in this Class. Plaintiffs propose that the class definition exclude members of the *Bauer-Ramazani* class; Defendants propose that members of the *Bauer-Ramazani* class must be included in this Class. The parties have agreed that the Court's determination of the final Class definition is not a condition of the settlement, and that they will administer the settlement and notice, upon approval, based on the Court's ruling regarding class composition.[1]

      Plaintiff's proposed class definition provides no notice to the *Bauer-Ramazani* class members that this action has been resolved. To assure that all members of the class as originally composed when the action was filed receive appropriate notice, TIAA proposes the following definition of the Class:

> All persons, including all 'persons' as defined by 29 U.S.C. § 1002(9), who at any time during the Class Period requested (i) a transfer of units or shares held in one or more TIAA or CREF variable annuity accounts to an account external to TIAA or (ii) a full or partial redemption of funds held in one or more TIAA or CREF variable annuity accounts whose Funds were not invested, transferred or distributed between three and seven calendar days from the Effective Date, and who did not receive investment gains for the period between the Processing Date and the Effective Date of the Transaction.

---

[1]    *See* Sections 7 and 88 of the Class Action Settlement Agreement (Exhibit I to Plaintiff's Motion for Preliminary Approval) [Dkt. 113, Attachment 1]; *see also* pages 1-2, 3-4 and 7-8 of Plaintiff's Motion for Preliminary Approval (describing the parties' disagreement and resolution by the Court) [Dkt. No. 113].

The Class will receive notice that no cash payments will be made to *Bauer-Ramazani* class members. There is no detriment to providing this notice as TIAA has committed to bear the cost of mailing the notice to these investors.

## ARGUMENT

Principles of due process require that the members of the *Bauer-Ramazani* class receive notice of this settlement. It is axiomatic that, in order to bind an absent plaintiff, that plaintiff must be provided with "minimal procedural due process protection." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985). Specifically, the plaintiff "must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. The notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 811–12.

Here, members of the *Bauer-Ramazani* class were **included** in the definition of the Class proposed by Plaintiff in her original complaint in this action. As set forth in paragraph 29 of the Complaint, the class included:

> All persons, including all "persons" as defined by 29 U.S.C. § 1002(9), whose mutual fund or money market accounts TIAA-CREF invested, kept invested, benefitted from, or otherwise used for purposes other than the benefit of the account holder after it received a written transfer or withdrawal request.

[Dkt. 1.] There was no exclusion of the *Bauer-Ramazani* class members; to the contrary, this action was initially brought on their behalf. Due process considerations require that these investors receive notice of the proposed settlement.

Provision of notice to *Bauer-Ramazani* class members does not erode the value of the settlement for the *Cummings* Class. *First*, the lion's share of the relief is non-monetary and all investors – including those in the *Bauer-Ramazani* class – benefit from TIAA's substantial $80

- 4 -

million investment in operational processes. *Second*, the Bauer-Ramazani class members are not themselves eligible for any cash payments. These class members released their claims through participation in the *Bauer-Ramazani* settlement. In particular, the prior settlement included the following release:

> any and all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown (including Unknown Claims), and whether anticipated or unanticipated, of whatever kind or nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity—that were or could have been raised in the Action.
> …
> Plaintiffs and the other Releasors shall be deemed to have, and by the operation of the Final Order, shall have fully, finally, and forever released, relinquished, and discharged all Released Settling Parties of the Released Claims. The Settling Parties intend and agree that the releases granted herein shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions.
> …
> Plaintiffs and Settlement Class Members hereby acknowledge that . . . it is their intention to and they do hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have or may have against the Released Settling Parties.

*Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV-190 (D. Vt.), Dkt. No. 430-1, dated August 19, 2014, at 7, 9-10 (¶¶ 24, 36-39).

Notwithstanding their exclusion from the monetary provisions of this settlement, the *Bauer-Ramazani* class members are entitled to notice that they will not receive payment as part of this class action settlement. The cost of that notice will be borne entirely by TIAA, without diminution of the cash payments to the *Cummings* class members.[2] In the absence of notice, however, there will be confusion by members of the *Bauer-Ramazani* class regarding the status of

---

[2] *See* paragraph 74 of the Settlement Agreement (Ex. I to Plaintiff's Motion for Preliminary Approval) [Dkt. No. 113, Attachment 1], stating that Defendants will bear the incremental cost of mailing notice to members of the class in *Bauer-Ramazani*. *See also* Plaintiff's Motion at 9.

the *Cummings* litigation, and whether they are entitled to any compensation from this action. To assure that this group of investors receives notice of the action, TIAA respectfully requests that the Court adopt the class formulation that provides notice to these investors.[3]

## CONCLUSION

For the foregoing reasons, Defendants request that the Court (i) accept the definition of the Class proposed by Defendants and adopt Defendants' Proposed Class Notice (Ex. III.B to Plaintiff's Motion for Preliminary Approval) [Dkt. 113, Attachment 11], Defendants' Proposed Preliminary Approval Order (Ex. C to Ex. I to Plaintiff's Motion for Preliminary Approval) [Dkt. 113, Attachment 5], and Defendants' Proposed Final Approval Order (Ex. E to Ex. I to Plaintiff's Motion for Preliminary Approval) [Dkt. 113, Attachment 8]; and (ii) grant Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement and For Certification of the Settlement with respect to all other issues.

Dated:  August 8, 2016

                                By:  /s Lori A. Martin
                                Lori A. Martin (*pro hac vice*)
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                250 Greenwich Street
                                7 World Trade Center
                                New York, NY 10017
                                Telephone: (212) 295-6412
                                Facsimile: (212) 230 8888
                                Email: lori.martin@wilmerhale.com

                                **PROSKAUER ROSE LLP**
                                Howard Shapiro
                                650 Poydras Street, Suite 1800

---

[3]  *See* Defendants' Proposed Class Notice (Ex. III.B to Plaintiff's Motion for Preliminary Approval) at 5, Section E:  "Members of the Class in *Bauer-Ramazani v. TIAA-CREF*, No. 1:09-CV-190 (D. Vt.) will receive no payments in this action as they previously released all claims for recovery in the *Bauer-Ramazani* litigation."  [Dkt. 113, Attachment 11.]

New Orleans, LA 70130
Telephone: (504) 310 4085
Facsimile: (504) 310 2022
Email: howshapiro@proskauer.com

**PHILLIPS, DUNN, SHRIVER & CARROLL, P.C.**
Richard C. Carroll
147 Western Avenue
Brattleboro, VT 05301
Telephone: (802) 257-7244
Email: rcarroll@pdsclaw.com

*Counsel for Defendants*

- 7 -